UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: COMPLAINT AND PETITION OF WILLIAMS SPORTS RENTALS, INC. AS OWNER OF A CERTAIN 2004 YAMAHA WAVERUNNER FX 140 FOR EXONERATION FROM OR LIMITATION OF LIABILITY | Case No. 2:17-CV-00653 JAM-EFB<br><br>ORDER DENYING RESPONDENT/COUNTER CLAIMANT'S MOTION TO STAY FURTHER PROCEEDINGS |
| MARIAN LATASHA WILLIS, on behalf of the Estate of RAESHON WILLIAMS,<br><br>    Respondent/Counter Claimant,<br><br>    v.<br><br>WILLIAMS SPORTS RENTALS, INC.,<br><br>    Petitioner/Counter Defendant. | |

Marian Latasha Willis, the respondent and counter claimant, seeks to stay further proceedings in this matter until her appeal of this Court's prior order is resolved in the Ninth Circuit. For the reasons set forth below, the Court DENIES her motion to stay.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for October 17, 2017.

## I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Williams Sports Rentals Inc. ("WSR") filed a Complaint for Exoneration From or Limitation of Liability in this Court, invoking the Court's admiralty jurisdiction under 28 U.S.C. § 1333. ECF No. 1. The Court approved the stipulation of value and security for the subject vessel, ordered all persons having claims related to the complaint to file them in this action, and stayed all related suits, actions or legal proceeding in connection with the incident alleged in the complaint. Order, ECF No. 11. Marian Latasha Willis ("Willis"), Personal Representative of the Estate of Raeshon Williams, filed an answer and counterclaim. ECF Nos. 16 & 17; see Second Amended Claim, ECF No. 46 (operative pleading asserting two counterclaims). No other claimants have appeared. Willis filed a Motion to Lift the Stay, invoking the <u>Lagnes</u> rule of abstention and seeking abatement of proceedings in admiralty until Willis has an opportunity to try her claims at law in state court. ECF No. 25. The Court denied the motion at the hearing held on August 29, 2017. ECF No. 41.

Willis filed a Notice of Interlocutory Appeal on September 7th. ECF No. 43. A review of the Ninth Circuit's docket reveals the Circuit is considering the appeal to be an appeal of a preliminary injunction and has ordered briefing under Ninth Circuit Rule 3-3. Filed clerk order, <u>Williams Sports Rentals Inc. v. Marian Willis</u>, No. 17-16981 (9th Cir. 2017), ECF No. 2. Willis filed her opening brief on October 19, 2017, which appeals the Court's decisions not to lift the stay or to abate further proceedings in admiralty until she has the opportunity to litigate in state court. Opening Brief, <u>Williams Sports Rentals Inc. v. Marian Willis</u>, No.

17-16981 (9th Cir. 2017), ECF Nos. 5 & 7.

## II. OPINION

Willis moves to stay all further proceedings before this Court pending her interlocutory appeal in the Ninth Circuit. Mot. at 2-3. She contends her interlocutory appeal "divests the district court of its control over those aspects of the case involved in the appeal." Mot. at 6 (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982)).

WSR opposes the stay, arguing that such action will obstruct judicial efficiency. Opp'n at 1. WSR argues there is no "order" in this case "permanently enjoining [Willis] from proceeding in this forum." Id. at 2.

If the Court's rulings on Willis's motions were inextricably bound up with the merits of the limitation issues, then this Court would be divested of jurisdiction. See Britton v. Co-op Banking Grp., 916 F.2d 1405, 1412 (9th Cir. 1990) ("[A]n appeal of an interlocutory order does not ordinarily deprive the district court of jurisdiction except with regard to the matters that are the subject of the appeal."); Paige v. State of Cal., 102 F.3d 1035, 1039 (9th Cir. 1996) ("Accordingly, we have held our jurisdiction under § 1292(a)(1) extends only to the 'matters inextricably bound up with the injunctive order from which the appeal is taken.'"). That is not the case here; the merits of the limitation action and counterclaims do not involve the same question as Willis's appeal, which concerns the Lagnes rule of abstention. See Britton, 916 F.2d at 1411 ("Where an appeal is taken from a judgment which does not finally determine the entire action, the appeal does not

prevent the district court from proceeding with matters not involved in the appeal.") (quoting 9 J. Moore, Moore's Federal Practice ¶ 203.11); City of L. A., Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 886 (9th Cir. 2001) ("[T]he filing of a notice of interlocutory appeal divests the district court of jurisdiction over the particular issues involved in that appeal.") (emphasis added). Proceeding with the merits would not thwart the goal of "avoid[ing] the confusion that would ensue from having the same issues before two courts simultaneously." Natural Res. Def. Council, Inc. v. Southwest Marine Inc., 242 F.3d 1163, 1166 (9th Cir. 2001).

Willis has not shown that the divestment rule extends to situations where the matter on appeal could prevent the Court from adjudicating the merits of the action or delay adjudication until a later date. The cases cited by the parties indicate that the contrary is correct. In Britton, the Ninth Circuit found that the defendant's appeal of the district court's order denying his motion to compel arbitration did not divest the district court of jurisdiction to proceed with the case on the merits. 916 F.2d at 1412. The Order Granting Defendant's Ex Parte Application to Stay the Case in Morgan Stanley & Co., LLC v. Couch—discussed by both parties—does not support Willis's position either.[2] No. 1:15-cv-1291-LJO-JLT, 2015 WL 7271717 (E.D. Cal. Nov. 17, 2015). In that

---

[2] The appeals in Britton and Couch stemmed from injunctions related to arbitration proceedings. Britton was before the Ninth Circuit under 9 U.S.C. § 16 and Judge O'Neil anticipated the Circuit would review the Couch preliminary injunction under the same statute. Both courts applied the "divestment" rule developed in the 28 U.S.C. § 1292 context. The Couch court explicitly "concluded that the precedent concerning [28 U.S.C. § 1291(a)(1)] should apply to cases concerning [9 U.S.C. § 16(a)(2)]." 2015 WL 7271717, at *3, n. 4.

case, the Court issued the stay because the issues to be decided in the appeal of the preliminary injunction were the same core issues presented in the motion for summary judgment before the court. Id. at *3 ("The heart of this case—whether the FINRA Arbitration can and should be enjoined and, if so, who should decide that issue—is currently on appeal before the Ninth Circuit."). That circumstance is not present here, where the issues on appeal and the merits are distinct. Willis cites no other analogous cases in her motion. The Court, therefore, is not persuaded the pending appeal divests it of jurisdiction to proceed with the merits of this case and denies Willis's motion to stay.

III. ORDER

For the reasons set forth above, the Court DENIES Respondent/Counter Claimant's Motion to Stay.

    IT IS SO ORDERED.

Dated: October 31, 2017

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE