| | |
|---|---|
| In re: Complaint and Petition of WILLIAMS SPORTS RENTALS, INC., as Owner of a Certain 2004 YAMAHA WAVE RUNNER FX 140 (CF 5408 LE) for Exoneration from or Limitation of Liability | No. 2:17-cv-00653-JAM-EFB<br><br>**ORDER GRANTING PETITIONER'S MOTION TO DISMISS** |
| MARIAN LATASHA WILLIS, on behalf of the Estate of RAESHON WILLIAMS,<br><br>    Respondent/Counter Claimant,<br><br>    v.<br><br>WILLIAMS SPORTS RENTALS, INC.,<br><br>    Petitioner/Counter Defendant. | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Marian Latasha Willis, on behalf of her son's estate, seeks to recover against Williams Sports Rentals for a jet-ski accident that resulted in her son's drowning. Invoking this Court's admiralty jurisdiction, Williams Sports Rentals filed a limitation action that compelled Willis to file her claims against the company in this proceeding. Now Williams Sports Rentals seek dismissal of the counterclaims asserted in Willis's

1

Second Amended Claim. For the reasons set forth below, the motion to dismiss is granted with prejudice.[1]

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Petitioner Williams Sports Rentals, Inc. ("WSR") filed its Complaint for Exoneration or Limitation of Liability on March 28, 2017. ECF No. 1. The Court approved the stipulation of value of the subject vessel (a 2004 Yamaha Wave Runner), ordered a Monition to issue against all persons with claims for losses and injuries as alleged in the Complaint and stayed prosecution of related proceedings. ECF Nos. 11, 12. Claimant Marian Latasha Willis ("Willis"), acting as Personal Representative of the Estate of Raeshon Williams ("Decedent") filed an answer and counterclaim on June 2, 2017. ECF Nos. 16, 17. Willis then filed a First Amended Claim ("FAC") adding an additional counterclaim. ECF Nos. 21 & 22.

At a hearing held on August 29, 2017, the Court dismissed the FAC for failing to allege sufficient facts to support Willis's claims and permitted Willis leave to amend. ECF No. 41. The Court also denied Willis's motion to lift the stay on related proceedings, which remains in place. Id. Willis appealed that ruling and requested a stay in the present proceedings pending her appeal. ECF Nos. 43 & 50. The Court declined her request. ECF No. 56.

///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for December 5, 2017.

Willis filed a Second Amended Claim ("SAC"). ECF No. 46. She alleges the following facts: Decedent drowned in Lake Tahoe on August 13, 2016. SAC at ¶ 3. Decedent had gone to the lake on a work trip with some of his Zip, Inc., co-workers, including Thomas Smith and C.E.O. Kai Petrich. Id. at ¶ 6. Smith and Petrich rented a Wave Runner from WSR in the early afternoon. Id. at ¶ 7. At around 6 p.m., Decedent rode on the back of the Wave Runner as Smith drove the two of them across part of the lake, from Timber Cove to El Dorado Beach. Id. Smith, in violation of several Inland Rules, rode into an on-coming wake at a speed that caused both Smith and Decedent to be thrown into the water. Id. at ¶ 8. Decedent then drowned. Id. Willis alleges that WSR failed to "a. Determine whether Smith and/or Petrich had the competence and qualifications to operate the accident WAVE RUNNER; b. Provide Smith and/or Petrich with adequate training or instruction; c. Properly equip the accident WAVE RUNNER; and/or d. Properly service and maintain the accident WAVE RUNNER." Id. at ¶ 11.

WSR now moves to dismiss the SAC for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and Admiralty Rule F(8).[2]

---

[2] Willis asked the Court to defer ruling on the Motion to Dismiss until the Ninth Circuit ruled on Willis's Urgent Motion to Stay filed under Fed. R. App. P. 8(a)(2) and Ninth Circuit Rule 27-3(b). Opp'n at 4. The Ninth Circuit denied her motion on November 28th. Order, Williams Sports Rentals Inc. v. Marian Latasha Willis, No. 17-16981 (9th Cir. Nov. 28, 2017) ("Appellant's motion to stay proceedings in the district court pending appeal is denied."). This Court's reasons for denying the stay are set forth in its October 31st Order. ECF No. 56.

1                     II.   OPINION

2     A.   <u>Legal Standard</u>

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted). This standard requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Id.</u> A pleading is insufficient if it merely offers "labels and conclusions" or "naked assertions devoid of further factual enhancement." <u>Id.</u> (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555–57 (2007)) (quotation marks omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" <u>Id.</u> (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 557 (2007)).

WSR submits several declarations and exhibits in support of its motion. ECF Nos. 57-2-8. On a motion to dismiss for failure to state a claim, however, the Court's review is limited to the pleadings. See <u>Farr v. United States</u>, 990 F.2d 451, 454 (9th Cir. 1993). The Court has not considered these additional materials in reaching its decision.

    B.   <u>Analysis</u>

The SAC asserts two causes of action: Wrongful Death and Survival Damages. SAC at ¶¶ 9–21. Both causes of action are based on a negligent entrustment theory of liability. SAC ¶¶ 10–12, 14–15; Opp'n at 8.

