UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAMS SPORTS RENTALS, INC., | USCA NO. 19-72233 |
| Plaintiff, | No. 2:17-cv-00653-JAM-EFB |
| v. | |
| MARIAN LATASHA WILLIS, | **U.S. DISTRICT COURT'S RESPONSE TO NINTH CIRCUIT'S INVITATION TO COMMENT ON CLAIMANT MARIAN WILLIS'S PETITION FOR A WRIT OF MANDAMUS** |
| Defendant. | |

In August 2016, Raeshon Williams drowned in South Lake Tahoe after falling off the back of a jet ski. Seven months later, Williams Sports Rentals ("WSR")—the jet ski owner—filed a complaint for exoneration from or limitation of liability in federal court. Compl. for Exoneration ("Compl."), ECF No. 1. Pursuant to the Limitation of Liability Act, this court enjoined all other proceedings "arising out of, consequent upon, or in connection with" the August 13, 2016 incident. Order Approving Stipulation of Value, ECF No. 11.

Williams's mother, Marian Willis, filed (1) an answer to the complaint, ECF No. 16; (2) a motion to lift the Court's anti-suit injunction, ECF No. 25; and (3) a counterclaim, ECF No. 17. The Court denied Willis's motion to lift the anti-suit injunction from the bench. See Minutes ("Anti-suit Injunction Order"), ECF No. 41. Willis appealed that ruling, ECF No. 43, and filed a motion to stay the district court proceedings pending her appeal—the Court also denied this motion. Order Denying Motion to Stay ("Stay Order"), ECF No. 56.

Subsequently, the Court dismissed Willis's counterclaims with prejudice. Order Granting WSR's MTD ("Dismissal Order"), ECF No. 61. Willis appealed. ECF No. 62. Between her two appeals, Willis sought appellate review of three of this Court's decisions: (1) the Anti-suit Injunction Order; (2) the Stay Order; and (3) the Dismissal Order.

On April 25, 2018, the Ninth Circuit rendered its decision with respect to Willis's first appeal. USCA Order as to [ECF No. 43], ECF No. 67. The Court held:

> A review of the record demonstrates that, on January 3, 2018, the district court entered final judgment dismissing this action. The appeal of the judgment is pending in No. 18-15006. Consequently, this preliminary injunction appeal is dismissed as moot. See Sec. and Exch. Comm'n v. Mount Vernon Mem'l Park, 664 F.2d 1358, 1361-62 (9th Cir. 1982). DISMISSED.

Id. at 2-3. The Ninth Circuit then issued the formal mandate on that decision. ECF No. 78 ("The judgment of this Court, entered April 25, 2018, takes effect this date.").

One year later, the Ninth Circuit issued its order purportedly addressing Willis's appeal of the Dismissal Order. USCA Memorandum as to [ECF No. 62], ECF No. 69. Willis had

argued this Court erred in (1) denying her motion to lift the anti-suit injunction; (2) denying her motion for stay pending her interlocutory appeal of that denial; and (3) dismissing her wrongful death claim with prejudice. Id. at 2. The Court of Appeals—despite previously dismissing Willis's appeal of the Anti-suit Injunction Order—found that this Court erred in failing to conduct a prejudice inquiry when analyzing Willis's motion to dissolve the anti-suit injunction. Id. at 2-3. It also found Willis's appeal of the Stay Order was moot. Id. at 2. The Ninth Circuit did not, however, address the propriety of this Court's dismissal of Willis's claims. See generally id.

The parties returned to this Court in disagreement about the exact scope of the Ninth Circuit's ruling. WSR filed a motion for exoneration from liability ("Mot."). ECF No. 71. It argued the Court of Appeals vacated and remanded the Anti-suit injunction Order, not the Dismissal Order that had disposed of Willis's claims. Mot. at 2. WSR argued that, absent any pending claims before the Court, (1) the Ninth Circuit's remand on the anti-suit injunction issue was moot, and (2) it was entitled to exoneration of liability. Id.

Willis, however, interpreted the Ninth Circuit's order as a vacatur of both the Anti-suit Injunction Order and the Dismissal Order. Opp'n to Mot. for Exoneration ("Opp'n"), ECF No. 74. She argued that vacating the Dismissal Order placed her claims again before the Court. And as such, Willis maintained the Court needed to revisit her motion to dissolve the anti-suit injunction and conduct the proper prejudice inquiry as the Ninth Circuit required. Opp'n at 3-5, 10-12.

3

The Court held a hearing on WSR's motion. There, it posed the same questions to Willis that it now asks the Ninth Circuit:

1.  Did the Ninth Circuit's decision vacate both the Dismissal Order and the Anti-suit Injunction Order?

2.  Assuming the Ninth Circuit vacated both the Dismissal Order and the Anti-suit Injunction Order, could this Court conduct the limitation action concurrently with the state court proceedings after dissolving the anti-suit injunction?

3.  Assuming the Ninth Circuit only vacated the Anti-suit Injunction Order, how does Willis's failure to state a claim in federal court not render the anti-suit injunction issue moot?

See Transcript of Proceedings held on 7/30/19 ("Tr.") at 12:10-23, 13:20-14:18. Unpersuaded by Willis's response, the Court concluded the Ninth Circuit only vacated its Anti-suit Injunction Order. Absent any pending claims in the suit, the Court found the Ninth Circuit's remand to conduct a prejudice analysis was moot and granted WSR's motion for exoneration.

## I.  DISCUSSION

The Court welcomes any guidance the Ninth Circuit can provide on its previous vacatur and remand. As do the parties. See Tr. at 5:12-14, ECF No. 83 ("I will confess that it took me a while to reach an understanding of the Ninth Circuit's decision as well."). Only this much is clear from the memorandum: the Ninth Circuit viewed this case as falling within the single-claimant exception. See USCA Memorandum at 2. As the Ninth

Circuit explained, when this exception applies, a district court
must dissolve a LOLA injunction on state court proceedings unless
the vessel owner can show that dissolving the injunction would
prejudice his limitation right.  See Lewis v. Lewis & Clark
Marine, 531 U.S. 438, 449 (2001); Newton v. Shipman, 718 F.2d
959, 961 (9th Cir. 1983) (per curiam).  This Court admittedly
erred when it denied Willis's motion to dissolve the LOLA
injunction without conducting an on-the-record prejudice
analysis.  See generally Transcript of Proceedings held on
8/29/17, ECF No. 44.

Notwithstanding that error, it is unclear how the Anti-suit
Injunction Order remains a live issue following a valid dismissal
of Willis's claims.  Even if this Court reads the Ninth Circuit's
decision as vacating the both the Anti-suit Injunction Order and
the Dismissal Order, it remains concerned about adjudicating a
moot issue.  In this Court's opinion, re-litigating Willis's
motion to dissolve the LOLA injunction would give rise to three
possible scenarios.  First, the Court could conduct a prejudice
inquiry and find that dissolving the anti-suit injunction would
prejudice WSR's limitation right.  In which case, the injunction
would remain.  See Ex parte Green, 286 U.S. 437, 439-440 (1932).
WSR would undoubtedly file the same motion to dismiss it filed in
November 2017.  This Court would issue the same order it issued
in December 2017.  And all parties would be in the same position
they were before the appeal, less thousands of dollars in legal
fees.

Second, the Court could find that dissolving the anti-suit
injunction would not prejudice WSR's limitation right.

Admittedly, Willis would then be entitled to proceed with her claims against WSR in state court.  Newton v. Shipman, 718 F.2d 959, 961-62 (9th Cir. 1983).  But this Court could still proceed with the limitation action in federal court.  See id. at 963.  As in the first scenario, WSR would file a motion to dismiss and, for the reasons discussed in its prior Dismissal Order, this Court would have to grant it.  WSR would take this order down to Alameda County Superior Court and remove itself from the state proceedings.  See Stoll v. Gottlieb, 305 U.S. 165, 171-73 (1938).  Again, none of the parties are made better off by this process.

Finally, the Court could find WSR would not be prejudiced by the state court proceedings, dissolve the anti-suit injunction, and stay the federal proceedings until the state litigation is complete.  See Newton, 718 F.2d at 963.  This is Willis's preferred course of action, though it makes little sense to the Court.  Using this approach, WSR's two-year-old limitation action would lie in wait for several more years while the parties litigated in state court.  Assuming Willis prevails, this Court would then resume the federal proceedings.  Given Willis stipulated to "waiv[ing] any res judicata or collateral estoppel effect that an intervening jury trial might [] have on [the limitation issues]," the parties would have to argue the limitation action from scratch.  See Stipulation on Remand, ECF No. 73.  WSR would file a motion to dismiss, and the Court would grant it.  The Court does not see the utility in engaging in such a purely academic exercise.

At the July hearing and in its petition to the Ninth Circuit, Willis argued this Court's critical misstep was in

thinking that it would retain jurisdiction to adjudicate the negligence prong of the limitation action if it dissolved the anti-suit injunction.  Tr. at 16:11-17, 17:7-18:3; Appellant's Petition for Writ of Habeas Corpus ("Petition") at 2-3, No. 19-72233.  Indeed, Willis's counsel stated, in no uncertain terms, the question of WSR's liability "is not before this Court, should have never been before this Court, and will not be before this Court if I come back here."  Tr. 17:13-15.  Willis largely relies on Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438 (2001), Lake Tankers v. Henn, 354 U.S. 147 (1957), and In re Tidewater, 249 F.3d 342 (5th Cir. 2001) for this position.  Tr. at 15:10-20; Petition at 2-3.  But as this Court has already explained, it does not read these cases the way Willis does.  While these cases include mandatory language about dissolving a LOLA injunction absent a showing of prejudice when the single-claimant exception applies, they do not indicate that a district court divests itself of jurisdiction over the negligence phase of a limitation action upon dissolving the injunction.  See Lewis, 531 U.S. at 445 ("Thus, the saving to suitors clause preserves remedies and the concurrent jurisdiction of state courts over some admiralty and maritime claims." (emphasis added)); Lake Tankers, 354 U.S. at 153 (explaining that the single claimant exception would at times subject a vessel owner to a "multiplicity of suits").  Nor do these cases appear to "narrowly circumscribe" a district court's ability to proceed with a LOLA action concurrently with state court proceedings.  To the contrary, Newton, 718 F.3d at 963–another case upon which Willis relies—squarely counsels against tying a district court's hands this way.  There, the

Ninth Circuit explained:

> In remanding this case for further action by the
> district court, we offer some general guidance on how
> the case might proceed.  First it may be noted that
> admiralty practice incorporates the Federal Rules of
> Civil Procedure which were drafted 'to secure the
> just, speedy and inexpensive determination of every
> actin.'  Fed. R. Civ. P. 1; Fed. R. Civ. P. Supp.R.A.
> advisory committee note.  Useless formalities should
> not inhibit the efficient administration of the
> court . . . . The district court should select the
> most efficient manner of proceeding.

Id.

Each of the three scenarios discussed above ultimately lead
to the dismissal of Willis's claim.  That is because eventually—
be it now or in a few years—this Court must adjudicate WSR's
limitation action.  As the Ninth Circuit knows, limitation
actions proceed in two phases.  First, the injured party must
show "what acts of negligence or conditions of unseaworthiness
caused the accident."  In re Hechinger, 802 F.2d 202, 207 (9th
Cir. 1989).  If the claimant fails to make a showing of
negligence or unseaworthiness, the vessel owner is wholly
exonerated—"if no liability exists there is nothing to limit."
Id. (quoting Northern Fishing Trading Co., Inc. v. Grabowski,
1973 A.M.C. 1283, 1290 (9th Cir. 1973)).  Accordingly, although
the single-claimant exception allows Willis to try her wrongful
death and survival action claims before a jury in state court,
she must eventually still prove WSR's negligence by a
preponderance of the evidence in federal court.  Given that this
Court has previously found on two occasions that Willis failed to
set forth a negligence claim because she did not allege WSR owed
her son a duty of care, Willis cannot successfully defend against
WSR's limitation action.  See ECF Nos. 41, 61.  Accordingly, this

Court's finding that the anti-suit injunction issue is moot should be affirmed by the Ninth Circuit.

## II.   CONCLUSION

This Court granted WSR's motion for exoneration based on its finding that the anti-suit injunction issue was moot.  The Court stands by its ruling, but invites clarification from the Ninth Circuit on its May 21, 2019 Memorandum, June 10, 2010 Mandate, or any of its prior case law.

Dated: October 1, 2019

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE