UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IN ADMIRALTY

| | |
|---|---|
| IN RE: COMPLAINT AND PETITION OF WILLIAMS SPORTS RENTALS, INC., AS OWNER OF A CERTAIN 2004 YAMAHA WAVERUNNER FX 140 FOR EXONERATION FROM OR LIMITATION OF LIABILITY, | No. 2:17-cv-00653-KJM-DAP<br><br>ORDER |
| MARIAN LATASHA WILLIS, on behalf of the Estate of RAESHON WILLIAMS, | |
| Respondent/Counter Claimant | |
| v. | |
| WILLIAMS SPORTS RENTALS, INC. | |
| Petitioner/Counter Defendant | |
| WILLIAMS SPORTS RENTALS, INC. | |
| Petitioner, Counter Defendant, and Third-party Plaintiff, | |
| v. | |
| THOMAS SMITH, KAI PETRICH, BERKELY EXECUTIVES, INC., ZIP, INC., and DOES 1-10 | |
| Third-party Defendants | |

1

1    In this admiralty case, plaintiff Williams Sports Rentals, Inc. (WSR) asks the court to lift a two year stay on federal proceedings and hold a *concursus* hearing to determine WSR's liability limit stemming from a jet ski accident.  The court submitted the matter on the papers and now **grants** the motion to lift the federal stay and stays all other proceedings related to this claim.

I.    BACKGROUND

After a 2016 jet ski accident claimed the life of Raeshon Willis, WSR, the jet ski owner, filed an admiralty action under the Limitation of Liability Act  (the "Limitation Act"), 46 U.S.C. § 30501 et seq., and Rule F of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims.  Compl., ECF No. 1.  Willis's estate (Willis) filed a counterclaim against WSR for negligent entrustment, ECF No. 17, and filed suit against WSR and others in Alameda County Superior Court, Complaint, *Willis v. Zip, Inc. et al.*, No. RG17866531 (Cal. Super. Ct., Jul. 6, 2017).

The previously-assigned district judge detailed the facts and procedural history of this case in a prior order.  *See* Order 113, ECF No. 113.  In line with the Limitation Act, the court stayed the state court proceeding pending a resolution of this action.  Initial Stay, ECF No. 11.  In 2017, the clerk of the court filed an entry of default as to all non-appearing claimants.  Entry of Default, ECF No. 24.

In 2020, the court found the single claimant exception of the Limitation Act applied because only Willis filed claims and the necessary stipulations against WSR.  Order 113 at 8; USCA Mandate at 5, ECF No. 89.  In accordance with the exception, the court lifted the initial stay on state court proceedings and instead stayed the federal court proceeding pending a resolution on the question of liability in state court.  *Id.* at 9.

In state court, Willis named the following defendants: WSR; Thomas Smith, the jet ski driver; Kai Petrich, a co-renter of the jet ski; Zip, Inc., Petrich's suspended company; Berkeley Executives, Inc. (Berkeley Executives), Smith's suspended company; and Does 1-100.  Ex. E at 1, ECF 116-7.  Sentinel Insurance and Twin City Fire Insurance (collectively, TC) moved to

/////

intervene to defend their insureds, Zip Inc., and Berkeley Executives, and "moved for leave to file a Cross-Complaint in intervention against WSR, . . . seeking indemnity and attorney's fees." Mem. in Support of Mot. to Lift Stay of Admiralty Proceedings (Mem.) at 7, ECF No. 116-1. Petrich also filed a cross-claim against WSR seeking indemnity. *Id.*; Cross Complaint, *Willis v. Zip, Inc. et al.*, No. RG17866531 (Cal. Super. Ct., Feb. 3, 2022). Neither party formally stipulated to WSR's liability limits. Mem. at 7. The superior court granted TC's leave to file a proposed cross-complaint, holding the federal court's entry of judgment did not bar state court cross-complaints. Superior Court Decision at 5–6, ECF No. 116-6 Ex. D. It also held indemnity claims are derivative claims and thus the cross-complaint against WSR did not expand the scope of claims. *Id.*

In response to the potential state court cross-claims, WSR filed this motion to lift the federal court stay on admiralty proceedings and protect its liability limitation of $5,000, as Willis and WSR previously agreed to. Mot. to Lift Stay (Mot.), ECF No. 116; Willis Stipulation, ECF No. 73 (offer of protective stipulations on remand). Willis objects to WSR's current motion, Opp'n, ECF No. 117, and WSR has replied, Reply, ECF No. 118. Following the court's submission of WSR's motion on the papers, Willis has asked this court to take judicial notice of certain proceedings in the state court matter. ECF Nos. 125, 126. WSR has not opposed the requests for judicial notice. The first request covers, in pertinent part, WSR's notice to the superior court of its filing here, and the parties' agreement that WSR should be provided 10 days following this court's decision on the pending motion to respond to any cross-complaints. *See* Stipulation for Order as to Continuance of Cross-Def. WSR's Responsive Pleading (Stip. For Resp. Pleading) at 2, 6, ECF No. 125. The parties also recognized the federal court's exclusive jurisdiction to decide the contours of any state court admiralty proceeding. *Id.* at 3. The second request covers the state court's case management order setting trial for June 12, 2023. ECF No. 126. The court takes judicial notice of the requested documents and the adjudicative facts. Fed. R. Evid. 201; *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").

In addition to the pending motion, a number of other motions are pending that were filed either right before or during the federal stay, including a motion to intervene by Sentinel Insurance Company in its capacity as insurer of Berkeley Executives, ECF No. 104, and a motion for default judgment regarding the third-party complaint, ECF No. 103. Because of the federal stay, the court has not yet considered these motions.

## II.      LEGAL STANDARD

Federal courts have exclusive jurisdiction over admiralty and maritime claims. 28 U.S.C. § 1333(1). Congress has further authorized vessel owners to seek "to limit liability for damage or injury, occasioned without the owner's privity or knowledge, to the value of the vessel or the owner's interest in the vessel." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 446 (2001) (citing the Limitation Act). The Limitation Act "was designed to encourage investment and protect vessel owners from unlimited exposure to liability," *id.* at 453, by providing vessel owners a single forum to determine liability and the order of claims, *Anderson v. Nadon*, 360 F.2d 53, 57 (9th Cir. 1966). In an action brought under the Limitation Act, the vessel owner may petition the district court for exoneration or limitation of liability. *Matter of Hechinger*, 890 F.2d 202, 206 (9th Cir. 1989). The court must then stay all other proceedings until it determines the question of liability and any liability limits. *See e.g. In re Complaint of Ross Island Sand & Gravel*, 226 F.3d 1015, 1017 (9th Cir. 2000).

However, the statute's "Savings to Suitors Clause" (Savings Clause) provides an exception to the stay otherwise required. *Lewis*, 531 U.S. at 442, 448. This clause "gives suitors the right to a choice of remedies." *Matter of Cantor Enterprises Inc.*, No. 320-00326, 2021 WL 698201, at *2 (S.D. Cal. Feb. 22, 2021) (quoting *Lewis*, 531 U.S. at 448) . There is an inherent tension between the Savings Clause and the Limitation Act: "One statute gives suitors the right to a choice of remedies, and the other statute gives vessel owners the right to seek limitation of liability in federal court." *Lewis*, 531 U.S. at 448. Circuit courts, including the Ninth Circuit, have settled this tension by recognizing the Savings Clause as creating "two exceptions to the district court's exclusive jurisdiction": (1) where only a single claimant exists, or (2) where the total claims do not exceed the limitation fund value. *Newton v. Shipman*, 718 F.2d 959, 962 (9th

Cir. 1983). To meet the single claimant exception, the claimant must satisfy three requirements: (1) stipulate "the value of the limitation fund equals the combined value of the vessel and its cargo; (2) waive the right to claim res judicata based on any judgment rendered against the vessel owner outside of the limitation proceedings; and (3) concede the district court's exclusive jurisdiction to determine limitation of liability issues." *Id.* at 962. If the claimant satisfies these three requirements, a district court must lift its stay on other proceedings "unless the owner can demonstrate that his right to limit liability will be prejudiced." *Id.* at 961

Outside of this exception, district courts have broad discretion to protect the vessel owner's liability limitation by staying or dismissing Limitation Act proceedings. *Lewis*, 531 U.S. at 454. In exercising its discretion, a court must prioritize protection of the limit on a vessel owner's liability. *Id.* If the court finds "the vessel owner's right to limitation will not be adequately protected—where for example a group of claimants cannot agree on appropriate stipulations . . . —the court may proceed to adjudicate the merits, deciding the issues of liability and limitation." *Id.*; *Ex parte Green*, 286 U.S. 437, 439–40 (1932).

### III.   ANALYSIS

As established by the then-presiding district judge, Willis's initial claim fell under the single claimant exception to the Liability Act. Accordingly, the court stayed the admiralty proceedings and lifted the state court injunction. Order 113 at 9. In returning now to this court, asking it to lift the federal stay and resolve the liability limitation issue, WSR argues the state court "exceeded its authority in transforming a single-claimant case into a multi-claimant proceeding" and "violat[ed] this [c]ourt's exclusive admiralty jurisdiction" by allowing parties to file cross-complaints after this court's entry of default. Mem. at 5, 12.

#### A.   Multiple Claimants

In July 2022, the state court allowed TC to intervene on behalf of Zip, Inc. and file a cross-complaint for indemnity and attorneys' fees against WSR. Superior Court Decision; Mem. at 11. The state court also allowed Petrich to file a cross-complaint against WSR. *Id.* at 11–12. WSR asks this court to lift the stay currently in effect here, arguing the state cross-claims remove

/////

5

1  this matter from the single claim exception and prejudice WSR. *Id.* at 11–12. This court agrees
2  the state court action has morphed into a multiple claimant action because, as explained below,
3  Willis's claim of negligent entrustment, Petrich's claim for indemnity and TC's claims for
4  indemnity and attorneys' fees are all separate claims for damages.

5        Circuits that have addressed this issue are unanimous in recognizing claims for attorneys'
6  fees as separate claims. *See Gorman v. Cerasia*, 2 F.3d 519, 525 (3rd Cir.1993); *In Matter of*
7  *Complaint of Boy Scouts of Am.*, No. 93-2958, 1997 WL 68570, at *3 (N.D. Cal. Feb. 13, 1997).
8  Thus, TC's claims for attorneys' fees are sufficient to remove this action from the single claimant
9  exception.

10        However, circuits are split regarding whether a claim for indemnity is a derivative claim
11  or a separate claim. *In Matter of Complaint of Boy Scouts of Am.*, WL 68570, at *3–4 (noting
12  split in authority). While the Ninth Circuit has not ruled on this issue, the majority of circuits
13  agree "third-party claims for contribution, indemnification and attorneys' fees all constitute
14  separate claims sufficient to create a multiple-claimant situation requiring a *concursus*." *N. E.*
15  *Marine, Inc. v. Boody*, No. 09- 5600, 2012 WL 4482794, at *10 (E.D.N.Y. July 5, 2012)
16  (collecting circuit decisions regarding treatment of indemnity claims as separate or derivative).
17  Courts reaching this conclusion have noted indemnity claims could violate vessel owner's
18  statutory liability limitation protections, which exist to "avoid [the] danger of competition for
19  limitation funds." *Complaint of Boy Scouts of Am.*, 1997 WL 68570, at *3 (citing *Gorman*,
20  2 F.3d at 526-27); *but see In the Matter of the Complaint of Kaya C, LLC*, No. 1209357,
21  2013 WL 12116375, at *6 (C.D. Cal. June 10, 2013) (adopting minority position and finding
22  insurer filing for indemnity could recover only up to what original claimant was entitled, and thus
23  indemnity claim was "not independent of the claim asserted" by original claimant).

24        Finally, while "a multiple claimant case can be converted to the functional equivalent of a
25  single claimant one through a stipulation of all potential claimants to the priority of their claims,"
26  cross-defendants here declined to join Willis's 2019 stipulation. Felder Reply Decl. at 3, ECF
27  No. 118-1; *see, e.g., Matter of Greenberg*, Case No. 06-1764, 2008 WL 11508764, at *3 (S.D.

Cal. Feb. 4, 2008). Here, because the single claimant exception no longer applies, this court will enjoin the state court litigation at this time. *Ex parte Green*, 286 U.S. at 440.

Willis argues this motion is premature and WSR should first file a demurrer or motion to strike the cross-complaints in state court. Opp'n at 7. Willis asks the court to defer these proceedings until the state court rules "on WSR's demurrer" or the third-party complainants respond to the request to sign the 2019 stipulation. *Id.* at 8. However, as noted above, Petrich and Zip Insurance have declined to sign the stipulation, leaving WSR's liability limit unprotected. Felder Reply Decl. at 3. Additionally, the state court itself has noted neither party has "cited any authority authorizing or obligating [it] to adjudicate or enforce issues of procedural admiralty law, including the continuing viability of an anti-suit injunction that was dissolved long ago. If WSR cannot or will not seek relief from the Federal Court, . . . perhaps that issue can be raised after trial once liability is complete." Superior Court Decision at 5. More recently, the state court granted WSR a continuance to respond or object to the state cross-complaints until after this court resolves WSR's current motion, now filed with this court. *See* Signed Stipulation, *Willis v. Zip, Inc. et al.*, No. RG17866531 (Cal. Super. Ct., Oct. 18, 2022).[1]

### B. Default Judgment

Because the court finds lifting the stay is appropriate for the above reasons, it does not reach WSR's separate arguments regarding the state court's exercise of jurisdiction notwithstanding the 2017 entry of default here. WSR Mem. at 12. No party has sought default judgment, and so the court sets a cutoff of 30 days from the filed date of this order for the filing of any default motions, to be heard by the magistrate judge as provided by the Local Rules.

### IV. CONCLUSION

For the reasons described above, the court **grants** the motion to lift the stay of these admiralty proceedings. The court sets a cutoff for the filing of motions seeking default judgment of 30 days of the filing of this order. The continued prosecution of any legal proceedings of any nature, except in the present proceeding, in respect to any claim arising from the 2016 incident

---

[1] The court takes judicial notice of the superior court's signed order, which is on that court's docket. Fed. R. Evid. 201; *Reyn's Pasta Bella, LLC*, 442 F.3d at 746 n.6.

1  described in the complaint are hereby **stayed and restrained** until the hearing and termination of
2  this proceeding.  The clerk of the court is directed to serve notice of this order on the Superior
3  Court for the State of California in and for the County of Alameda.
4      This order resolves ECF Nos. 116, 125, 126.
5      IT IS SO ORDERED.
6  DATED:  December 8, 2022.

CHIEF UNITED STATES DISTRICT JUDGE