UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: COMPLAINT AND PETITION OF WILLIAMS SPORTS RENTALS, INC., AS OWNER OF A CERTAIN 2004 YAMAHA WAVERUNNER FX 140 FOR EXONERATION FROM OR LIMITATION OF LIABILITY, | No. 2:17-cv-00653-KJM-JDP  ORDER |
| MARIAN LATASHA WILLIS, on behalf of the Estate of RAESHON WILLIAMS, | |
| Respondent/Counter Claimant | |
| v. | |
| WILLIAMS SPORTS RENTALS, INC. | |
| Petitioner/Counter Defendant | |
| WILLIAMS SPORTS RENTALS, INC. | |
| Petitioner, Counter Defendant, and Third-party Plaintiff, | |
| v. | |
| THOMAS SMITH, KAI PETRICH, BERKELY EXECUTIVES, INC., ZIP, INC., and DOES 1-10 | |
| Third-party Defendants | |

1

Petitioner Williams Sports Rentals (WSR) and third-party defendants Kai Petrich, Twin City Fire Insurance Company and Sentinel Insurance Company have file a stipulation and proposed order to set aside the clerk's 2017 entry of default and grant third-party defendants a 10-day extension to answer WSR's third-party complaint. Stipulation at 2–3, ECF No. 131.

In June 2017, respondent/counter-claimant Marian Latasha Willis sought entry of default as to all non-appearing claimants in this admiralty action, Request for Default, ECF No. 23, which the clerk entered, Entry of Default, ECF No. 24. In asking this court to set aside the entry of default, movants claim Willis requested the default "without any legal authority cited to do so," Stipulation at 2, and the clerk's subsequent entry of default was incorrect in stating the request was made by "Plaintiff," *see* Entry of Default. While the clerk erred in labeling Willis as "Plaintiff" and not defendant/counter-plaintiff, movants have not shown why Willis had no legal authority to seek entry of default or why the clerk was not fundamentally in compliance with Federal Rule of Civil Procedure 55 in granting the entry of default. *See* Fed. R. Civ. P Rule 55. Movants may ask this court to set aside the entry of default for good cause, but they have not shown good cause here. *See id.* Thus, the stipulated request to set aside the clerk's entry of default is denied without prejudice.

Movants also ask this court to grant third-party defendants an extension of 10 days after entry of this order to respond to WSR's third-party complaint. Stipulation at 3; Third Party Complaint, ECF No. 92. Pursuant to Eastern District Local Rule 144(a), the parties have sought approval of this stipulation by this court.

For the reasons stated, the **court denies without prejudice movants' request to set aside the 2017 entry of default and grants movants' request for an extension of time to respond to WSR's third-party complaint**. Third-party defendants have fourteen days from the filing date of this order to file responses to the third-party complaint.

IT IS SO ORDERED.

DATED: January 19, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE