UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: COMPLAINT AND PETITION OF WILLIAMS SPORTS RENTALS, INC., AS OWNER OF A CERTAIN 2004 YAMAHA WAVERUNNER FX 140 FOR EXONERATION FROM OR LIMITATION OF LIABILITY, | No. 2:17-cv-00653-KJM-JDP  ORDER |
| MARIAN LATASHA WILLIS, on behalf of the Estate of RAESHON WILLIAMS, | |
| Respondent/Counter Claimant, | |
| v. | |
| WILLIAMS SPORTS RENTALS, INC. Petitioner/Counter Defendant | |
| WILLIAMS SPORTS RENTALS, INC. Petitioner, Counter Defendant, and Third-party Plaintiff, | |
| v. | |
| THOMAS SMITH, KAI PETRICH, BERKELY EXECUTIVES, INC., ZIP, INC., and DOES 1-10 | |
| Third-party Defendants. | |

1

Respondent Willis moves this court to stay all further proceedings pending an appeal of this court's prior order. For the reasons below, the court **denies the motion to stay**.

## I. BACKGROUND

The previously assigned district judge detailed the facts and procedural history of this case in a prior order. *See* Prior Order (July 27, 2020), ECF No. 113. There, the court found the single claimant exception of the Limitation Act applied, lifted the initial stay on state court proceedings and stayed the federal court proceeding pending resolution of the question of liability in state court. *Id.* at 9. Then, in 2022, this court found the single claimant exception no longer applied, lifted the federal stay and enjoined all other proceedings related to this action. Prior Order (Dec. 9, 2022), ECF No. 127. Willis appealed this order. *See* ECF No. 129. Willis appealed two issues in particular: the court's application of the single claimant exception and its authority to issue an injunction. *See* Mot. at 6–7, ECF No. 132-1. Willis now moves this court to stay its proceedings pending resolution of the appeal. *Id.* Petitioner Williams Sports Rental (WSR) opposes, Opp'n, ECF No. 143, and Willis has replied, Reply, ECF No. 148. The court took the matter under submission without hearing oral arguments. ECF No. 156.

## II. LEGAL STANDARD

"A stay is not a matter of right, even if irreparable injury might otherwise result" to the appellant. *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). Rather, "[a] request for a stay pending appeal is committed to the exercise of judicial discretion." *Doe #1 v. Trump*, 957 F.3d 1050, 1058 (9th Cir. 2020). The moving party "bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken*, 556 U.S. at 433–34. "The standard for evaluating stays pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction." *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983). Four considerations govern judicial discretion in ruling on a motion to stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*,

481 U.S. 770, 770–71 (1987); *Nken*, 556 U.S. at 433–34.  "The first two factors . . . are the most critical"; the last two are reached only "[o]nce an applicant satisfies the first two factors." *Nken*, 556 U.S. at 434, 435.

Courts can apply a "sliding scale" when weighing these factors, wherein "a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011); *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (per curiam) (applying the sliding scale).

### III.  ANALYSIS

While Willis does not explicitly discuss the four considerations outlined above, the court construes Willis's motion as arguing: (1) she is likely to succeed on the merits in challenging this court's finding of the inapplicability of the single claimant exception and the scope of the related injunction and (2) she will be irreparably harmed absent a stay.  *See generally* Mot.

#### A.  Likelihood of Success

To show a likelihood of success, "petitioners need not demonstrate that it is more likely than not that they will win," but must show there is a "substantial case for relief on the merits." *Leiva-Perez*, 640 F.3d at 966, 968.  The court finds Willis is unlikely to succeed on the merits because the single claimant exception no longer applies and the court has discretion to impose an injunction.

When a petitioner first invokes the protection of the Limitation Act, as WSR did here, ECF No. 1, the court must "issue[] an injunction that prevents the filing of any other actions against the owner if it involves related claims" *In re Complaint of Ross Island Sand & Gravel*, 226 F.3d 1015, 1017 (9th Cir. 2000).  The "court as a general rule has broad discretion in deciding whether to dissolve an injunction under the Limitation of Liability Act." *Newton v. Shipman*, 718 F.2d 959, 961 (9th Cir. 1983).  This broad discretion is "narrowly circumscribed" when the single claimant exception applies, wherein the court must dissolve the injunction.  *Id.*

In its prior order, this court found the cross complaints against WSR filed in state court by Kai Petrich and Sentinel constituted multiple separate claims for damages, removing this action from the single claim exception.  *See* Prior Order (Dec. 9, 2022) at 5–7.  Willis now argues these

3

"cross-complaints are manifest shams and do not threaten WSR's right to limitation in any real way." Mot. at 10. However, Willis has not explained why these cross-complaints are "shams" in prior briefing or in the present motion. *See, e.g.*, Prior Mot.; ECF No 117. The court affirms its finding the single claimant exception no longer applies in this action.

Willis next argues this court's injunction is "overbroad" because it enjoined "not just the state-court proceedings against WSR but also 'the continued prosecution of any legal proceedings of any nature.'" Mot. at 6–7. There is no indication of any other proceedings besides those in the Alameda County Superior Court and this court at this time. Because this court had jurisdiction to impose the injunction at the outset of this case, *In re Complaint of Ross Island Sand & Gravel*, 226 F.3d at 1017, and the discretion to dissolve the injunction when it found the single claimant exception applied, *Newton*, 718 F.2d at 961, it also had the discretion to reinstate the injunction upon finding the action no longer fell under the exception, *Ex parte Green*, 286 U.S. 437, 439 (1932) (holding district courts should "retain the petition for a limitation of liability . . . [in] the unlikely event that the right of petitioner to a limited liability might be brought into question in the state court,. . . or the case otherwise assumes such form . . . as to bring it within the exclusive power of a court of admiralty."). Willis has not shown she has a substantial likelihood of success on the merits. *Leiva-Perez*, 640 F.3d at 968.

### B. Irreparable Harm

A petitioner moving for a stay pending appeal must show irreparable harm is "likely to occur during the period before the appeal is decided." *Doe* #1, 957 F.3d at 1059. Here, Willis argues "the surprising breadth" of this court's injunction will cause "disorder." Mot. at 11. Specifically, Willis argues if this court does not grant a stay, the "Ninth Circuit may not have the opportunity to decide whether [this court's prior order] violates the Anti-Injunction Statute before [Willis] loses" her June 2023 state court trial date. Mot. at 10; *see* Req. Judicial Notice, ECF No. 126. At the same time, Willis also states "the decision to reinstate the anti-suit injunction as to WSR is not particularly pressing" because Willis's deadline to try her state court claims does not expire until 2026. Mot. at 11. Willis misunderstands the posture of the matter at this point. The court has already enjoined the state court proceedings. An issuance of a formal stay pending

4

appeal would not affect the preexisting injunction, nor would it affect the Ninth Circuit's consideration of Willis's appeal.  Because Willis makes no other showing of irreparable harm, she has not satisfied this factor.

Willis has not shown either a likelihood of success on the merits or irreparable harm.  She also has not discussed whether a stay would injure other parties in this matter or where the public interest lies.  She has not met her burden.  The court **denies the motion to stay pending appeal**. *Nken*, 556 U.S. at 434–35.

**IV.    CONCLUSION**

For the reasons above, **the court denies Willis's motion to stay this action pending appeal.**

This order resolves ECF No. 132.

IT IS SO ORDERED.

DATED: April 12, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE