UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IN ADMIRALTY

| | |
|---|---|
| IN RE: COMPLAINT AND PETITION OF WILLIAMS SPORTS RENTALS, INC., AS OWNER OF A CERTAIN 2004 YAMAHA WAVERUNNER FX 140 FOR EXONERATION FROM OR LIMITATION OF LIABILITY, <br><br> MARIAN LATASHA WILLIS, on behalf of the Estate of RAESHON WILLIAMS, <br><br> Respondent/Counter Claimant, <br><br> v. <br><br> WILLIAMS SPORTS RENTALS, INC., <br><br> Petitioner/Counter Defendant. | No. 2:17-cv-00653-KJM-JDP <br><br> ORDER |
| WILLIAMS SPORTS RENTALS, INC., <br><br> Petitioner/Counter Defendant/Third-party Plaintiff, <br><br> v. <br><br> THOMAS SMITH, KAI PETRICH, BERKELY EXECUTIVES, INC., ZIP, INC., and DOES 1-10, <br><br> Third-party Defendants. | |

1

In this admiralty action, Kai Petrich moves the court to set aside the entry of default against him. In a separate motion, Twin City Fire Insurance (Twin City) and Sentinel Insurance Company, Limited (Sentinel), collectively "Insurers," move to intervene in this action. For the reasons below, the court **grants** both motions.

## I. BACKGROUND

After a 2016 jet ski accident claimed the life of Raeshon Willis, Williams Sports Rentals (WSR), the jet ski owner, filed this admiralty action under the Limitation of Liability Act (the "Limitation Act"), 46 U.S.C. § 30501 et seq., and Rule F of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims. Compl., ECF No. 1. The previously assigned district judge detailed the facts of this case in a prior order. *See* Prior Order (July 28, 2020) (Order 113), ECF No. 113. This court reviewed the procedural history regarding the Limitation Act, 46 U.S.C. § 30501 et seq., in its December 2022 order. *See* Prior Order (Dec. 9, 2022) (Order 127), ECF No. 127. The court incorporates by reference both orders here. In relevant part, the Clerk of Court entered default for WSR against non-appearing third-party claimants in June 2017. *See* Entry of Default, ECF No. 24. The court stayed the federal case in July 2020 under the single claimant exception to the Limitation Act, allowing the parties to litigate a parallel state court case. *See* Order 113. The court lifted the federal stay in December 2022 and imposed a stay on the state court proceedings. *See* Order 127.

Petitioner/third-party defendant Kai Petrich previously requested this court set aside the June 2017 entry of default. ECF No. 131. The court denied the request without prejudice for failure to show good cause under Federal Rule of Civil Procedure 55. *See* Prior Order (Jan. 19, 2023) (Order 134), ECF No. 134. Petrich again moves to set aside the entry of default. *See* Mot. to Set Aside Entry of Default (Mot. to Set Aside), ECF No. 137. Respondent/counter-claimant Marian Latasha Willis opposes the motion, *see* Opp'n, ECF No. 149, and Petrich has replied, *see* Petrich Reply, ECF No. 152.

Sentinel previously moved to intervene on behalf of Berkeley Executives, Inc., ECF No. 104, but the previously assigned judge declined to adjudicate the motion in light of the federal stay, Prior Order (July 28, 2020) (Order 114), ECF No. 114. Insurers now move to intervene on

behalf of Zip. Inc. (Zip); each maintained an insurance policy for Zip at the time of the underlying incident.[1]  *See* ECF No. 138; Mem. on Mot. to Intervene (Mem.), ECF No. 139.[2]  They seek intervention under Rule 24(a)(2) of the Federal Rules of Civil Procedure or, in the alternative, permissive intervention under Rule 24(b)(1)(B).  *See* Mem.  Respondent Willis opposes the motion, *see* Opp'n (combining opposition to motion to set aside entry of default with opposition to motion to intervene), and Insurers replied, *see* Insurers Reply, ECF No. 153.[3]

## II.   MOTION TO SET ASIDE ENTRY OF DEFAULT

### A.   Legal Standard

A clerk's entry of default may be set aside for "good cause." Fed. R. Civ. P. 55(c).  "To determine 'good cause,' a court must 'consider three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice' the other party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) ("*Mesle*") (internal citations omitted).  Although the "good cause" standard is the same that applies to motions to set aside default judgment under Rule 60(b), "the test is more liberally applied in the Rule 55(c) context." *Id.* at 1091 n.1 (internal quotations and citations

---

[1] The California Secretary of State has deemed Zip, Inc., a suspended corporation; this status prohibits it from participating directly in the present lawsuit.  *See* Mem. at 4; *see also infra* note 2.

[2] Insurers also filed two requests for judicial notice.  These requests include state court documents and screenshots of searches conducted on the California Secretary of State website indicating Zip's status as a suspended corporation.  *See* First RJN, ECF No. 141; Second RJN, ECF No. 155.  The court takes judicial notice of these documents.  *See United States ex rel. Modglin v. DJO Glob. Inc.*, 48 F. Supp. 3d 1362, 1381 (C.D. Cal. 2014) ("Under Rule 201, the court can take judicial notice of [p]ublic records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies." (internal citations omitted)); *Paralyzed Veterans of Am. v. McPherson*, No. 06–4670, 2008 WL 4183981, at *5 (N.D. Cal. Sept. 9, 2008) ("[I]nformation on government agency websites . . . [has] often been treated as proper[ly] subject[ ] to judicial notice."); *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (stating that a court may judicially notice proceedings in other courts if those proceedings have a direct relation to the matters at issue).

[3] Petitioner Insurers also filed exhibits to the motion, offering a draft motion to set aside entry of default against all third-party claimants if the intervention is allowed.  *See* Exhibit C at 2–6, Decl. of Laura R. Grealish, ECF No. 140-3.  The court does not consider the arguments or adopt the draft here because it does not impact the current motion to intervene.

3

omitted); *see also Brady v. United States*, 211 F.3d 499, 504 (9th Cir. 2000) (finding district court's discretion is "especially broad" when setting aside entry of default, rather than default judgment). Because the test described above is disjunctive, a motion to set aside the entry of default may be denied in the presence of any one of the three factors. *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011). These factors are also used in deciding whether to set aside entries of default in Limitation Act actions. *Matter of Deng*, No. 13-02659, 2014 WL 1347380, at *8 (N.D. Cal. Apr. 3, 2014). The court reviews the factors below.

### B. Analysis

#### 1. Culpability

A defaulting defendant acts "culpably" if he had notice of the lawsuit but intentionally declined to answer. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001), *overruled on other grounds*, *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 147 (2001). "Intentional" conduct in this sense is "willful, deliberate, or . . . [in] bad faith," rather than neglectful. *Id.* at 697–98 (quoting *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996)). It means an "intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Mesle*, 615 F.3d at 1092 (quoting *TCI Grp.*, 244 F.3d at 697). If a party's explanations for its default are consistent with a willful or bad faith failure to respond, the court may refuse to set aside its default. *TCI Grp.*, 244 F.3d at 698 (collecting cases).

Petrich states he moved out of the United States by January 2017, *see* Mot. to Set Aside at 3, and resided in Canada when this action commenced and the default was entered, *see* Petrich Decl. at 3, Mot. to Set Aside, ECF No. 137–2. He was not aware of the action because he did not read the newspapers in which WSR published notice of the filed complaint. Mot. to Set Aside at 3. He claims he became aware of both the state and federal court actions in April 2018, when he was served with the state court complaint in Canada. *Id.* at 3–4. However, because he was neither the operator nor the driver of the jet ski at issue, he did not believe he was affected by the federal action until WSR filed suit against him in federal court on February 18, 2020. *Id.* at 4; *see also* Appellant's Opening Brief at 37–38, *Williams Sports Rentals, Inc. v. Willis*, No. 22-16928

4

(9th Cir. Jan. 5, 2023), 2023 WL 174921; WSR Third-Party Compl., ECF No. 92. As noted above, the court stayed the case from July 2020 through December 2022. *See* Order 127. In any event, Petrich's explanation suggests at most neglectful conduct but does not suggest bad faith. This factor weighs in favor of setting aside the entry of default.

### 2. Meritorious Defense

"All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense." *Mesle*, 615 F.3d at 1094. This is not an "extraordinarily heavy" burden, *TCI Grp.*, 244 F.3d at 700, and Petrich meets it. In response to WSR's claims of liability, Petrich defends himself as an innocent party because he was not a passenger on, nor driving, the jet ski at the time of the fatal incident. Mot. to Set Aside at 4–5.

### 3. Prejudice

A court may refuse to set aside an entry of default if doing so would prejudice the other party. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Grp.*, 244 F.3d at 701. Only tangible harm, such as the "loss of evidence," complication of discovery, or the risk of fraud, will support the denial of a motion to set aside the entry of default. *Id.* (internal quotations omitted). A party is not prejudiced if forced only to litigate the merits of his case. *Id.*

After staying this case in July 2020, this court lifted the stay in December 2022. *See* Order 113; Order 127. Petrich claims there is no prejudice to Willis or the federal case because, notwithstanding the passage of five years from the entry of default until now, he has filed his motions in a timely manner after the court lifted the stay. Mot. to Set Aside at 4–5. Willis argues the overall delay here supports a denial of the motion, citing a Fifth Circuit Limitation Act decision denying leave to file a claim "four years after the commencement of the case." *See Lloyd's Leasing, Ltd. v. Bates*, 902 F.2d 368, 371 (5th Cir. 1990); Opp'n at 20. But *Lloyd's Leasing, Ltd.* is not directly analogous to the case at hand because it did not discuss setting aside entries of default. *Id.* And although the Fifth Circuit considered similar factors, such as prejudice to the case, the posture and facts of that case differ from the facts here: *Lloyd's Leasing, Ltd.* involved two groups of petitioners moving to file late claims. The lower court found, and the

appeals court affirmed that one group, composed of 240 fisherman, could not claim lack of actual notice because they lived in the area where notice was given when it was given. *Id.* at 370–71. While the second group could claim lack of actual notice, the court found granting leave to file their late claims "would cause great disruption and further lengthen an already lengthy case." *Id.* at 371 (internal quotations omitted). Conversely, this request involves only one claimant, Petrich. The stay, multiple interlocutory appeals and a dismissal in December 2017, *see* Order 61, ECF No. 61, which was reversed in May 2019, ECF No. 69, have delayed proceedings such that intervention here would not cause "great disruption," *Lloyd's Leasing, Ltd.*, 902 F.2d at 371. The rights of the parties in this case would not be adversely affected if default is set aside. *See Matter of Deng*, 2014 WL 1347380, at *8. Having carefully considered the matter, the court does not find the five-year delay in Petrich's seeking to set aside the entry of default prejudicial.

Under the Rule 55(c) standard, the court construes liberally the pleadings presented by the party seeking to set aside default. *See Mesle*, 615 F.3d at 1091 n.1. Finding no deleterious conduct on the part of Petrich, concluding his claims have merit and finding no significant prejudice to other parties, this court **grants the motion to set aside entry of default**.

### III.   MOTION TO INTERVENE

#### A.   Legal Standard

When a nonparty wishes to become a party in a lawsuit, that entity may move to intervene under Rule 24 of the Federal Rules of Civil Procedure. Rule 24 permits two types of intervention: intervention as of right and permissive intervention. An entity moving to intervene as of right under Rule 24(a)(2) has the burden to show (1) the motion is timely, (2) it has a "significant protectable interest relating to the property or transaction" in question, (3) "the disposition of the action may, as a practical matter, impair or impede" the entity in protecting that interest, and (4) the existing parties would not adequately represent the entity. *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011).

Proposed intervenors bear the burden of showing each of the four elements is met and "[f]ailure to satisfy any one of the requirements is fatal to the application." *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009). In evaluating motions to intervene,

"courts are guided primarily by practical and equitable considerations, and the requirements for intervention are broadly interpreted in favor of intervention." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004).

### B. Timeliness

Courts consider three factors when deciding whether a motion to intervene is timely: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of [any] delay." *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997). Delays are measured from the time when a proposed intervenor "should have been aware that [its] interests would not be adequately protected by the existing parties." *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

The court finds Insurers' reasons explaining why the motion is timely are plausible. First, Insurers seek to intervene at an early stage of the proceedings, all things considered. As already noted, the federal action has not yet involved significant discovery or any advancement toward a meaningful resolution. *See* Mem. at 5. Second, Insurers' participation and interests mirror the interests and claims of the active parties and do not raise new issues. The court finds the requested intervention would not unfairly prejudice other parties. Third, the reason and length of delay is due in part to the already noted complicated proceedings of this case. As noted above, Sentinel first moved to intervene on behalf of another corporation in 2020, but the previously assigned judge declined to adjudicate the motion because of the federal stay. Order 114. Although insurers discovered Zip's corporate status was suspended two years ago, in March 2021, Insurers believed filing any motions would be futile until the federal stay was lifted. *See* Mem. at 3–4; Insurers Reply at 3. The court finds Insurers filed their current request in a timely fashion once this court lifted the federal stay in December 2022.

### C. Significantly Protectable Interest and Practical Impairment of that Interest

An interest is significantly protectable if (1) it is protectable under some law and (2) it is related to the claims at issue. *Citizens for Balanced Use*, 647 F.3d at 897. The interest need not be a specific legal or equitable interest. *Id.* The Insurers must demonstrate the disposition of the action if their absence would impair their interests in a practical sense. Fed. R. Civ. P. 24(a)(2).

Insurers have met this burden. Zip is prohibited from participating in this litigation because it is a suspended California corporation. *See* Cal. Corp. Code § 2205; Rev. & Tax Code § 23301. In any judgment brought against Zip that Insurers may be required to cover, their interest is at risk. *See* Cal. Ins. Code § 11580(b)(2) ("[W]henever judgment is secured against the insured . . . in an action based upon bodily injury, death, or property damage, then an action may be brought against the insurer on the policy and subject to its terms and limitations, by such judgment creditor to recover on the judgment."). Without intervention, Zip cannot seek to reduce, or eliminate, the risk. *See Langell v. Ideal Homes LLC*, 2016 WL 6804604, at *4 (N.D. Cal. 2016) ("Since [the insurer] may have to satisfy any potential default judgments against [the corporation], [the insurer] has the requisite protectable interest to justify intervention.").

Further, Insurers are not limited by Zip's corporate status. Each have their own interests at risk in the litigation as insurance providers for the named parties, and interventions are designed to allow for insurers to protect those interests. *See Western Heritage Ins. Co. v. Superior Court*, 199 Cal. App. 4th 1196, 1207-1208 (2011) ("The entire purpose of the intervention is to permit the insurer to pursue its own interests, which necessarily include the litigation of defenses its insured is procedurally barred from pursuing."); *Reliance Ins. Co. v. Superior Court*, 84 Cal. App. 4th 383, 388 (2000) ("The state suspends a corporation that does not pay its taxes in order to pressure it to pay, not to penalize an innocent party, such as the corporation's insurer."). Insurers' interest is protectable and related to the claims at hand.

### D.      Inadequacy of Representation

The "burden of showing inadequacy of representation is 'minimal' and satisfied if the applicant can demonstrate that representation of its interests 'may be' inadequate." *Citizens for Balanced Use*, 647 F.3d at 898 (citing *Arakaki v. Cayetano*, 324 F. 3d 1078, 1086 (9th Cir. 2003)); *accord Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). The court examines "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Citizens for Balanced Use*, 647 F.3d at 898

(quoting *Arakaki*, 324 F.3d at 1086). Here, Insurers' are not represented because Zip cannot participate in this action; Insurers are willing to make the necessary arguments on behalf of their interests and the interests of Zip. Mem. at 5–7.

All these factors weigh in favor of granting Insurers' request to intervene. Willis opposes the motion, arguing only that she will face significant prejudice if the court allows intervention in an already long-running case, *see* Opp'n at 8–9, but she does not sufficiently counter Insurers' arguments that they have a right to protect their individual interests. As such, Insurers have met their burden. The court **grants the motion to intervene**.

## IV. CONCLUSION

For the reasons above, the court **grants Petrich's motion to set aside entry of default and Insurers' motion to intervene**.

This order resolves ECF Nos. 137 and 138.

IT IS SO ORDERED.

DATED: May 9, 2023.

CHIEF UNITED STATES DISTRICT JUDGE