B. OTIS FELDER (CSB No. 177628)
***CSB Certified Admiralty & Maritime Law Specialist***
WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, California 94105-2725
Telephone:    (415) 433-0990
Facsimile:    (415) 434-1370
Email: Otis.Felder@wilsonelser.com

Attorneys for Petitioner & Counter Defendant
WILLIAMS SPORTS RENTALS, INC. ("WSR")

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IN <u>ADMIRALTY</u>

| | |
|---|---|
| IN RE: COMPLAINT AND PETITION OF WILLIAMS SPORTS RENTALS, INC. AS OWNER OF A CERTAIN 2004 YAMAHA WAVERUNNER FX 140 FOR EXONERATION FROM OR LIMITATION OF LIABILITY | Case No. 2:17-cv-00653-KJM-JDP<br><br>Hon. Kimberly J. Mueller<br>Chief United States District Judge<br><br>**COUNTER DEFENDANT WSR'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT BASED ON THIRD-PARTY DEFENDANT THOMAS SMITH'S ILLEGAL CONDUCT** |
| MARIAN LATASHA WILLIS, on behalf of the Estate of RAESHON WILLIAMS,<br><br>    *Respondent/Counter Claimant,*<br><br>    v.<br><br>WILLIAMS SPORTS RENTALS, INC.,<br><br>    *Petitioner/Counter Defendant.* | [FRCP 56, Admiralty Rule F(8), & LR 260]<br><br>Hearing Date:   Friday, Nov. 3, 2023<br>Hearing Time:   10:00 a.m.<br>Hearing Place:  Courtroom 3, 15th Floor |
| WILLIAMS SPORTS RENTALS, INC.,<br><br>*Petitioner, Counter Defendant, and*<br>    *Third-party Plaintiff,*<br><br>    v.<br><br>THOMAS SMITH, KAI PETRICH, BERKELEY EXECUTIVES, INC., ZIP, INC., and DOES 1-10,<br><br>    *Third-party Defendants.* | |
| AND RELATED ACTIONS | |

TO ALL PARTIES AND THER COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on Friday, Nov. 3, 2023 at 10:00 a.m., or as soon thereafter as the matter can be heard before the Honorable Kimberly J. Mueller, Chief United States District Court Judge, Courtroom 3, of the above-entitled Court, located on the 15th Floor of the Robert T. Matsui Federal Courthouse, 501 I Street, Sacramento, California 95814 (Courtroom Deputy Casey Schultz, tele: (916) 930-4193; email:cschultz@caed.uscourts.gov), Petitioner and Counter Defendant WILLIAMS SPORTS RENTALS, INC. (WSR) will move, pursuant to Fed. R. Civ. Proc., Rule 56 and LR 260 along with Supplemental Rules for Admiralty or Maritime Claims, Admiralty Rule F(8), the Court for summary judgment exonerating WSR from any future assertion of liability by any and all claimants based on the superseding acts of renter Thomas Smith (Smith) as asserted by WSR in so far as that it had no legal duty as provided in its Third Defense as to the unforeseeable acts by Smith along with its Thirteenth Defense in which WSR asserted that it "is not liable due to the subsequent intervening and superseding acts of third parties, including but not limited to Smith, which directly cause the happening of the incidents, injuries, losses and damages complained of by Counter Claimant[s]." WSR Answers, Defenses ¶¶ 3 &13 (ECF No. 91, ECF No. 150, & ECF No. 172) *See also* Petrich Answer, Thirteen Aff. Defense at p. 9, ln. 8 – p. 10, ln. 3 ("9:8-10:3") (ECF No. 142) and Answer by Twin City Fire Co. & Sentinel Insur. Co. ("The Hartford") at ¶ 16, 9:21-24 (ECF No. 161). WSR also asserts that the acts by Raeshon Williams likewise bar recovery on the same basis.

This Motion is based on the uncontested grounds that Smith operated and allowed Williams to board a personal watercraft ("PWC") in California state territorial waters of Lake Tahoe on August 13, 2016 without either of them wearing a personal floatation device ("PFD") in violation of California HARBOR & NAVIGATION CODE § 658.3(c) that required them both to wear one. Such intentional conduct is, as a matter of law, both unforeseeable and amounts to a superseding cause breaking proximate causation entitling WSR to summary judgment. See *Houngviengkham v. Schyman*, 2023 U.S. Dist. LEXIS 79123, *16 (C.D. Cal. May 5, 2023) (granting summary judgment for defendant on alternative grounds of either being unforeseeable and thus no duty, and/or superseding cause as to criminal acts). In addition to violating Section 658.3(c) by not

1   wearing a life vest, which is an infraction, further grounds showing unforeseeable intentional

2   conduct is asserted by Williams' mother, Claimant Marian Latasha Willis (Willis), herself, who

3   further alleges that Smith violated federal laws, including Inland Rule 5, 33 U.S.C. § 2005, Inland

4   Rule 6, 33 U.S.C. § 2006, Inland Rule 7, 33 U.S.C. § 2007, Inland Rule 8, 33 U.S.C. § 2008, and

5   Inland Rule 18, 33 U.S.C. § 2018, in navigating his jet ski into its own wake at a high rate of speed

6   that caused both Smith and Williams to fall off, and Williams, who was not wearing a life vest and

7   unable to swim, to drown. See Claim, ¶ 7 (ECF No. 17).  *See also Exxon Co. v. Sofec*, 517 U.S.

8   830, 837 (1996) (under general maritime law, superseding cause operates to cut off the liability of

9   even an admittedly negligent defendant) (citing 1 T. Schoenbaum, Admiralty and Maritime Law §

10  5-3, pp. 165-166 (2d ed. 1994); *Int'l Specialty, Inc. v. Madee, F/V*, 269 Fed. Appx. 721, 2008 U.S.

11  App. LEXIS 5784 (9th Cir. Haw., Mar. 11, 2008); *O'Keefe v. Inca Floats,* No. C-97-1225 VRW,

12  1997 WL 703784, 1997 U.S. Dist. LEXIS 17088, at *11, 1998 AMC 645 (N.D. Cal. Oct. 31,

13  1997) ("independent illegal acts of third parties are deemed unforeseeable and therefore, the sole

14  proximate cause of the injury which excludes negligence of another as a cause of injury.").

15        This motion is made following meeting and conferring with counsel for all parties as to

16  Smith's actions along with that of Williams pursuant to the Court's standing order, which took

17  place over various dates that the action has been pending and as confirmed in the parties' Joint

18  Status Report (ECF No. 170) on August 7, 2023, and the Court's providing a deadline for seeking

19  such relief based on the defenses.  See Minute Order, ECF 171.  Upon such meeting and

20  conferring, the parties do not appear to dispute that Smith violated the law in operating the jet ski.

21  However, Claimant Willis appears to assert that despite such illegal conduct by Smith, WSR still

22  has a duty and breached it with respect to her sole contention that it negligently entrusted the jet

23  ski to Smith, despite a lack of evidence showing the actions by Smith were foreseeable or that

24  WSR knew or should have known that he would act contrary to law, the instructions provided, and

25  his agreement in renting the jet ski.  Alternatively, she seems to assert that the issue of superseding

26  cause needs to be tried by the Court despite a lack of any genuine issues of disputed material facts,

27  particularly as to Smith's action including her own claims he violated federal law.  Given such,

28  efforts to resolve the legal issues have been exhausted.

WSR'S MOTION FOR SUMMARY JUDGMENT
BASED ON SMITH'S ILLEGAL CONDUCT – Page 3
287351827v.1

1    Further to the Court's Civil Standing Order, WSR is unaware of any settlement discussions

2    occurring at the time of filing this motion.

3    This Motion is based on the concurrently filed supporting Memorandum of Points and

4    Authorities, the Declaration of B. Otis Felder and Exhibits thereto, all pleadings, declarations

5    and files in this matter, all matters of which this Court may take judicial notice, and upon such

6    other and further oral or other documentary evidence as may be presented to the Court at or

7    prior to the hearing of this matter.

8    Dated:  September 29, 2023             Respectfully Submitted,

9                                          **WILSON, ELSER, MOSKOWITZ,**

10                                         **EDELMAN & DICKER LLP**

11   By: _____

12        B. Otis Felder
          Attorneys for Petitioner & Counter Defendant,
          ***WILLIAMS SPORTS RENTALS, INC***.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28