1  B. OTIS FELDER (CSB No. 177628)
   *CSB Certified Admiralty & Maritime Law Specialist*
2  WILSON, ELSER, MOSKOWITZ,
       EDELMAN & DICKER LLP
3  525 Market Street, 17th Floor
   San Francisco, California 94105-2725
4  Telephone:    (415) 433-0990
   Facsimile:    (415) 434-1370
5  Email:  Otis.Felder@wilsonelser.com

6  Attorneys for Petitioner & Counter Defendant
   WILLIAMS SPORTS RENTALS, INC. ("WSR")
7

8                         UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10                                    IN ADMIRALTY

| | |
|---|---|
| IN RE: COMPLAINT AND PETITION OF WILLIAMS SPORTS RENTALS, INC. AS OWNER OF A CERTAIN 2004 YAMAHA WAVERUNNER FX 140 FOR EXONERATION FROM OR LIMITATION OF LIABILITY | Case No. 2:17-cv-00653-KJM-JDP<br><br>Hon. Kimberly J. Mueller<br>Chief United States District Judge<br><br>**COUNTER DEFENDANT WSR'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BASED ON THIRD-PARTY DEFENDANT THOMAS SMITH'S CONDUCT**<br><br>[FRCP 56, Admiralty Rule F(8), & LR 260]<br><br>Hearing Date:   Friday, Nov. 3, 2023<br>Hearing Time:   10:00 a.m.<br>Hearing Place:  Courtroom 3, 15th Floor |
| MARIAN LATASHA WILLIS, on behalf of the Estate of RAESHON WILLIAMS,<br>*Respondent/Counter Claimant,*<br>v.<br>WILLIAMS SPORTS RENTALS, INC.,<br>*Petitioner/Counter Defendant.* | |
| WILLIAMS SPORTS RENTALS, INC.,<br>*Petitioner, Counter Defendant, and Third-party Plaintiff,*<br>v.<br>THOMAS SMITH, KAI PETRICH, BERKELEY EXECUTIVES, INC., ZIP, INC., and DOES 1-10,<br>*Third-party Defendants.* | |
| AND RELATED ACTIONS | |

STATEMENT OF UNDISPUTED FACTS

Pursuant to Local Rule 260(a) and the Court's Order (ECF No. 5-2), Petitioner and Counter Defendant WILLIAMS SPORTS RENTALS, INC. ("WSR") submits the following Statement of Undisputed Facts, together with references to supporting evidence, in support of its motion for summary judgment pursuant to Fed. R. Civ. Proc., Rule 56 and Local Rule 260 along with Supplemental Rules for Admiralty or Maritime Claims, Admiralty Rule F(8) as follows:

| COUNTER DEFENDANT WSR's UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | COUNTER CLAIMANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 1. Raeshon Williams (Deceased) (hereinafter "decedent") died by drowning, on or about August 13, 2016, in California territorial waters of Lake Tahoe, approximately 100 yards from the California shore (the "Incident").<br><br>Complaint (ECF No. 1) & Willis Answer (ECF No 16) at ¶ 7; Willis Response Statement of Undisputed Facts (ECF No. 35-1) at ¶ 3, attached as Exhibit A ("Exh.") to Felder Declaration ("Decl.'); Joint Status Report at ¶ 4 (ECF No. 170), attached as Exh. B to Felder Decl. | 1. |
| 2. At the time of the Incident, WSR owned a Yamaha Waverunner ("the Vessel").<br><br>Complaint & Answer at ¶ 4; Willis Response Statement of Undisputed Facts at ¶ 6; Joint Status Report at ¶ 10. | 2. |
| 3. During the early afternoon of August 13, 2016, WSR rented the Vessel to Thomas Smith ("Smith").<br><br>Willis Response Statement of Undisputed Facts at ¶ 7; Joint Status Report at ¶ 11. | 3. |

| | COUNTER DEFENDANT WSR's UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | COUNTER CLAIMANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| | 4. Shortly before 6 p.m., Smith departed Timber Cove with Decedent sitting behind him and navigated the Vessel directly into an on-coming wake so as he and Decedent were thrown off into the water where Decedent drowned.<br><br>Willis Response Statement of Undisputed Facts at ¶¶ 13-14; Joint Status Report at ¶ 12. | 4. |
| | 5. Smith and Decedent were not wearing a personal floatation device ("PFD") at the time of the Incident.<br><br>Willis Response to RFA Nos. 16 (admitting that South Lake Tahoe Police report indicated that Smith was not wearing a personal floatation device at the time of the Incident.") and 17 & 23 ("the Decedent was not wearing a PDF while aboard the Vessel") attached as Exh. K to Felder Decl..<br><br>*See also* Montanari Decl. (Exh C to Felder Decl.); Alameda Superior Court Order Denying Summary Judgment at pp. 1, 2 & 4 (noting Petrich asserting that "Decedent chose to ride on the jet ski without a life jacket despite the fact that he could not swim" and stated to investigating Officer Carlquist that "Smith and Decedent were not wearing any type of flotation device when they left the beach") (Exh. D to Felder Decl.); Willis Memo. at 2:17-25 & 3:2-6 (contending "PETRICH also admitted to the police that he knew his and SMITH's charter agreement prohibited passengers on their two jet skis and required anyone who use either vessel to wear a life jacket [citation]") (Exh. E to Felder Decl..);<br><br>(continued next page) | 5. |

| COUNTER DEFENDANT WSR's UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | COUNTER CLAIMANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Hillsman Decl. at ¶ 2 and Exh. 1 thereto at 8:18-20 (attesting to lack of PFD as cause of drowning) 12:12-17 (affirming Petrich admitting Smith and Williams not wearing any type of PFD upon leaving beach) 20:7-14 (Smith admitting that Williams on Vessel without PFD) (Exh. F to Felder Decl.); Willis Response to Interrogatories No. 11 & 42 (incorporating WILLIS00001-266 as verified response) and WILLIS00001-17 (Exhs. G & H to Felder Decl.); Willis Response to Interrogatory No. 9 (incorporating WILLIS0000267-305 as verified response along with transcript of Kai Petrich) and WILLIS000267-205 (Exhs. I & J to Felder Decl.). | |

Dated: September 29, 2023              Respectfully Submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By: _____
    B. Otis Felder
    Attorneys for Petitioner, Counter Defendant,
    & Third-Party Plaintiff
***WILLIAMS SPORTS RENTALS, INC***.