1  ANTHONY L. LABEL (SBN 205920)
   STEVEN A. KRONENBERG (SBN 215541)
2  THE VEEN FIRM, P.C.
   711 Van Ness Avenue, Suite 220
3  San Francisco, CA 94102
   P.O. Box 7296
4  San Francisco, CA 94120
   Telephone: (888) 504-0157
5  Facsimile: (415) 771-5845
   AL.Team@veenfirm.com
6
   JOHN R. HILLSMAN (SBN 71220)
7  MCGUINN, HILLSMAN & PALEFSKY
   535 Pacific Avenue
8  San Francisco, CA 94133
   Telephone: (415) 421-9292
9  Facsimile:   (415) 403-0202

10 Attorneys for MARIAN LATASHA WILLIS
   Personal Representative of the Estate of RAESHON WILLIAMS
11 Respondent/Counter-Claimant

12                   UNITED STATES DISTRICT COURT
13                   EASTERN DISTRICT OF CALIFORNIA
14                            IN ADMIRALTY

15 | IN RE COMPLANT AND PETITION | CASE NO. 2:17-cv-00653-JAM-EFB
   | OF WILLIAMS SPORTS RENTALS |
16 | INC. AS OWNER OF A CERTAIN 2004 | **COUNTER-CLAIMANT MARIAN**
   | YAMAHA WAVERUNNER FX 140 | **LATASHA WILLIS' RESPONSE**
17 | FOR EXONERATION FROM OR | **TO SEPARATE STATEMENT OF**
   | LIMITATION OF LIABILITY | **UNDISPUTED MATERIAL FACTS**
18 |                              | **IN SUPPORT OF COUNTER-**
   |                              | **DEFENDANT WILLIAMS SPORTS**
19 | MARIAN LATASHA WILLIS, on behalf | **RENTALS INC.'S MOTION TO**
   | of the Estate of RAESHON WILLIAMS, | **DISMISS, OR IN THE**
20 |                              | **ALTERNATIVE, FOR SUMMARY**
21 |     Respondent/Counter-Claimant, | **JUDGMENT**
22 | v.                           | Hearing Date: Tues. August 29, 2017
   |                              | Time:          1:30 p.m.
23 | WILLIAMS SPORTS RENTALS, INC., | Hon. John A. Mendez
24 |     Petitioner/Counter-Defendant. |
25

26
27
28
                                          1
Counter Claimant Willis' Response to Separate Statement of Undisputed Material Facts
In Opposition to Motion to Dismiss/Summary Judgment          No. 2:17-cv-00653-JAM-EFB

RESPONSE TO STATEMENT OF UNDISPUTED FACTS

Pursuant to Local Rule 260(b) and the Court's Order (Doc. # 5-2), Counter Claimant MARIAN LATASHA WILLIS submits the following Response to Statement of Undisputed Facts, together with references to supporting evidence, in opposition to Counter Defendant WILLIAMS SPORTS RENTAL's motion to dismiss under Fed. R. Civ. P. 12(b)(6), or in the alternative, motion for summary judgment.

| COUNTER DEFENDANT WSR's UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | COUNTER CLAIMANT WILLIS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 1. This is a case of admiralty and maritime jurisdiction under 28 U.S.C. § 1333 and is filed pursuant to Rule 9(h) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.<br><br>Complaint, Doc. #1 & Answer, Doc. #16, ¶1. | 1. Undisputed. |
| 2. Venue is proper as the incident which forms the basis of this action occurred upon the navigable waters of Lake Tahoe, within the territorial boundaries of the State of California.<br><br>Complaint, Doc. #1 & Answer, Doc. #16, ¶2. | 2. Undisputed. |

2

Counter Claimant Willis' Response to Separate Statement of Undisputed Material Facts
In Opposition to Motion to Dismiss/Summary Judgment                    No. 2:17-cv-00653-JAM-EFB

EXHIBIT A, page 2

| COUNTER DEFENDANT WSR's UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | COUNTER CLAIMANT WILLIS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 3. Raeshon Williams (Deceased) (hereinafter "decedent") died by drowning, on or about August 13, 2016, in California territorial waters of Lake Tahoe, approximately 100 yards from the California shore (the "incident").<br><br>Complaint, Doc. #3 & Answer, Doc. #16, ¶7. | 3. Undisputed. |
| 4. Petitioner and Counter Defendant WSR, which also does business as Tahoe Keys Boat Rental, is a California corporation with an office and place of business in South Lake Tahoe, California.<br><br>Complaint, Doc. #3 & Answer, Doc. #16, ¶3. | 4. Undisputed. |
| 5. The Vessel is a 2004 Yamaha Waverunner FX 140, model FX 140, ("the waver runner").<br><br>Complaint, Doc. #3 & Answer, Doc. #16, ¶4. | 5. Undisputed. |

3

Counter Claimant Willis' Response to Separate Statement of Undisputed Material Facts
In Opposition to Motion to Dismiss/Summary Judgment         No. 2:17-cv-00653-JAM-EFB

EXHIBIT A, page 3

| COUNTER DEFENDANT WSR's UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | COUNTER CLAIMANT WILLIS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 6. Petitioner and Counter Defendant WSR owned the wave runner.<br><br>First Amended Counter Claim, Doc. # 21, at ¶5. | 6. Undisputed. |
| 7. During the early afternoon of August 13, 2016, WSR rented the wave runner to Thomas Smith ("Smith") and Kai Petrich, who were on a work-related trip with several Zip, Inc. co-workers, including the decedent.<br><br>First Amended Counter Claim, Doc. # 21, at ¶¶6-7. | 7. Undisputed. |

4
Counter Claimant Willis' Response to Separate Statement of Undisputed Material Facts
In Opposition to Motion to Dismiss/Summary Judgment                    No. 2:17-cv-00653-JAM-EFB

EXHIBIT A, page 4

| COUNTER DEFENDANT WSR's UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | COUNTER CLAIMANT WILLIS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 8. WSR's Customer Rental Agreement, designating Smith as operator #1, provides that each operator acknowledged that he was aware that rental watercraft, including but not limited to personal watercraft, can be dangerous/hazardous and that they voluntarily agree to accept on behalf of himself and his legal representatives, any and all risks of injury or death.<br><br>Moorhead Decl., Doc. #29, at ¶2 & Exh. A, Doc. # 29-1, thereto. | 8. Disputed that Smith (or Petrich) "acknowledged" or "agree[d] to accept" any risks of injury or death. WSR has not produced, *e.g.*, a declaration from anyone with personal knowledge who witnessed the execution of any documents or can authenticate the renters' signatures. *U.S. v. Ali*, 616 F.3d 745, 754 (8th Cir. 2010) (holding that before signed instrument could be accepted as genuine, signature had to be authenticated under Fed. R. Evid. 901 and 701).<br><br>Counter Claimant Willis also has not had any opportunity to conduct discovery. Fed. R. Civ. P. 56(d); Kronenberg Decl., ¶¶ 2-3. |

5
Counter Claimant Willis' Response to Separate Statement of Undisputed Material Facts
In Opposition to Motion to Dismiss/Summary Judgment                 No. 2:17-cv-00653-JAM-EFB

EXHIBIT A, page 5

| | |
|---|---|
| 9. In WSR's Release and Waiver Form – Boat Rental Facility, Smith was advised and agreed to the following among other things that:<br><br>(1.) I will be familiar with and will comply with all California and United States Coast Guard safety/navigational rules and regulations for boating on the waterways on which I intend to use the rented vessel.<br><br>(2.) I agree and will comply with all of Williams Sports Rentals, Inc. requirements, rules and instructions governing the use of your vessels.<br><br>(3.) I have received and reviewed a copy of Williams Sports Rentals, Inc. requirements, rules and instructions governing the issue of Williams Sports Rentals, Inc. vessels.<br><br>(4) I FULLY REALIZE THE POTENTIAL HAZARD IN OPERATING AND RENTING VESSELS.<br><br>Moorhead Decl., Doc. #29, at ¶6 & Exh. B, Doc. # 29-1, thereto. | 9. Disputed that Smith "was advised and agreed to" any of these terms and conditions. WSR has not produced any evidence that Smith executed the Release and Waiver Form.<br><br>Disputed that Smith "agree[d]" to "comply with all of [WSR's] requirements, rules and instructions." WSR failed to produce evidence that it even advised its own employees of these requirements, rules, and instructions, so WSR cannot meet its initial burden of proving that WSR personnel advised Smith regarding "all of" its requirements, rules, and instructions, *e.g.*:<br><br>WSR failed to produce any evidence that it advised Smith (or anyone else) regarding its purported no-passenger policy for the WaveRunner. WSR has not produced any written documentation regarding this policy, so a renter like Smith could not have "received and reviewed a copy" of this purported requirement. This raises a genuine issue of material fact regarding whether WSR failed to warn renters like Smith about other "requirements, rules and instructions" as well.<br><br>WSR failed to advise renters of the "potential hazard[s]" in operating and renting the |

6

Counter Claimant Willis' Response to Separate Statement of Undisputed Material Facts
In Opposition to Motion to Dismiss/Summary Judgment                No. 2:17-cv-00653-JAM-EFB

EXHIBIT A, page 6

| COUNTER DEFENDANT WSR's UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | COUNTER CLAIMANT WILLIS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | WaveRunner, so they could not "fully realize" the hazards. *E.g.*, WSR wrongly advised renters that wetsuits were only "recommended," even though the WaveRunner manufacturer required riders to wear them. |
| | WSR has not produced any documentation of its purported "Personal Watercraft Safety Test" or any documentation regarding its purported testing of Thomas Smith prior to renting the WaveRunner. Dkt. 30-4, Page 8 of 20. |
| | *U.S. v. Ali*, 616 F.3d 745, 754 (8th Cir. 2010) (holding that before signed instrument could be accepted as genuine, signature had to be authenticated under Fed. R. Evid. 901 and 701). |
| | *Cf.* Dkt. 29-3 (Exhibit C, "Wetsuits are recommended") *with* Dkt. 30-4, page 11 of 20 (WaveRunner fine-print warning label noted that "all riders must wear a wet suit bottom or clothing that provides equivalent protection"). |
| | Counter Claimant Willis also has not had any opportunity to conduct discovery. Fed. R. Civ. P. 56(d); Kronenberg Decl., ¶¶ 2-3. |

7

Counter Claimant Willis' Response to Separate Statement of Undisputed Material Facts
In Opposition to Motion to Dismiss/Summary Judgment                    No. 2:17-cv-00653-JAM-EFB

EXHIBIT A, page 7

| COUNTER DEFENDANT WSR's UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | COUNTER CLAIMANT WILLIS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 10. The WSR Water Craft Safety Checklist that was provided to Smith states that each driver must initial each line (which he did) for various advisements given before operating the wave runner, including but not limited to:<br><br>ALL RIDERS MUST WEAR A PROPERLY FITTED, U.S. COAST GUARD APPROVED LIFE JACKET;<br><br>…<br><br>AVOID WAKE JUMPING . . .<br><br>OBSERVE ALL FEDERAL, STATE AND LOCAL BOATING LAWS.<br><br>Moorhead Decl., Doc. #29, at ¶7 & Exh. C, Doc. # 29-1, thereto. | 10. Disputed. WSR has not produced evidence that Smith initialed or signed the Water Craft Safety Checklist (or any witnesses declaring from personal knowledge that WSR provided it to Smith). *U.S. v. Ali*, 616 F.3d 745, 754 (8th Cir. 2010) (holding that before signed instrument could be accepted as genuine, signature had to be authenticated under Fed. R. Evid. 901 and 701).<br><br>Notably missing from this "safety" checklist: any notice of WSR's purported no-passenger policy.<br><br>WSR has not produced the "Personal Watercraft Safety Test" or any documentation regarding its purported testing of Thomas Smith prior to renting the WaveRunner. Dkt. 30-4, Page 8 of 20.<br><br>Exhibit C (Dkt. 29-3) (There appears to be only one purported signature at the bottom of that was provided for two people, and it is completely illegible).<br><br>Counter Claimant Willis also has not had any opportunity to conduct discovery. Fed. R. Civ. P. 56(d); Kronenberg Decl., ¶¶ 2-3. |

8

Counter Claimant Willis' Response to Separate Statement of Undisputed Material Facts
In Opposition to Motion to Dismiss/Summary Judgment                                   No. 2:17-cv-00653-JAM-EFB

EXHIBIT A, page 8

| | |
|---|---|
| 11. These warnings along with WSR's process and protocols provide an adequate inquiry into the competence and qualifications of potential renters to operate a wave runner, which WSR applied in this case in renting the wave runner to Smith.<br><br>Declaration of Captain Messer-Bookman, Doc. #30, at ¶10. | 11. Disputed regarding the extent of the warnings provided (if any) to Smith. WSR has produced no declaration based on personal knowledge that anyone made an "adequate inquiry into the competence and qualifications of" Smith (or anyone else). *U.S. v. Ali*, 616 F.3d 745, 754 (8th Cir. 2010) (holding that before signed instrument could be accepted as genuine, signature had to be authenticated under Fed. R. Evid. 901 and 701).<br><br>Disputed that WSR's "process and protocols" were "adequate." WSR cannot meet its initial burden of proving that it communicated or enforced its purported no-passenger policy for its employees, much less renters.<br><br>WSR also failed to warn WaveRunner riders about the requirement to wear a wetsuit and instructed them only that WSR "recommended" they do so.<br><br>WSR has not produced the "Personal Watercraft Safety Test" or any documentation regarding its purported testing of Thomas Smith prior to renting the WaveRunner. Dkt. 30-4, Page 8 of 20.<br><br>*See* Responses 8-10, *supra*.<br><br>Improper legal conclusion. *G.F. Co. v. Pan Ocean Shipping Co.* |

9

Counter Claimant Willis' Response to Separate Statement of Undisputed Material Facts
In Opposition to Motion to Dismiss/Summary Judgment                    No. 2:17-cv-00653-JAM-EFB

EXHIBIT A, page 9

| COUNTER DEFENDANT WSR's UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | COUNTER CLAIMANT WILLIS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | *Ltd.,* 23 F.3d 1498, 1507 n. 6 (9th Cir. 1994) (matters of law for the court's determination are inappropriate subjects for expert testimony); *Kodwavi v. Intercontinental Hotels Group Resources, Inc.*, 966 F.Supp.2d 971, 974–76 (N.D. Cal. 2013) (when ruling on a summary judgment motion, the court did not consider statements in an affidavit that lacked foundation or were based upon legal conclusions). <br><br> Speculation and no foundation regarding WSR's inquiry into the competence and qualifications of Smith. WSR's expert did not evaluate the procedures in effect on August 13, 2015, or address the training and qualifications of the WSR personnel who rented the WaveRunner to Smith, Nor did she identify any steps that WSR took to communicate or enforce the no-passenger policy with its employees or renters. <br><br> Counter Claimant Willis also has not had any opportunity to conduct discovery. Fed. R. Civ. P. 56(d); Kronenberg Decl., ¶¶ 2-3. |

10

Counter Claimant Willis' Response to Separate Statement of Undisputed Material Facts
In Opposition to Motion to Dismiss/Summary Judgment                    No. 2:17-cv-00653-JAM-EFB

EXHIBIT A, page 10

| COUNTER DEFENDANT WSR's UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | COUNTER CLAIMANT WILLIS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 12. WSR exercised due diligence in maintaining the wave runner.<br><br>Declaration of Captain Messer-Bookman, Doc. #30, at ¶¶8-9. | 12. Disputed. WSR admitted that the WaveRunner was certified to hold three people, but it did not, *e.g.*, add a "no passengers" warning label to the WaveRunner, or alternatively equip it with a personal floatation device for passengers; it only provided one PFD to the operator.<br><br>WSR also failed to produce any evidence that its purported no-passenger policy was communicated and enforced for its employees or renters like Smith.<br><br>Cal. Code Regs. tit. 14, § 6565. Dkt. 30-4, page 8 of 20; Responses to 8-11, *supra*.<br><br>Counter Claimant Willis also has not had any opportunity to conduct discovery. Fed. R. Civ. P. 56(d); Kronenberg Decl., ¶¶ 2-3. |
| 13. Shortly before 6 p.m., as part of a team-building exercise, Smith used the wave runner to ferry decedent from Timber Cove back to El Dorado Beach.<br><br>First Amended Counter Claim, Doc. # 21, at ¶7. | 13. Undisputed. |

11

Counter Claimant Willis' Response to Separate Statement of Undisputed Material Facts
In Opposition to Motion to Dismiss/Summary Judgment          No. 2:17-cv-00653-JAM-EFB

EXHIBIT A, page 11

| COUNTER DEFENDANT WSR's UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | COUNTER CLAIMANT WILLIS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 14. Smith departed Timber Cove with decedent sitting behind him and navigated the vessel directly into an on-coming wake so as he and decedent were thrown off into the water where decedent drowned.<br><br>First Amended Counter Claim, Doc. # 21, at ¶8. | 14. Undisputed. |
| 15. Neither Smith nor the decedent were wearing personal floatation devices ("PFDs") as required by California law.<br><br>First Amended Counter Claim, Doc. # 21, at ¶8; Request for Judicial Notice, Doc. #31, No.1; Capt. Messer-Bookman Decl., Doc. #30, ¶6. | 15. Disputed. First Amended Counter Claim, Doc. # 21, at ¶ 8, does not address whether Smith or the decedent were wearing PFDs.<br><br>Messer-Bookman's reliance on "press reports" is unfounded, because they are inadmissible hearsay not of a kind reasonably relied upon by experts. Respondent/Counter Claimant Marian Latasha Willis's Objection to Evidence and Request for Judicial Notice, nos. 3, 11.<br><br>Counter Claimant Willis also has not had any opportunity to conduct discovery. Fed. R. Civ. P. 56(d); Kronenberg Decl., ¶¶ 2-3. |

12

Counter Claimant Willis' Response to Separate Statement of Undisputed Material Facts
In Opposition to Motion to Dismiss/Summary Judgment                    No. 2:17-cv-00653-JAM-EFB

EXHIBIT A, page 12

| | |
|---|---|
| 16. The cause of the incident was due to the illegal and grossly negligent operation of the wave runner by Smith.<br><br>Capt. Messer-Bookman Decl., Doc. #30, ¶7. | 16. Disputed that Smith's operation of the WaveRunner, standing alone, caused the incident.<br><br>Responses to 8-12, *supra*, demonstrate genuine issues of material fact regarding, inter alia, whether WSR warned Smith about the hazards of operating the WaveRunner and whether WSR communicated and enforced its policies for its employees and renters like Smith.<br><br>Cal. Code Regs. tit. 14, § 6565; Dkt. 30-4, page 8 of 20.<br><br>Improper legal conclusion. *G.F. Co. v. Pan Ocean Shipping Co. Ltd.*, 23 F.3d 1498, 1507 n. 6 (9th Cir. 1994) (matters of law for the court's determination are inappropriate subjects for expert testimony); *Kodwavi v. Intercontinental Hotels Group Resources, Inc.*, 966 F.Supp.2d 971, 974–76 (N.D. Cal. 2013) (when ruling on a summary judgment motion, the court did not consider statements in an affidavit that lacked foundation or were based upon legal conclusions).<br><br>Counter Claimant Willis also has not had any opportunity to conduct discovery. Fed. R. Civ. P. 56(d); Kronenberg Decl., ¶¶ 2-3. |
| 17. WSR neither knew nor should have known of the events leading to | 17. Disputed. WSR's knowledge is not measured by "what the owner |

13

Counter Claimant Willis' Response to Separate Statement of Undisputed Material Facts
In Opposition to Motion to Dismiss/Summary Judgment                                      No. 2:17-cv-00653-JAM-EFB

EXHIBIT A, page 13

| | |
|---|---|
| the accident.<br><br>Capt. Messer-Bookman Decl., Doc. #30, ¶7. | knows, but what he is charged with finding out." *Avera v. Florida Towing Corp.*, 322 F.2d 155, 166 (5th Cir. 1963) (citation omitted). One who fails to do so "must bear the consequences of what inquiry would have revealed." *Avera*, 322 F.2d at 166.<br><br>WSR failed to meet its initial burden of production that it communicated and enforced any warnings or policies for its employees and renters like Smith, including the purported no-passenger policy and the requirement to wear a wetsuit. Responses 8-12, 16, *supra*.<br><br>Cal. Code Regs. tit. 14, § 6565. Dkt. 30-4, page 8 of 20.<br><br>Improper legal conclusion. *G.F. Co. v. Pan Ocean Shipping Co. Ltd.*, 23 F.3d 1498, 1507 n. 6 (9th Cir. 1994) (matters of law for the court's determination are inappropriate subjects for expert testimony); *Kodwavi v. Intercontinental Hotels Group Resources, Inc.*, 966 F.Supp.2d 971, 974–76 (N.D. Cal. 2013) (when ruling on a summary judgment motion, the court did not consider statements in an affidavit that lacked foundation or were based upon legal conclusions).<br><br>Counter Claimant Willis also has not had any opportunity to conduct |

14

Counter Claimant Willis' Response to Separate Statement of Undisputed Material Facts
In Opposition to Motion to Dismiss/Summary Judgment                              No. 2:17-cv-00653-JAM-EFB

EXHIBIT A, page 14

| COUNTER DEFENDANT WSR's UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | COUNTER CLAIMANT WILLIS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | discovery. Fed. R. Civ. P. 56(d); Kronenberg Decl., ¶¶ 2-3. |

15

Counter Claimant Willis' Response to Separate Statement of Undisputed Material Facts
In Opposition to Motion to Dismiss/Summary Judgment                    No. 2:17-cv-00653-JAM-EFB

EXHIBIT A, page 15

| | |
|---|---|
| 18. WSR's conduct did not fall below the standard or care in either the industry or that would be necessary in renting the wave runner.<br><br>Capt. Messer-Bookman Decl., Doc. #30, ¶10. | 18. Disputed. WSR has not met its initial burden of production of evidence from anyone with personal knowledge of facts from the August 13, 2016 rental at issue.<br><br>WSR's expert has not defined the standard of care, or addressed whether WSR even communicated or enforced its policies for its employees and renters like Smith, regarding, inter alia, the purported no-passenger policy and the requirement to wear a wetsuit. *See* Responses 8-12, 16-17, *supra*.<br><br>Cal. Code Regs. tit. 14, § 6565. Dkt. 30-4, page 8 of 20.<br><br>Improper legal conclusion. *G.F. Co. v. Pan Ocean Shipping Co. Ltd.*, 23 F.3d 1498, 1507 n. 6 (9th Cir. 1994) (matters of law for the court's determination are inappropriate subjects for expert testimony); *Kodwavi v. Intercontinental Hotels Group Resources, Inc.*, 966 F.Supp.2d 971, 974–76 (N.D. Cal. 2013) (when ruling on a summary judgment motion, the court did not consider statements in an affidavit that lacked foundation or were based upon legal conclusions).<br><br>The owner's knowledge is not measured by "what the owner knows, but what he is charged with finding out." *Avera v. Florida* |

16

Counter Claimant Willis' Response to Separate Statement of Undisputed Material Facts
In Opposition to Motion to Dismiss/Summary Judgment                  No. 2:17-cv-00653-JAM-EFB

EXHIBIT A, page 16

| COUNTER DEFENDANT WSR's UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | COUNTER CLAIMANT WILLIS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
|  | *Towing Corp.*, 322 F.2d 155, 166 (5th Cir. 1963) (citation omitted). One who fails to do so "must bear the consequences of what inquiry would have revealed." *Avera*, 322 F.2d at 166.<br><br>Counter Claimant Willis also has not had any opportunity to conduct discovery. Fed. R. Civ. P. 56(d); Kronenberg Decl., ¶¶ 2-3. |

DATED: August 15, 2017

THE VEEN FIRM, P.C.
McGUINN, HILLSMAN & PALEFSKY


By: /s/ Steven A. Kronenberg
    Anthony L. Label
    Steven A. Kronenberg
    John R. Hillsman
    Attorneys for Respondent/Counter-Claimant
    MARIAN LATASHA WILLIS
    Personal Representative of the Estate of
    RAESHON WILLIAMS

541363_1

17
Counter Claimant Willis' Response to Separate Statement of Undisputed Material Facts
In Opposition to Motion to Dismiss/Summary Judgment                No. 2:17-cv-00653-JAM-EFB

EXHIBIT A, page 17