B. OTIS FELDER (CSB No. 177628)
*CSB Certified Admiralty & Maritime Law Specialist*
WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, California 94105-2725
Telephone:    (415) 433-0990
Facsimile:    (415) 434-1370
Email: Otis.Felder@wilsonelser.com

Attorneys for Petitioner, Counter Defendant,
& Third-Party Plaintiff
WILLIAMS SPORTS RENTALS, INC.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IN ADMIRALTY

| | |
|---|---|
| IN RE: COMPLAINT AND PETITION OF WILLIAMS SPORTS RENTALS, INC. AS OWNER OF A CERTAIN 2004 YAMAHA WAVERUNNER FX 140 FOR EXONERATION FROM OR LIMITATION OF LIABILITY | Case No. 2:17-cv-00653-KJM-JDP<br><br>Hon. Kimberly J. Mueller<br>Chief U.S. District Judge<br><br>**JOINT STATUS REPORT**<br><br>F.R.C.P. Rule 16 (Local Rule 240(b)) |
| MARIAN LATASHA WILLIS, on behalf of the Estate of RAESHON WILLIAMS,<br><br>    *Respondent/Counter Claimant,*<br><br>    v.<br><br>WILLIAMS SPORTS RENTALS, INC.,<br><br>    *Petitioner/Counter Defendant.* | |
| WILLIAMS SPORTS RENTALS, INC.,<br><br>    *Petitioner, Counter Defendant, and Third-party Plaintiff,*<br><br>    v.<br><br>THOMAS SMITH, KAI PETRICH, BERKELEY EXECUTIVES, INC., ZIP, INC., and DOES 1-10,<br><br>    *Third-party Defendants.* | |

| | |
|---|---|
| KAI PETRICH, | ) |
|     *Counter-Claimant,* | ) |
|                     v. | ) |
| WILLIAMS SPORTS RENTALS, INC. | ) |
|     *Counter-Defendant.* | ) |
| TWIN CITY FIRE INSURANCE COMPANY and SENTINEL INSURANCE COMPANY, LIMITED, | ) |
|     *Intervenors and Counter Claimants,* | ) |
|                     v. | ) |
| BERKELEY EXECUTIVES, INC., THOMAS SMITH, and JOES 1-100, | ) |
|     *Counter Defendants and Third-Party Defendants.* | ) |
| KAI PETRICH, | ) |
|     *Third-Paty Complainant and Third-Party Defendant,* | ) |
|                     v. | ) |
| THOMAS SMITH, BERKELEY EXECUTIVES, INC., and ROES 1-10, | ) |
|     *Third-Party Defendants.* | ) |

Further to the Court's July 7, 2023 Minute Order, Petitioner WILLIAMS SPORTS RENTALS, INC. ("WSR"), Claimants MARIAN LATASHA WILLIS, ON BEHALF OF THE ESTATE OF RAESHON WILLIAMS ("Willis"), Kai Petrich ("Petrich) and TWIN CITY FIRE INSURANCE COMPANY and SENTINEL INSURANCE COMPANY, LIMITED on behalf of Zip, Inc. ("The Hartford"),[1] submit this Joint Status Report as to the case status and plan for moving the case forward as follows:

---

[1] As noted by the caption and record, Cross-Complainant WSR has also filed a third-party complaint, and Claimants Petrich and The Hartford have also asserted various cross-claims and counterclaims.

**a.     The nature of the case**

This is an admiralty and maritime matter in which the Petitioner WSR, the owner of a Yamaha-brand wave runner personal watercraft (also referred to as a "jet ski"), seeks exoneration from or limitation of liability pursuant to Limitation of Liability Act ("LOLA"), 46 U.S.C. § 30505 *et seq.* (2006), following the drowning of Raeshon Williams after he fell off a jet ski being operated by Thomas Smith ("Smith") on Lake Tahoe on August 13, 2016.  Claimant Willis seeks to bring wrongful death / survival actions on behalf of the Estate, herself, and Mr. Williams' father under general maritime law based on a theory of negligent entrustment of the vessel by WSR to Smith.  WSR tendered the claims and seeks indemnification from the jet ski renters Smith and Petrich along with their companies, and Claimants Petrich and The Hartford have also brought claims for contribution against Smith and his defunct company, Berkeley Executives ("Berkeley").

While no resolution was reached in this matter during both in person mediation on February 28, 2020 and follow up telephonic meeting on March 20, 2020, the parties agree that the following issues and/or facts are undisputed and hereby stipulate:

1. This is a case of admiralty and maritime jurisdiction under 28 U.S.C. § 1333 and is filed pursuant to Rule 9(h) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. (Complaint, Doc. #1 & Answer, Doc. #16, ¶1).

2. It was filed under the Vessel Owners Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*, and Rule F of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims.

3. Venue is proper as the incident which forms the basis of this action occurred upon the navigable waters of Lake Tahoe, within the territorial boundaries of the State of California (Complaint, Doc. #1 & Answer, Doc. #16, ¶2).

4. Raeshon Williams (Deceased) (hereinafter "decedent") died by drowning, on or about August 13, 2016, in California territorial waters of Lake Tahoe, approximately 100 yards from the California shore (the "incident"). (Complaint, Doc. #3 & Answer, Doc. #16, ¶7).

5. Raeshon Williams (the "Decedent") was 22 years old at the time of the incident.

6. Decedent was working for Third-Party Defendant Zip, Inc., a company founded and operated by Third-party Defendant Kai Petrich ("Petrich").

7. Third-party Defendant Smith owned the firm Berkeley Executives, which rented space in the same building as Zip, Inc.

JOINT STATUS REPORT - 3
285124334v.1

EXHIBIT B, page 3

8. Petitioner and Counter Defendant Williams Sports Rentals, Inc. ("WSR"), which also does business as Tahoe Keys Boat Rental, is a California corporation with an office and place of business in South Lake Tahoe, California. (Complaint, Doc. #3 & Answer, Doc. #16, ¶3).

9. The Vessel is a Yamaha Waverunner ("the wave runner").).

10. Petitioner and Counter Defendant WSR owned the wave runner. (First Amended Counter Claim, Doc. # 21, at ¶5).

11. During the early afternoon of August 13, 2016, WSR rented the wave runner to Thomas Smith ("Smith"). (First Amended Counter Claim, Doc. # 21, at ¶¶6-7).

12. Smith departed Timber Cove with decedent sitting behind him and navigated the vessel directly into an on-coming wake so as he and decedent were thrown off into the water where decedent drowned. (First Amended Counter Claim, Doc. # 21, at ¶8).

   b. **Progress in the service of process**

WSR has served all parties including Smith, against whom entry of default was granted on August 1, 2023 (ECF No. 169). WSR plans to move for default judgments against Smith & Berkeley.

After this Court granted Petrich's Motion to Set Aside the June 27, 2017 Clerk's Entry of Default (ECF No. 24), Petrich and The Hartford filed Third Party Complaints against Smith and his defunct company, Berkeley Executives ("Berkeley"). Summons were issued in July and Petrich and The Hartford are now attempting to serve Smith.

   c. **Possible joinder of additional parties**

No additional parties are anticipated.

   d. **Any expected or desired amendment of pleadings**

No further pleadings or amendments are anticipated.

   e. **Jurisdiction and venue**

This Court has exclusive admiralty jurisdiction, pursuant to 28 U.S.C. § 1333, to adjudicate WSR's Petition. WSR, Petrich and The Hartford assert this Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

Willis will seek relief to try her claims against all defendants in state court prior to this limitation Petition, and therefore does not agree to consent to supplemental jurisdiction in this Court for those claims.

1  Venue is proper pursuant to Supplemental Admiralty Rule F(9) and Local Rule 120(d)
2  because the events giving rise to this action and the Vessel was located in El Dorado County,
3  California.

    **f.**    **Anticipated motions and the scheduling of motions**

### WSR

Petitioner WSR plans to move, pursuant to Fed. R. Civ. P. 55(b)(2), for a default judgment against Smith and Berkeley, setting a hearing, pursuant to Local Rule 302(c)(19), before Judge Jeremey D. Petersen in early September. Having already met and conferred, WSR also anticipates filing a motion for summary judgment based on Smith's and Decedent's illegal actions as superseding causes to be heard at the end of September.

### WILLIS

After the Ninth Circuit has handed down its decision in Respondent Willis' interlocutory appeal, she, depending on the outcome, will either move to stay proceedings before this Court until a resolution has been reached in her parallel state court case or move under Fed.R.Civ.P. 12(b)(6) and 56 to dismiss Petrich's and The Hartford's counter claims unless WSR finishes what it started in the state court and files those motions itself.

### PETRICH

Counterclaimant and Third-Party Plaintiff Petrich is considering dispositive motions and, pending this Court's determination of WSR's request for default judgment against Smith, a similar motion for default judgment following service on Smith.

    **g.**    **Anticipated discovery and the scheduling of discovery & Fed. R. Civ. P. Rule 26(g) discovery plan**

As previously reported as to the limitation proceedings, the parties agree that in addition to the disclosures that have already been made, WSR has propounded requests for admissions, interrogatories, and request for production of documents, to which Willis has already responded. Having deposed Kenzie Usher in December, Willis plans to continue with taking depositions of additional witnesses. The parties agree WSR employee depositions be conducted in person in South Lake Tahoe or where the witness resides, provided also that any attorney may appear at a

1  deposition either electronically or via Zoom, and if requiring the witness to appear via Zoom, the
2  party making the request will provide the accommodation and equipment for doing so.

3        (1)    *(Rule 26(f)(3)(A))* As to the limitation proceedings, the parties agree that in
4  addition to the disclosures that have already been made, further initial disclosures will be made
5  by Claimants Petrich and The Hartford by August 21, 2023. So as to avoid unnecessary proof
6  and of cumulative evidence, and limitations or restrictions on the use of testimony, the parties
7  agree that verified discovery responses, deposition testimony and declarations as part of Willis'
8  stayed state court proceedings may be used for any and all purposes in these proceedings
9  provided they are provided by the party proffering the evidence as part of its original or as part of
10 supplemental disclosures and comply with the Fed. Rules of Evidence and Fed. R. Civ. P.

11       (2)    *(Rule 26(f)(3)(B))* Claimants plan to take the depositions of WSR employees
12 involved in the rental and maintenance of the vessel, first responder depositions, percipient witness
13 depositions on liability and damages, and expert depositions. Claimants and Counterclaimants also
14 may propound additional written discovery. WSR and Counterclaimants anticipate taking
15 discovery with respect to damages, which would likely be accomplished within 4-5 months. The
16 parties anticipate completing all discovery by June 2024.

17       (3)    *(Rule 26(f)(3)(C))* The parties are not aware of any particular ESI issues that
18 may arise in this case, but will address those to the Court if they do arise and cannot be resolved by
19 the parties. The parties agree that they may produce electronically stored information in the form in
20 which it was maintained, unless such form requires third-party software for viewing, in which case
21 the parties will meet and confer about how to accommodate such production and address any
22 unresolvable issues to the Court.

23       (4)    *(Rule 26(f)(3)(D)).* The parties agree to matters protected by privileges need
24 not be produced unless specifically ordered by the Court.

25       (5)    *(Rule 26(f)(3)(E)).* No other limitations on discovery are contemplated at
26 this time.

27 ///
28 ///

(6) *(Rule 26(f)(3)(F))* Counsel for the parties are to meet and confer via email or telephone or Zoom call with respect to scheduling depositions before sending out a notice or deposition subpoena and give at least 10 courts days' notice before a deposition.

**h. Future proceedings, including setting appropriate cut-off dates for discovery, law and motion, and scheduling of pretrial conference and trial**

Willis has alleged that WSR knew or should have known Smith did not have the knowledge, training, or experience to operate a jet ski safely. WSR asserts there is no evidence to establish such a claim in this case and that it should be resolved as a matter of law by summary judgment, or if genuine issues of material fact are shown to exist, the Court either conduct a hearing to resolve those facts or a bench trial.

Petrich asserts he cannot be liable for the actions of another defendant (Smith) either directly, or indirectly, and that Willis' claims against Petrich should be resolved in the Limitation Action.

Subject both to the Ninth Circuit's decision of Willis' pending interlocutory appeal and to the anticipated motions Willis described in Section (f) hereinabove, the parties propose the following cut-off deadlines:

April 1, 2024 - Expert disclosures deadline

April 22, 2024 - Rebuttal expert disclosures deadline

June 3, 2024 - Discovery cut-off, including experts, deadline

June 28, 2024 - Law and motion - hearing deadline

August 2, 2024 - Pretrial conference

August 19, 2024 – Bench Trial

**i**. **Appropriateness of special proceedings**

No other special proceedings are contemplated than those already specified herein.

**j. Estimate of trial time**

10 court days for the liability and damages claims.

**k. Modification of standard pretrial procedures specified by the rules due to the relative simplicity or complexity of the action or proceedings**

No modification proposed at this time.

JOINT STATUS REPORT - 7
285124334v.1

EXHIBIT B, page 7

**l.     Whether the case is related to any other case, including matters in bankruptcy**

There are no related cases or matters pending in this Court.

Willis has also filed an action in Alameda Superior Court (Case No. RG17866531), which has been stayed.

Sentinel Insurance Company, Ltd. filed a declaratory judgment action against Berkeley, Smith, and Willis seeking a declaration that it had no duty to defend and/or indemnify Berkeley and Smith against the Estate/Willis's action in Alameda Superior Court. *Sentinel Insurance Company, Ltd. v. Berkeley Executives et al.,* N.D. Cal. Case No. 3:19-cv-06312-VC ("Coverage Action") in which Willis and Smith were also defendants, and a default finding no coverage was entered. Berkeley and Smith did not appear in the Coverage Action; Willis withdrew her answer to the declaratory relief complaint and stipulated with Sentinel to be bound by the coverage determinations. (ECF No. 38.) Following Willis' withdrawal of her answer, the Court granted Sentinel's motion for default judgment, finding Sentinel had no duty to defend or indemnify Smith and Berkeley and had the right to withdraw from the defense. (ECF No. 56.)

**m.     Whether a settlement conference should be scheduled**

While the parties continue to be willing to participate in any a court-ADR proceedings suggested or mandated by the Court, including additional mediation, Willis claims her ability to settle is constrained because she asserts any settlement with WSR would extinguish her ability to assert joint and several liability against Smith, Petrich, and/or The Hartford. See *McDermott, Inc. v. AmClyde,* 511 U.S. 202 (1994). However, WSR contends that right has already been lost by her actions in the Coverage Action.

**n.     Any other matters that may add to the just and expeditious disposition of the matter**

Subject both to the Ninth Circuit's decision of Willis' pending interlocutory appeal and to the anticipated motions Willis described in Section (f) hereinabove, the parties believe third-party claims will be resolved by motion to dismiss, summary judgment, and/or summary adjudication, but if not, then the third-party claims may be included in the bench trial.

///

| | | |
|---|---|---|
| 1 | Dated: Aug. 7, 2023 | Respectfully Submitted, |
| 2 | | **WILSON, ELSER, MOSKOWITZ,** |
| 3 | | **EDELMAN & DICKER LLP** |
| 4 | | By: *[signature: Bo. Felder]* |
| 5 | | B. Otis Felder |
| | | *CSB Certified Admiralty* |
| 6 | | *& Maritime Law Specialist* |
| 7 | | Attorneys for Petitioner, Counter Defendant, & Third-Party Plaintiff |
| | | ***WILLIAMS SPORTS RENTALS, INC***. |
| 8 | | E-mail: otis.felder@wilsonelser.com |
| 9 | Dated: Aug. 7, 2023 | **McGUINN, HILLSMAN & PALEFSKY** |
| 10 | | |
| 11 | | By: */s/ John R. Hillsman* (per authority 8/7/2023) |
| | | John R. Hillsman |
| 12 | | For Claimant |
| | | MARIAN LATASHA WILLIS |
| 13 | | |
| 14 | Dated: Aug. 7, 2023 | **THE VEEN FIRM** |
| 15 | | By: */s/ Steven A. Kronenberg (*per auth. 8/7/2023 |
| 16 | | Anthony L. Label |
| | | Steven A. Kronenberg |
| 17 | | For Claimant |
| | | MARIAN LATASHA WILLIS |
| 18 | | |
| 19 | Dated: Aug. 7, 2023 | **COX, WOOTON, LERNER,** |
| 20 | | **GRIIFIN & HANSEN, LLP** |
| 21 | | By: */s/ Lynn L. Krieger* (per authority 8/7/2023) |
| 22 | | Lynn L. Krieger, Esq. |
| | | Matthew Mihaly, Esq. |
| 23 | | Attorneys for Defendant, Cross-Defendant, and Cross-Complainant KAI PETRICH |
| 24 | | |
| 25 | Dated: Aug. 7, 2023 | **LAW OFFICE OF DAMIEN MOROZUMI** |
| 26 | | |
| 27 | | By: */s/ Damien Morozumi* (per authority 8/7/2023) |
| | | Damien Morozumi, Esq. |
| 28 | | Attorneys for Defendant, Cross-Defendant, and |

Dated: Aug. 7, 2023

Cross-Complainant KAI PETRICH

**MURPHY, PEARSON, BRADLEY & FEENEY, P.C.**

By: <u>*/s/ Laura R. Grealish*</u> (per authority 8/7/2023)
Mark S. Perelman, Esq.
Laura R. Grealish, Esq.
Attorneys for Intervenors
TWIN CITY FIRE INSURANCE COMPANY &
SENTINEL INSURANCE COMPANY LTD.