
22631647

ANTHONY L. LABEL (SBN 205920)
a.label@veenfirm.com
STEVEN A. KRONENBERG (SBN 215541)
s.kronenberg@veenfirm.com
THE VEEN FIRM
20 Haight Street
San Francisco, CA 94102
Tel: (415) 673-4800
Fax: (415) 771-5845

JOHN R. HILLSMAN (SBN 71220)
jrhillsman@hpsf.com
McGUINN, HILLSMAN & PALEFSKY
535 Pacific Avenue, Suite 100
San Francisco, CA  94133
Telephone:    (415) 421-9292
Facsimile:    (415) 403-0202

Attorneys for MARIAN LATASHA WILLIS
Personal Representative of the Estate of RAESHON WILLIAMS
Plaintiff

FILED
ALAMEDA COUNTY
NOV 2 1 2019
CLERK OF THE SUPERIOR COURT
By_____ Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| MARIAN LATASHA WILLIS, acting as the duly appointed Personal Representative of the Estate of RAESHON WILLIAMS (Deceased),<br><br>Plaintiff,<br><br>v.<br><br>ZIP, INC., KAI PETRICH, THOMAS SMITH, and DOES 1 through 15 inclusive,<br><br>Defendants.<br><br>And Related Cross Actions | No. RG17866531<br><br>Assigned for All Purposes to the Hon. Jeffrey Brand, Dept. 22<br><br>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO ZIP, INC.'S AND KAI PETRICH'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:    December 6, 2019<br>Time:   10:00 a.m.<br>Dept.:   22<br><br>Reservation No. R-2110742<br><br><u>Accompanying documents</u>:<br><br>1) Opposing Separate Statement of Undisputed Facts<br><br>2) Declaration of John R. Hillsman and Request for Judicial Notice |

McGUINN, HILLSMAN & PALEFSKY
535 Pacific Ave, Suite 100
San Francisco, CA 94133
(415) 421-9292

Plaintiff's Memorandum In Opposition to Motion for Summary Judgment

1

EXHIBIT E to FELDER DEC. (page 1)

Moving under CCP § 437c, and insisting that they have "found no authorities applicable to these facts that would hold Mr. PETRICH and his company liable for this incident," ZIP and PETRICH ask Your Honor to absolve them of any responsibility for WILLIAMS's death. In support of that request, they suggest "there may be a question as to what body of law applies," *id.* at 2:6-7, and sum up the material facts as follows:

> WILLIAMS was not a maritime worker of any sort. Likewise, ZIP, INC. and KAI PETRICH are not vessel owners, vessel operators, or maritime employers of any type. Plaintiff's complaint alleges an employer/employee relationship between WILLIAMS and these defendants, as was the case, which Plaintiff alleges gave rise to a duty that defendants allegedly breached. The source and scope of that duty is not found in maritime law. We must look to state law standards and remedies to govern the relationship between these parties.

*Id.* at 5:17-22. ZIP and PETRICH are misstating the material facts, misreading the governing law, and misrepresenting the Plaintiff's allegations. According to their statement of undisputed facts for example:

> Unbeknownst to Mr. PETRICH, Decedent chose to ride on the back of Mr. SMITH's jet ski. This was never requested or suggested by Mr. PETRICH.

*UDF No. 12.* Indeed, *UMF No. 9* represents that: "Mr. PETRICH does not recall ever seeing or speaking with Decedent on that weekend prior to the incident." But that is **not** what PETRICH and SMITH told the police on the day of the accident.

On the day of the accident, PETRICH told the Lake Tahoe police that he knew SMITH was giving WILLIAMS a ride on that jet ski – indeed that he had *asked* SMITH to give WILLIAMS a ride on that jet ski. *PX 1* at 94:7-14. SMITH told the police the very same thing. *PX 2* at 44:17-45:16. PETRICH also admitted to the police that he knew his and SMITH's charter agreement prohibited passengers on their two jet skis and required anyone who used either vessel to wear a life jacket. *PX 1* at 88:7-20; see also *PX 3* at WILLIS00018-WILLIS00020. "As the law recognizes in other contexts (see Evid. Code, §§ 1220- 1230) admissions against interest have a very high credibility value" and are therefore clearly admissible (and often dispositive) on summary judgment. *D'Amico v. Board of Medical Examiners* (1974) 11 C.3d 1, 22.

A rational trier of fact could also conclude that PETRICH and SMITH were engaged in a joint venture at the time of the accident. *PX 1* at 85:13-87:16. Under maritime law, "a joint

McGUINN, HILLSMAN & PALEFSKY  
535 Pacific Ave, Suite 100  
San Francisco, CA 94133  
(415) 421-9292

Plaintiff's Memorandum In Opposition to Motion for Summary Judgment      9

EXHIBIT E to FELDER DEC. (page 2)

Carlquist and O'Brien on the day of the accident tell a very different story.

PETRICH confessed to Officer Carlquist that while he was chartering their two jet skis, "the rental staff" not only "told" him "that he and Mr. SMITH were the only" persons "allowed" aboard those two vessels but explicitly "directed" him *not* to take any passengers out on the Lake. *PX 1* at 91:10-22. SMITH made the same admissions to Officer O'Brien. *PX 2* at 30:5-32:7 and 33:17-35:24. PETRICH and SMITH also admitted violating those directions. *PX 1* at 97:12-17.

PETRICH and SMITH told Officers Carlquist and O'Brien that, after motoring the jet skis over to El Dorado Beach, they "began giving rides to the different friends and family members" who had come to Tahoe for ZIP's and BERKELEY's joint team-building venture. *Id.* at 90:25-91:10; see also *PX 2* at 42:11-43:8. According to the version of events PETRICH gave Officer Carlquist, he took so many passengers out on the Lake aboard the jet ski he was operating that sometime around 5:00 pm, he gave himself "a break" and "asked SMITH to take WILLIAMS out for a ride." *PX 1* at 94:2-22, 95:12-15, and 96:17-97:11. SMITH told O'Brien the same thing. *PX 2* at 42:11-43:8. We asked Officer Carlquist about those admissions at her deposition:

> Q. So Mr. PETRICH told you that he asked Mr. Smith to give Mr. WILLIAMS a ride?
>
> A. Yes.
>
> Q. And Mr. Petrich then told you that Mr. SMITH and Mr. WILLIAMS did not wear any type of life vest or flotation device before leaving the beach and traveling northbound past the mooring field at El Dorado Beach, correct?
>
> A. Yes.

*PX 1* at 97:9-17. There is no evidence that WILLIAMS was ever told that life vests were required or given the option of wearing one. To the contrary, the evidence shows that SMITH was without a life jacket himself, *PX 2* at 40:17-41:8, and that after PETRICH persuaded SMITH to give WILLIAMS a ride, PETRICH walked away with the only life jacket that was available for WILLIAMS's use. *Id.* at 42:11-43:8.

It is difficult to understand how a Defendant who had made such admissions could ask this Court to summarily absolve him from any responsibility for RAESHON WILLIAMS's death.

McGUINN, HILLSMAN & PALEFSKY
535 Pacific Ave, Suite 100
San Francisco, CA 94133
(415) 421-9292

## CONCLUSION

WHEREFORE, we respectfully urge the Court to deny ZIP's and PETRICH's motion for summary judgment.

Dated: *November 20, 2019*

The VEEN FIRM
MCGUINN, HILLSMAN & PALEFSKY

By: _____
ANTHONY L. LABEL
STEPHEN S. KRONENBERG
JOHN R. HILLSMAN
Attorneys for Plaintiff

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Ave, Suite 100
San Francisco, CA 94133
(415) 421-9292

Plaintiff's Memorandum In Opposition to Motion for Summary Judgment       25

EXHIBIT E to FELDER DEC. (page 4)