

22631649

ANTHONY L. LABEL (SBN 205920)
a.label@veenfirm.com
STEVEN A. KRONENBERG (SBN 215541)
s.kronenberg@veenfirm.com
THE VEEN FIRM
20 Haight Street
San Francisco, CA 94102
Tel: (415) 673-4800
Fax: (415) 771-5845

JOHN R. HILLSMAN (SBN 71220)
jrhillsman@hpsf.com
MCGUINN, HILLSMAN & PALEFSKY
535 Pacific Avenue, Suite 100
San Francisco, CA 94133
Telephone: (415) 421-9292
Facsimile: (415) 403-0202

Attorneys for MARIAN LATASHA WILLIS, Plaintiff

FILED
ALAMEDA COUNTY
NOV 21 2019
CLERK OF THE SUPERIOR COURT
By Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| MARIAN LATASHA WILLIS, acting as the duly appointed Personal Representative of the Estate of RAESHON WILLIAMS (Deceased),<br><br>Plaintiff,<br><br>v.<br><br>ZIP, INC., KAI PETRICH, THOMAS SMITH, and DOES 1 through 15 inclusive,<br><br>Defendants.<br><br>And Related Cross Actions | No. RG17866531<br><br>Assigned for All Purposes to the Hon. Jeffrey Brand, Dept. 22<br><br>**DECLARATION OF JOHN R. HILLSMAN AND REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO ZIP, INC.'S AND KAI PETRICH'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date: December 6, 2019<br>Time: 10:00 a.m.<br>Dept.: 22<br><br>Reservation No. R-2110742 |

I, John R. Hillsman, hereby state and declare that:

1. I am an attorney at law, admitted to practice by the State of California and before this Honorable Court and am one of the attorneys of record for Plaintiff MARIAN LATASHA WILLIS herein.

2. I have reviewed the document attached hereto as *Exhibit 1* and can confirm that it is a true and correct photocopy of the indicated excerpts of the certified reporter's transcript of the deposition of Heather Carlquist taken herein on November 8, 2019. Plaintiff herewith respectfully offers *Exhibit 1* in lieu of the original thereof, pursuant to Evidence Code §1520.

3. I have reviewed the document attached hereto as *Exhibit 2* and can confirm that it is a true and correct photocopy of the indicated excerpts of the certified reporter's transcript of the deposition of Steve O'Brien taken herein on November 8, 2019. Plaintiff herewith respectfully offers *Exhibit 2* in lieu of the original thereof, pursuant to Evidence Code §1520.

4. I have reviewed the document attached hereto as *Exhibit 3* and can confirm that it is a true and correct photocopy of the document entitled "Williams Sport Rental, Inc. Ski Run Boat Company - Tahoe Keys Boat Rental - Customer Rental Agreement" that was introduced as Exhibit 10 to the deposition of Kai Petrich referenced above. *Exhibit 3* was authenticated be Defendant KAI PETRICH, at August 29, 2019 deposition herein. That transcribed authentication may be found at pages 116:23-117:8 of *Exhibit 4* hereto. Plaintiff herewith respectfully offers *Exhibit 3* in lieu of the original Customer Rental Agreement pursuant to Evidence Code §1520.

5. I have reviewed the document attached hereto as *Exhibit 4* and can confirm that it is a true and correct photocopy of the indicated excerpts of the certified reporter's transcript of the deposition of Kai Petrich taken herein on August 29, 2019. Plaintiff herewith respectfully offers *Exhibit 4* in lieu of the original thereof, pursuant to Evidence Code §1520.

6. I have reviewed the document attached hereto as *Exhibit 5* and can confirm that it is a map of Lake Tahoe that I obtained from the *Delorme Atlas.* Plaintiff herewith respectfully offers *Exhibit 5* in lieu of the original thereof, pursuant to Evidence Code §1520.

7. I herewith respectfully request the Court to take judicial notice of the adjudicative facts that:

a. Lake Tahoe sits astride the border of California and Nevada, and;

b. Lake Tahoe is capable of supporting commercial navigation.

I make this request under E.C. §§ 452(g) and (h) and 453 and *People v. Truckee Lumber Co.* (1897) 116 C. 397, 401. I herewith give Defendants ZIP and PETRICH notice of the instant request and

McGUINN, HILLSMAN & PALEFSKY
535 Pacific Ave, Suite 100
San Francisco, CA 94133
(415) 421-9292

respectfully furnish the Court with the map attached as *Exhibit 5* hereto in support thereof pursuant to E.C. § 452(b).

I have reviewed the foregoing Declaration, and can confirm under penalty of perjury that the facts and opinions contained therein are true and correct, and personally known to me, and that if I were called as a witness herein, I could competently so testify under oath.

Executed on the date below stated at San Francisco, California.

Dated: November 20, 2019

JOHN R. HILLSMAN

McGUINN, HILLSMAN & PALEFSKY
535 Pacific Ave, Suite 100
San Francisco, CA 94133
(415) 421-9292

Declaration of John R. Hillsman in Opposition to Motion for Summary Judgment
3
EXHIBIT F to FELDER DEC. (page 3)

Ex 1

EXHIBIT 1

EXHIBIT F to FELDER DEC. (page 4)

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

--oOo--

| | |
|---|---|
| MARIAN LATASHA WILLIS, acting as the duly appointed Personal Representative of the Estate of RAESHON WILLIAMS (Deceased), | Case No. RG17866531 |
| Plaintiff, | Volume I |
| -vs- | Pages 1 - 130 |
| ZIP, INC.; BERKELEY EXECUTIVES, INC.; KAI PETRICK; THOMAS SMITH; and DOES 1 to 100, inclusive, | |
| Defendants. | |
| AND RELATED CROSS-ACTIONS. | |

VIDEOTAPED DEPOSITION OF

HEATHER CARLQUIST

FRIDAY, NOVEMBER 8, 2019

Reported by:

KIMBERLY J. WALDIE, CSR NO. 8696

---

JAN BROWN & ASSOCIATES

WORLDWIDE DEPOSITION & VIDEOGRAPHY SERVICES

701 Battery St., 3rd Floor, San Francisco, CA 94111

(415) 981-3498 or (800) 522-7096

EXHIBIT 1

November 8, 2019 - FRIDAY 9:42 A.M.

P R O C E E D I N G S

--oOo--

09:42:16 THE VIDEOGRAPHER: We are going on the
09:42:17 record. This marks the beginning of today's
09:42:21 video-recorded deposition of Officer Heather
09:42:24 Carlquist taken in the matter of Marian Latasha
09:42:32 Willis acting as the duly appointed personal
09:42:35 representative of the estate of Raeshon Williams,
09:42:40 deceased, Plaintiff, versus Zip, Incorporated, et
09:42:45 al., Defendants, and related cross-actions, in the
09:42:49 Superior Court of the State of California, County of
09:42:52 Alameda. This is case No. RG17866531.
09:43:02 Today's date is November 8, 2019, and the
09:43:06 time is 9:43 a.m. We are located at the Station
09:43:12 House Inn in South Lake Tahoe, California.
09:43:16 The videographer is Jeff Waldie of Jan
09:43:19 Brown & Associates Worldwide Deposition and
09:43:24 Videography Services, 1-800-522-7096. The court
09:43:30 reporter is Kim Waldie, also of Jan Brown &
09:43:34 Associates.
09:43:34 Would counsel please identify themselves
09:43:36 and state whom they represent.
09:43:38 MR. LABEL: Anthony Label for Plaintiffs.
09:43:42 MR. PHILLIPS: Samuel Phillips --

09:43:42 MS. KRIEGER: Lynn --
09:43:44 MR. PHILLIPS: Samuel Phillips for Defendant Sentinel Insurance Company on behalf of Berkeley Executives.
09:43:52 MS. KRIEGER: Lynn Krieger for Defendant Kai Petrich and Zip, Inc.
09:43:59 THE VIDEOGRAPHER: Thank you --
09:43:59 MR. POWELL: Kenneth Powell -- Kenneth Powell also for the defendant.
09:44:05 THE VIDEOGRAPHER: Thank you. If there are no stipulations, the court reporter may swear in the witness.
09:44:20 (Whereupon the witness was sworn in by the court reporter.)

EXAMINATION

09:44:21 BY MR. LABEL:
09:44:21 Q. Good morning, Officer Carlquist.
09:44:24 **A. Good morning, sir.**
09:44:25 Q. Am I pronouncing your name correctly?
09:44:27 **A. Yes, that's correct.**
09:44:28 Q. And is "Officer" the correct honorific to address you?
09:44:31 **A. Yes, sir.**
09:44:31 Q. Okay. Could you state and spell your name for the record, please?

A. **Yes.**

Q. And at 22 miles an hour is an excessive speed to operate a jet ski?

A. **For the conditions.**

Q. Based on the choppy waves?

A. **Yes, and the wakes that were created. I would also include it as operator inexperience because he did not have very much experience operating PWCs.**

Q. Is part of the reason why it's an excessive speed considering the fact that there were no personal floatation devices being worn by the operator or the passenger?

A. **I would say that's a separate issue, because everybody that is operating and riding on a PWC should be wearing a personal floatation device regardless of their speed.**

Q. Is the lack of a personal floatation device an additional cause of this drowning death?

A. **I believe so.**

Q. You didn't mark that as an other or additional cause in your report?

A. **Correct.**

Q. Is there a reason why?

A. **I'm not sure if it allows you to put more**

A. Yes.

Q. And you transferred those notes directly into your report?

A. Yes.

Q. And then that report's been maintained in the ordinary course of South Lake Tahoe Police Department's business?

A. Yes.

Q. Okay. In the next paragraph, what did Mr. Petrich tell you?

A. He said that he and Mr. Smith had initially attempted to rent PWCs from the Ski Run Marina. I believe other members from their group also attempted to rent PWCs as well, but they were all rented and none were available from Ski Run Marina.

And at that point they had looked around for other rental offices that might have availability and were directed to go to the Tahoe Keys Rental office that might have available PWCs for them to take out for the afternoon.

And so at that point they went over -- meaning Mr. Smith and Mr. Petrich went over -- to the Tahoe Keys Marina, at the Tahoe Keys Rental office, and --

Q. And that was about at 2:30 in the

12:07:27 Mr. Smith and him did?

12:07:30 **A. He had said that they completed a test and a rental agreement at the rental office, and they were given two PWCs. And the paperwork process to complete the short test and paperwork took about ten to 20 minutes to complete inside their office there.**

12:07:59 Q. What did Mr. Petrich tell you next?

12:08:04 **A. He said --**

12:08:06 Q. Or, actually, I'm sorry, I think you went past one of the sentences. During the rental application process, did Mr. Petrich tell you anything that he and Mr. Smith were told by the rental staff?

12:08:17 **A. Yes. The rental staff said that they were only allowed to be the only operators and occupants of their assigned vessels; so they were not allowed to have any passengers onboard on their vessels.**

12:08:33 Q. And Mr. Petrich told you that, that he and Mr. Smith were directed by the rental staff not to have passengers and they were not allowed to do that.

12:08:42 **A. Yes.**

12:08:42 Q. What else did Mr. Petrich tell you?

12:08:46 **A. He said that the rental staff said that they would comp the first few minutes before the**

people. So that portion would not be illegal.

Q. What else did Mr. Petrich tell you?

A. He said at that point they went over to the area between El Dorado Beach and Timber Cove Beach where the rest of their party, the group of 15 to 20 friends and family members that -- were in the area lounging and playing in the water and began giving rides to the different friends and family members to the businesses.

Q. Again, in violation of the admonition that they were to be the only operators?

A. Correct.

Q. And Ms. Petrich -- Mr. Petrich told you that both he and Mr. Smith were both doing this. Correct?

A. Yes.

Q. And what else did he tell you?

A. He said that his hands were getting tired and he was getting tired just in general from riding on the PWC and wanted to take a break. And he turned over his PWC to one of his friends, which he identified as being Dylan Miller.

Q. Back up a paragraph when Mr. Smith and Mr. Petrich are taking turns operating and allowing members from their party to ride the two jet skis.

**asked Smith to take Williams out for a ride, being that Mr. Petrich knew Mr. Williams and didn't know Mr. Smith.**

Q. Mr. Williams didn't know Mr. Smith.

**A. Correct.**

Q. Okay. And that's what Mr. Petrich told you, or did Mr. Smith tell you that as well?

**A. No. Mr. Petrich told me that.**

Q. So Mr. Petrich told you that he asked Mr. Smith to give Mr. Williams a ride?

**A. Yes.**

Q. Okay. And Mr. Petrich then told you that Mr. Smith and Mr. Williams did not wear any type of life vest or floatation device before leaving the beach and traveling northbound past the mooring field at El Dorado Beach. Correct?

**A. Yes.**

Q. And then what did you ask Mr. Smith --

**A. I asked --**

Q. -- I mean Mr. Petrich?

**A. I asked him if he knew where Mr. Smith's PFD was located, and he said he didn't know where it was or what happened to it.**

Q. Okay. What else did Mr. Petrich tell you?

**A. He said while he was waiting in the water**

I, KIMBERLY J. WALDIE, CSR, licensed in the State of California, No. 8696, hereby certify that the witness in the foregoing deposition was by me duly sworn to testify to the truth, the whole truth, and nothing but the truth in the within-entitled cause;

That said deposition was taken at the time and place therein stated; that the testimony of said witness was reported by me, a Certified Shorthand Reporter and a disinterested person, and was under my supervision thereafter transcribed into typewriting by computer to the best of my ability;

And I further certify that I am not of counsel or attorney for either or any of the parties to said deposition nor in any way interested in the outcome of the cause named in said deposition in said caption and not related to any of the parties thereto.

IN WITNESS WHEREOF, I have hereunto set my hand this 19th day of November, 2019.

Kimberly J. Waldie

KIMBERLY J. WALDIE, CSR No. 8696



Ex
2

EXHIBIT 2

EXHIBIT F to FELDER DEC. (page 14)

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF ALAMEDA**

**--oOo--**

| | |
|---|---|
| MARIAN LATASHA WILLIS, acting as the duly appointed Personal Representative of the Estate of RAESHON WILLIAMS (Deceased), | ) Case No. RG17866531 |
| | ) Volume I |
| Plaintiff, | ) Pages 1 - 88 |
| -vs- | ) |
| ZIP, INC.; BERKELEY EXECUTIVES, INC.; KAI PETRICK; THOMAS SMITH; and DOES 1 to 100, inclusive, | ) |
| Defendants. | ) |
| AND RELATED CROSS-ACTIONS. | ) |

**VIDEOTAPED DEPOSITION OF**

**STEVE O'BRIEN**

**FRIDAY, NOVEMBER 8, 2019**

Reported by:

KIMBERLY J. WALDIE, CSR NO. 8696

---

**JAN BROWN & ASSOCIATES**

**WORLDWIDE DEPOSITION & VIDEOGRAPHY SERVICES**

**701 Battery St., 3rd Floor, San Francisco, CA 94111**

**(415) 981-3498 or (800) 522-7096**

EXHIBIT 2

BE IT REMEMBERED that, pursuant to notice of taking deposition, on FRIDAY, NOVEMBER 8, 2019, commencing at the hour of 2:01 p.m., at the office of Jan Brown & Associates, 12313 Soaring Way, Ste. 3A, Truckee, California, 96161, before me, Kimberly J. Waldie, a Certified Shorthand Reporter, CA CSR No. 8696, NV CCR No. 720, there personally appeared

STEVE O'BRIEN,

called as a witness by the plaintiffs, who, after having been duly sworn by the reporter, was thereupon examined and testified as hereinafter set forth:

--oOo--

ANTHONY L. LABEL, Attorney at Law, of The Veen Firm, P.C., 20 Haight Street, San Francisco, California, 94102, personally appeared as counsel on behalf of Plaintiff, Marian Latasha Willis.
Telephone: (415) 673-4800
E-mail: A.label@veenfirm.com

November 8, 2019 - FRIDAY 2:01 P.M.

P R O C E E D I N G S

--oOo--

14:01:40 THE VIDEOGRAPHER: We are going on the
14:01:53 record. This marks the beginning of today's
14:01:57 video-recorded deposition of Officer Steve O'Brien,
14:02:01 taken in the matter of Marian Latasha Willis, acting
14:02:08 as the duly-appointed personal representative of the
14:02:11 estate of Raeshon Williams, deceased, Plaintiff,
14:02:15 versus Zip, Inc., et al., and -- Defendants and
14:02:18 cross -- related cross-actions in the Superior Court
14:02:23 of the State of California, County of Alameda. This
14:02:28 is case No. RG17866531.

14:02:35 Today's date is November 8, 2019, and the
14:02:39 time is approximately 2:02 p.m. We are located at
14:02:44 the Station House Inn in South Lake Tahoe,
14:02:47 California.

14:02:47 The videographer is Jeff Waldie of Jan
14:02:51 Brown & Associates Worldwide Deposition and
14:02:57 Videography Services, 1-800-522-7096. The court
14:03:03 reporter is Kim Waldie also of Jan Brown &
14:03:07 Associates.

14:03:07 Would counsel please identify themselves
14:03:10 and state whom they represent.

14:03:11 MR. LABEL: Anthony Label for Plaintiff.

**get out there and get on the machine and get to his friends and do whatever he wanted to out there.**

Q. I'm looking in Exhibit 20 now because I think it might be a good time to do it while we're talking about it. And it's about I'll say a little bit less than halfway into the document where we get to a checklist, a safety checklist, called "Ski Run" --

**A. Yeah.**

Q. -- "Boat Company Tahoe Keys."

**A. Yes.**

Q. Is this what you are referring to?

**A. Yes, exactly.**

Q. And this is something that Kai Petrich and Thomas Smith signed together --

**A. Yes.**

Q. -- when they both went to rent these jet skis together. Correct?

**A. Yes.**

Q. And in the second one down, that says that "All riders must wear a properly fitted, U.S. Coast Guard approved life jacket." Correct?

**A. Correct.**

Q. And that's what you showed him?

**A. Yes.**

14:44:50 Q. And his claim was that it was going too fast for him to read that?
14:44:54 **A. And he just signed it. He just initialled it.**
14:44:59 Q. Okay.
14:44:59 **A. And then probably one, two -- three from the bottom, "Observe all federal, state, and local boating laws" --**
14:45:07 Q. Okay.
14:45:09 **A. -- of which that is a boating law in the state of California and a federal law.**
14:45:15 Q. The requirement to wear a personal floatation device.
14:45:18 **A. Yes, when you are operating a personal watercraft.**
14:45:21 Q. After Smith says that he was quickly signing at the last sentence of the first paragraph in Exhibit 19 on page 301 --
14:45:35 **A. Okay. Yes, there we are. Okay.**
14:45:44 Q. -- Smith told you that if he knew it was a law, he would have never operated it without the personal floatation device. Is that something he told you?
14:45:53 **A. Yes.**
14:45:54 Q. And you put it in quotes that he said he'd

**wanted to devote his time to his friends and colleagues. Mr. Petrich approached Smith and asked if Mr. Smith would take Mr. Williams out for a ride, he was a good guy, described him as a good guy and that would be a big favor to him, Petrich, if he would take him for a ride.**

Q. And what did Smith tell you he did after that request?

**A. He -- he took him out and put him on the back of the -- or Mr. Williams mounted the back of the personal watercraft and the passenger who had the -- had just got off apparently walked away with the personal floatation device because Mr. Williams didn't have one.**

Q. Any explanation for why given to you?

**A. They didn't even realize it.**

Q. Did you become aware of any knowledge or information that Mr. Williams was ever in the Tahoe Keys Rental shop with Mr. Petrich and Mr. Smith when they were given all the warnings and signed all the documents reminding them of the safety rules?

**A. He was never -- it was never mentioned.**

Q. Did you become aware of any information that Mr. Petrich or Mr. Smith ever communicated that information to Mr. Williams or any of the other

I, KIMBERLY J. WALDIE, CSR, licensed in the State of California, No. 8696, hereby certify that the witness in the foregoing deposition was by me duly sworn to testify to the truth, the whole truth, and nothing but the truth in the within-entitled cause;

That said deposition was taken at the time and place therein stated; that the testimony of said witness was reported by me, a Certified Shorthand Reporter and a disinterested person, and was under my supervision thereafter transcribed into typewriting by computer to the best of my ability;

And I further certify that I am not of counsel or attorney for either or any of the parties to said deposition nor in any way interested in the outcome of the cause named in said deposition in said caption and not related to any of the parties thereto.

IN WITNESS WHEREOF, I have hereunto set my hand this 19th day of November, 2019.

Kimberly J. Waldie

KIMBERLY J. WALDIE, CSR No. 8696



EXHIBIT 3

Copy 4 of 4

**Williams Sport Rental Inc.**
**Ski Run Boat Company • Tahoe Keys Boat Rental**
**CUSTOMER RENTAL AGREEMENT** No 86501

DATE: 8/13

LAST NAME: Smith FIRST NAME: Tommy

PERMANENT MAILING ADDRESS: 1401 Park Ave DRIVERS LICENSE NO. 08121984

CITY: Emeryville STATE: CA ZIP: 94608 TELEPHONE NO. 9175873428

HOTEL NAME: AirBnB

OPERATOR #1: Tommy Smith OPERATOR #2: Vork Kai Patrick

OPERATOR #3: OPERATOR #4:

OPERATOR #5: OPERATOR #6:

| EQUIPMENT RENTED | EQUIPMENT NUMBER | TIME RENTED | OFFICE TIME | OUT TIME | DUE BACK TIME | ACTUAL TIME IN | AMOUNT CHARGED |
|---|---|---|---|---|---|---|---|
| 140 | 2 | 4 hr | | 3:00 | 7:00 | | 372 |
| 140 | 4 | 4 hr | | 3:00 | 7:00 | | 372 |
| | | | | | | | |
| | | | | | | | |

ANTICIPATORY RELEASE FOR RENTAL WATER CRAFT

TS VKP INITIAL - LESSEE/OPERATOR AGREES TO PAY $100.00 IF WATERCRAFT CAPSIZES AND FILLS WITH WATER DUE TO OPERATOR NEGLIGENCE.

TS VKP INITIAL - LESSEE/OPERATOR AGREES TO PAY $400.00 MINIMUM IF WATERCRAFT IS INVOLVED IN ANY COLLISION OR DAMAGE OCCURS.

TS VKP INITIAL - LESSEE/OPERATOR AGREES TO PAY $125.00 IF OPERATOR LOSES TETHER (KILL CORD).

TS VKP INITIAL - ALSO POSSIBLE FORFEITURE OF REMAINING RENTAL TIME IF ANY OF THE ABOVE OCCUR.

TS VKP INITIAL - LESSEE AGREES TO PAY FUEL SURCHARGES

TOTAL RENT 744
FUEL
MUF 63.24
TOTAL 807.24
DEPOSIT

(1) LESSEE/OPERATOR(S) IS/ARE AWARE THAT RENTAL WATERCRAFT, INCLUDING BUT NOT LIMITED TO PERSONAL WATERCRAFT, KAYAKS, SKI BOATS, WIND SURFERS, WATER TRICYCLES, PADDLE BOATS, BOATS AND ANY OTHER PERSONAL PROPERTY RECEIVED FROM WILLIAMS SPORTS RENTAL INC. CAN BE DANGEROUS/HADARDOUS AND THE PERSONAL PROPERTY WITH THE KNOWLEDGE OF THE DANGERS/HAZARDS INVOLVED AND HEREBY VOLUNTARILY AGREES TO ACCEPT ON BEHALF OF HIM/HERSELF AND HIS/HERS AND LEGAL REPRESENTATIVES, ANY AND ALL RISKS OF INJURY OR DEATH. LESSEE/OPERATOR(S) ACKNOWLEDGEMENT:
INITIAL TS VKP

(2) LESSEE/OPERATOR(S) ACKNOWLEDGES THAT NO MEDICAL, LIABILITY, COLLISION OR OTHER INSURANCE IS AFFORDED LESSEE/OPERATOR(S) BY WILLIAMS SPORTS RENTAL INC. IN CONNECTION WITH THIS AGREEMENT AND LESSEE/OPERATOR(S) AGREES TO INDEMNIFY AND HOLD HARMLESS, WILLIAMS SPORTS RENTAL INC. FROM AND AGAINST ALL CLAIMS OF DAMAGES, CAUSES OF ACTION, CLAIMS, JUDGEMENTS, COST OF LITIGATION AND ATTORNEY'S FEES WHICH MAY IN ANY WAY RESULT FROM THE USE AT ANY TIME OF WILLIAMS SPORTS RENTAL INC.'S RENTAL WATERCRAFT BY LESSEE/OPERATOR(S). ACKNOWLEDGEMENT:
INITIAL TS VKP

(3) LESSEE/OPERATOR(S) FOR HIM/HERSELF AND FOR HIS/HER HEIRS AND LEGAL REPRESENTATIVES, FURTHER AGREES TO RELEASE, DISCHARGE AND HOLD HARMLESS WILLIAMS SPORTS RENTAL INC. FROM ALL ACTIONS, CLAIMS OR MONETARY DEMANDS FOR PERSONAL INJURY OR DAMAGES, WHETHER CAUSED IN WHOLE OR IN PART BY THE NEGLIGENCE OF WILLIAMS SPORTS RENTAL INC., ITS EMPLOYEES OR OTHER AND WHICH RESULT FORM THE LESSEE/OPERATOR(S) USE OF WILLIAMS SPORTS RENTAL INC. RENTAL WATERCRAFT OR OTHER PERSONAL PROPERTY. LESSEE/OPERATOR(S) ACKNOWLEDGMENT:
INITIAL TS VKP

(4) LESSEE/OPERATOR(S) AGREES THAT NO PERSONS OTHER THAN THOSE DESIGNATED IN THIS AGREEMENT WILL BE PERMITTED TO OPERATE ANY OF THE DESIGNATED RENTAL WATERCRAFT. LESSEE/OPERATOR(S) AGREES TO ABIDE BY ALL OF THE RULES AND REGULATIONS ESTABLISHED BY THE UNITED STATES COAST GUARD, FEDERAL AND STATE LAWS AND WILLIAMS SPORTS RENTAL INC. REGARDING THE USE OF RENTAL WATERCRAFT AND THE LAKES FACILITIES FAILURE TO COMPLY WILL RESULT IN FORFEITURE OF ANY DEPOSIT.
INITIAL TS VKP

(5) I/WE HAVE CAREFULLY READ THE TERMS AND CONDITIONS OF THIS RENTAL AGREEMENT AND FULLY UNDERSTAND ITS CONTENTS. I/WE ARE AWARE THAT THIS RELEASE OF LIABILITY IN FAVOR OF WILLIAMS SPORTS RENTAL INC. CERTAIN MONETARY OBLIGATIONS IF THE RENTED EQUIPMENT IS DAMAGED.
INITIAL TS VKP

LESSEE'S SIGNATURE X [signature] X [signature]
LESSEE'S SIGNATURE X X
LESSEE'S SIGNATURE X X

I THE PARENT AND/OR GUARDIAN OF ______, A MINOR, DO HEREBY AGREE ON BEHALF OF SAID MINOR, HIS/HER HEIRS AND LEGAL REPRESENTATIVES, TO ALL PARAGRAPHS OF THE ABOVE LIABILITY RELEASE AN AGREE TO ASSUME ALL MONETARY RESPONSIBILITY FOR ANY LOSS CAUSED BY SAID MINOR. ______
SIGNATURE

tahoesports.com • 900 Ski Run Blvd. • South Lake Tahoe, CA 96150 • (530) 544-0200 • (530) 544-8888

EXHIBIT Petrick 8/21/20 YBH 1431

WILLIS000018

EXHIBIT 3

## RELEASE AND WAIVER FORM-BOAT RENTAL FACILITY

In consideration of Williams Sports Rentals, Inc. agreeing to rent a vessel to me, I hereby agree to the following:

1. I will be familiar with and will comply with all California and United States Coast Guard safety/navigational rules and regulations for boating on the waterways on which I intend to use the rented vessel.

2. I agree and will comply with all of Williams Sports Rentals, Inc. requirements, rules, and instructions governing the use of your vessels.

3. I have received and reviewed a copy of Williams Sports Rentals, Inc. requirements, rules and instructions governing the use of Williams Sports Rentals, Inc. vessels. Please initial this box if so. [handwritten initials]

4. I FULLY REALIZE THE POTENTIAL HAZARD IN OPERATING AND RENTING VESSELS.

5. I HEREBY ASSUME FULL RESPONSIBILITY FOR AND RISK OF BODILY INJURY, DEATH OR PROPERTY DAMAGE due to the negligence of Williams Sports Rentals, Inc. its officers, club members, employees, agents, or servants, about or upon the premises of COMPANY and/or while using the vessel rented to me by Williams Sports Rentals.

I HEREBY RELEASE, WAIVE, DISCHARGE AND COVENANTS NOT TO SUE Williams Sports Rentals, Inc. its officers, club members, employees, agents, or servants, of and from all claims (first or third party) which may hereafter develop or accrue to me on account of, or by reason of, any injury, loss or damage, which may be suffered by me or to any property, because of any matter, thing or condition, negligence or default whatsoever, and I hereby assume and accept the full risk and danger of any hurt, injury or damage which may occur through or by reason of any matter, thing or condition, negligence or default, of any person or persons whatsoever.

IT IS THE INTENTION OF THIS RELEASE AND WAIVER FORM TO EXEMPT AND RELIEVE COMPANY FROM LIABILITY FOR PERSONAL INJURY, PROPERTY DAMAGE OR WRONGFUL DEATH CAUSED BY Williams Sports Rentals, Inc. NEGLIGENCE, AND TO BE AS BROAD AND INCLUSIVE A RELEASE OF LIABILITY AS IS PERMITTED UNDER THE LAWS OF CALIFORNIA. Please initial this box if so [handwritten initials]

I HAVE READ AND VOLUNTARILY SIGN THIS RELEASE AND WAIVER OF LIABILITY.

I acknowledge that I have been fully and completely advised of the potential dangers involved in the activity of boating. To satisfy Williams Sports Rentals, Inc. that I have been advised and am fully aware of the legal consequences of signing the within instrument I have hand-written the word "yes" in the box on the bottom of this page.

I HAVE READ THIS RELEASE AND WAIVER FORM.

Print Name: KA Patrick Young Smith

Signed: [signature] Date: 8/13

Yes

WILLIS000019

# SKI RUN BOAT CO. TAHOE KEYS

## WILLIAMS SPORTS INC. WATER CRAFT SAFETY CHECKLIST

PRIOR TO RENTING ANY WATER CRAFT FROM WILLIAMS SPORTS INC. YOU MUST INITIAL AND UNDERSTAND EACH LINE.

DRIVER(S) AND PASSENGER(S) MUST INITIAL EACH LINE!

KP TS SECURELY ATTACH ENGINE CUTOFF LANYARD TO YOUR WRIST OR LIFE JACKET. KEEP ATTACHED AT ALL TIMES.

KP TS ALL RIDERS MUST WEAR A PROPERLY FITTED, U.S. COAST GUARD APPROVED LIFE JACKET; WETSUITS ARE RECOMMENDED.

KP TS LOOK IN ALL DIRECTIONS CONSTANTLY FOR OTHER BOATERS, SKIERS, DIVERS AND SWIMMERS, AND OTHER PERSONAL WATER CRAFT. STAY ALERT, AND BE AWARE OF YOUR SURROUNDINGS!

KP TS AVOID WAKE JUMPING, SPLASHING, AND PASSING CLOSE TO ANY OTHER VESSELS

KP TS KEEP A SAFE DISTANCE. YOU MUST STAY AT LEATS 200 FEET AWAY FROM ALL OTHER VESSELS, OBJECTS, AND PEOPLE.

KP TS DO NOT USE ALCOHOL OR DRUGS BEFORE OR DURING OPERATION.

KP TS ALL OPERATORS MUST BE OF LEGAL AGE TO OPERATE THE CRAFT YOU WILL BE RIDING ON. THE MINIMUM AGE IN THE STATE OF CALIFORNIA IS 16 YEARS OLD. THEREFORE WILLIAMS SPORTS INC. AGE LIMIT IS ALSO 16 YEARS OLD.

KP TS ALWAYS OPERATE AT A SAFE SPEED AND BE PREPARED TO STOP OR ALTER COURSE IN EMERGENCIES. RIDE WITHIN YOUR LIMITS, AND ALLOW SUFFICIENT DISTANCE TO STOP. ***REMEMBER PERSONAL WATERCRAFT HAVE NO BRAKES AND YOU NEED THROTTLE POWER TO STEER!***

KP TS KNOW AND UNDERSTAND RIGHT-OF-WAY RULES: GENERALLY KEEP TO YOUR RIGHT AND SAFELY AVOID OTHER CRAFT.

KP TS STAY IN SIGHT OF SHORE, BUT AVOID OPERATING TOO CLOSE TO RESIDENTIAL AND CONGESTED AREAS. BE CONSIDERATE OF OTHERS WHO SHARE THE LAKE WITH YOU. YOU NEED TO OBEY BOUNDARIES SET BY WILLIAMS SPORTS INC. EMPLOYEES.

KP TS OBSERVE ALL FEDERAL, STATE, AND LOCAL BOATING LAWS.

KP TS KNOW THE WATERS YOU WILL BE OPERATING IN, AND OBSERVE ALL NAVIGATIONAL MARKS AND SIGNS.

KP TS KNOW AND UNDERSTAND ALL OPERATIONAL FEATURES OF THE CRAFT YOU WILL BE RIDING.

I HAVE READ, AND UNDERSTAND THIS ENTIRE PAGE.

SIGNATURE: [signature]

WILLIS000020