ANTHONY L. LABEL, NO. 205920
STEVEN A. KRONENBERG, NO. 215541
THE VEEN FIRM, P.C.
20 Haight Street
San Francisco, California 94102
Telephone: (415) 673-4800
Facsimile: (415) 771-5845
AL.Team@VeenFirm.com

JOHN R. HILLSMAN (SBN 71220)
MCGUINN, HILLSMAN & PALEFSKY
535 Pacific Avenue
San Francisco, CA   94133
Telephone:    (415) 421-9292
Facsimile:    (415) 403-0202

ATTORNEYS FOR  MARIAN LATASHA WILLIS, PERSONAL REPRESENTATIVE OF THE ESTATE OF RAESHON WILLIAMS, PLAINTIFF

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

IN ADMIRALTY

| | |
|---|---|
| IN RE COMPLANT AND PETITION OF WILLIAMS SPORTS RENTALS INC. AS OWNER OF A CERTAIN 2004 YAMAHA WAVERUNNER FX 140 FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CASE NO. 2:17-cv-00653-JAM-EFB<br><br>**RESPONSE TO SPECIAL INTERROGATORIES, SET ONE** |
| MARIAN LATASHA WILLIS, on behalf of the Estate of RAESHON WILLIAMS,<br><br>    Respondent,<br><br>       v.<br><br>WILLIAMS SPORTS RENTALS, INC.,<br><br>       Petitioner. | |

PROPOUNDING PARTY:     WILLIAM SPORTS RENTALS

RESPONDING PARTY:     MARIAN LATASHA WILLIS, on behalf of the Estate of

RAESHON WILLIAMS

670141.1 -1- Case No. 2:17-cv-00653-JAM-EFB
Response to Special Interrogatories

EXHIBIT I to FELDER DEC. (page 1)

interrogatory calls for a legal conclusion. Subject to the foregoing, responding party replies that WSR knew, or through the exercise of reasonable care should have known, that Defendants PETRICH and SMITH were inexperienced and incapable of reasonably and prudently operating that vessel, in that WSR inter alia knew that PETRICH and SMITH were entering into a "bareboat" or "demise" charter for the Accident Jet under which PETRICH and SMITH would take complete control of that vessel and operate it by themselves for the duration of the charter; knew that PETRICH and SMITH were hurried and distracted when they read and executed the documentation creating that charter; failed to inquire or determine whether SMITH and PETRICH were familiar with their legal obligations under the Inland Rules of Navigation and/or the California Harbors and Navigation Act, and; failed to inquire or determine whether SMITH and PETRICH were capable of operating the Accident Jet Ski.

**INTERROGATORY NO. 8:**

Please specify all facts relating to your contention that WSR, including its employees and/or agents, failed to properly equip the vessel.

**RESPONSE TO INTERROGATORY NO. 8:**

Responding party objects to this interrogatory, because it calls for information protected under the attorney-client privilege and work product doctrine. It also calls for expert opinion and prematurely seeks expert discovery. Responding party further objects to the extent that the interrogatory calls for a legal conclusion. Subject to the foregoing, responding party replies: WSR failed to include written instructions and warnings regarding the safe operation of the accident jet ski, including but not limited to the proscription against passengers.

**INTERROGATORY NO. 9:**

Please specify all documents relating to your contention that WSR, including its employees and/or agents, failed to properly service the vessel.

**RESPONSE TO INTERROGATORY NO. 9:**

Responding party objects to this interrogatory, because it calls for information protected under the attorney-client privilege and work product doctrine. It also calls for expert opinion and prematurely seeks expert discovery. It is also vague and ambiguous regarding the undefined term

"service." Responding party further objects to the extent that the interrogatory calls for a legal conclusion. Subject to the foregoing, responding party replies: the court file in this matter, WILLIS000001-214, 267-305, the deposition transcript of Kai Petrich and personnel from the South Lake Tahoe Police Department, and defendants' responses to written discovery in Alameda County Superior Court case no. RG17866531.

**INTERROGATORY NO. 10:**

Please specify all facts relating to your contention that WSR, including its employees and/or agents, failed to properly maintain the vessel.

**RESPONSE TO INTERROGATORY NO. 10:**

Responding party objects to this interrogatory, because it calls for information protected under the attorney-client privilege and work product doctrine. It also calls for expert opinion and prematurely seeks expert discovery. Responding party further objects to the extent that the interrogatory calls for a legal conclusion, and that it is vague and ambiguous regarding the undefined term "maintain." Subject to the foregoing, responding party replies that WSR failed to maintain written instructions and warnings regarding the safe operation of the accident jet ski.

**INTERROGATORY NO. 11:**

Please specify all facts, if any, refuting WSR lacked privity or knowledge of the events leading to the drowning of the Decedent.

**RESPONSE TO INTERROGATORY NO. 11:**

Responding party objects to this interrogatory, because it calls for information protected under the attorney-client privilege and work product doctrine. It also calls for expert opinion and prematurely seeks expert discovery. Responding party further objects to the extent that the interrogatory calls for a legal conclusion and is vague and ambiguous regarding the undefined phrase "knowledge of the events leading to the drowning of the Decedent."

Subject to the foregoing, responding party replies that WSR knew, or through the exercise of reasonable care should have known, that Defendants PETRICH and SMITH were inexperienced and incapable of reasonably and prudently operating that vessel, in that WSR inter alia knew that PETRICH and SMITH were entering into a "bareboat" or "demise" charter for the

670141.1   -8-   Case No. 2:17-cv-00653-JAM-EFB
Response to Special Interrogatories

THE VEEN FIRM, P.C.
20 HAIGHT STREET
SAN FRANCISCO, CA 94102
Tel: (415) 673-4800
www.veenfirm.com

EXHIBIT I to FELDER DEC. (page 3)

**RESPONSE TO INTERROGATORY NO. 25:**

    Responding party objects to this interrogatory, because it exceeds the limit of 25 interrogatories. FRCP 33(a).

DATED: May 21, 2020        THE VEEN FIRM, P.C.

By:    /s/ Steven A. Kronenberg
Anthony L. Label
Steven A. Kronenberg
Attorneys for MARIAN LATASHA WILLIS, PERSONAL REPRESENTATIVE OF THE ESTATE OF RAESHON WILLIAMS, PLAINTIFF

THE VEEN FIRM, P.C.
20 HAIGHT STREET
SAN FRANCISCO, CA 94102
Tel: (415) 673-4800
www.veenfirm.com

670141.1     -16-     Case No. 2:17-cv-00653-JAM-EFB
Response to Special Interrogatories

EXHIBIT I to FELDER DEC. (page 4)