The Court granted WSR's previous motion to dismiss the FAC

on the grounds that Willis failed to plead facts supporting the existence of a duty owed by WSR to Decedent. The Court explained:

> Both of your claims [] are based in negligence. And here is the issue I have . . . with the way you've attempted to plead duty. It's really not there. . . . [M]y reaction to the motion to dismiss is to grant it with leave to amend to allow you an opportunity to see if you can actually plead duty. . . . I took [your pleading] as a concession that your client can't claim there was any – any type of rental agreement or contractual relationship between [Decedent] and Williams Sports Rentals. . . .
>
> [T]he Decedent, at least from [WSR's] point of view, was unknown, was a total stranger. And so there is nothing in this counterclaim, at least right now, that talks about foreseeability.

Transcript, ECF No. 44, at 34-37. The Court permitted Willis leave to amend in order to plead facts supporting her claims and to find case law supporting her theory of liability. Id. at 37, 41.

In response, Willis made two changes to her pleading. In paragraph 8 she amended her allegation "Smith departed Timber Cover with DECEDENT sitting behind him" to read "When Smith departed Timber Cove, DECEDENT was lawfully aboard the accident WAVE RUNNER, sitting behind Smith." Compare FAC ¶ 8 with SAC ¶ 8. Second, Willis amended paragraph 11 of her allegation "Petitioner negligently and carelessly failed, among other things, to . . ." to read "Petitioner negligently and carelessly entrusted the accident WAVE RUNNER to DECEDENT's co-workers in that it failed, among other things, to . . . [.]" Compare FAC ¶ 11 with SAC ¶ 11.

Neither change is responsive to the Court's concerns. "A pleading that offers labels and conclusions or a formulaic

5

recitation of the elements of a cause of action will not do."
Iqbal, 556 U.S. at 678 (citation and quotation marks omitted).
The SAC merely adds legal conclusions and does not contain any
additional facts to support Willis's claims and theories of
relief. There are no facts pled supporting the conclusion that
Decedent was "lawfully" aboard the vessel and there are no facts
pled supporting the conclusion that WSR "negligently and
carelessly entrusted" the vessel to Decedent's co-workers.

Willis seeks to rely upon a negligent entrustment theory to establish liability but her allegations fail under her own cited authority. Both parties cite negligent entrustment cases setting forth a standard that requires knowledge on the part of the vessel-owner. See Churchill v. F/V Fjord, 892 F.2d 763, 771 (9th Cir. 1988) ("Section 390 provides that one who supplies a chattel for another's use whom the supplier 'knows or has reason to know' is likely to use the chattel in a manner 'involving unreasonable risk of physical harm to himself and others' is subject to liability for the physical harm resulting to them. Restatement (Second) of Torts § 390. To prevail on this theory, appellants must show that William McLinn supplied the skiff directly to his son, and must have known or should have known that Russell would be likely to use the skiff in a dangerous manner."); In re Fun Time Boat Rental & Storage, LLC, 431 F. Supp. 2d 993, 1001 (D. Ariz. 2006) ("While maritime law recognizes the tort of negligent entrustment, such a tort requires that the boat owner knew or should have known that the person to whom the boat was entrusted (in this case, Osborne) was likely to use it in a dangerous manner.") (citations

omitted); Joyce v. Joyce, 975 F.2d 379, 385 (7th Cir. 1992) ("[T]he essential thrust of the tort of negligent entrustment is that a shipowner can be held liable for negligent entrustment only if he knows or has reason to know that the person being entrusted is incapable of operating the vessel safety."); Pritchett v. Kimberling Cove, Inc., 568 F.2d 570, 575-76 (8th Cir. 1977) ("Four elements of proof are necessary to establish negligent entrustment under Missouri law: (1) entrustment of a chattel (directly or through a third party) to another; (2) likelihood that the person to whom the chattel is entrusted will, due to his youth, inexperience, or otherwise, use the chattel in a manner involving an unreasonable risk of harm to himself and others; (3) knowledge of the entrustor (actual or imputed) of such likelihood; and (4) proximate cause of the harm to the plaintiff by the conduct of the entrustee."). Willis has failed to allege facts tending to show that Decedent's co-workers were likely to use the vessel in a manner involving unreasonable risk of harm to others and that WSR knew or had reason to know of such likelihood. Willis has also failed—despite the Court's invitation—to direct the Court to a case with similar facts to support her theory of recovery against a rental company like WSR.

Because the SAC adds only conclusory allegations and lacks facts supporting Willis's negligent entrustment theory, the SAC is dismissed.

Willis has had three opportunities to file her counterclaims in this matter. The Court held a hearing on the prior motion to dismiss and discussed, at length, the

deficiencies and what Willis would need to plead in order to move forward with her claims. Yet, Willis's pleadings remain insufficient. It therefore appears to the Court that further opportunity to amend would be futile and leave to amend is denied.

III. ORDER

For the reasons set forth above, the Court GRANTS WSR's Motion to Dismiss WITH PREJUDICE.

IT IS SO ORDERED.

Dated: December 15, 2017

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE