ANTHONY L. LABEL, NO. 205920
STEVEN A. KRONENBERG, NO. 215541
THE VEEN FIRM, P.C.
20 Haight Street
San Francisco, California 94102
Telephone: (415) 673-4800
Facsimile: (415) 771-5845
AL.Team@VeenFirm.com

JOHN R. HILLSMAN (SBN 71220)
MCGUINN, HILLSMAN & PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
Telephone:    (415) 421-9292
Facsimile:    (415) 403-0202

ATTORNEYS FOR MARIAN LATASHA WILLIS, PERSONAL REPRESENTATIVE OF THE ESTATE OF RAESHON WILLIAMS, PLAINTIFF

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

IN ADMIRALTY

| | |
|---|---|
| IN RE COMPLANT AND PETITION OF WILLIAMS SPORTS RENTALS INC. AS OWNER OF A CERTAIN 2004 YAMAHA WAVERUNNER FX 140 FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CASE NO. 2:17-cv-00653-JAM-EFB<br><br>**RESPONSE TO REQUEST FOR ADMISSION SET ONE** |
| MARIAN LATASHA WILLIS, on behalf of the Estate of RAESHON WILLIAMS,,<br><br>            Respondent,<br><br>    v.<br><br>WILLIAMS SPORTS RENTALS, INC.,<br><br>            Petitioner. | |

PROPOUNDING PARTY:     PETITIONER WILLIAMS SPORTS RENTALS, INC.,

RESPONDING PARTY:      RESPONDENT MARIAN LATASHA WILLIS, on behalf of
                       the Estate of RAESHON WILLIAMS,,

670088.1     -1-     Case No. 2:17-cv-00653-JAM-EFB
RESPONSE TO REQUEST FOR ADMISSION

EXHIBIT K to FELDER DEC. (p. 1)

SET NO.: ONE

**PREFATORY STATEMENT**

It should be noted that this responding party has not fully completed investigation of the facts relating to this case, has not completed discovery, and has not completed preparation for trial.

All of the responses contained herein are only upon such information and documents as are presently available to and specifically known to this responding party and disclose only those contentions which presently occur to such responding party.

It is anticipated that further discovery, independent investigation, legal research, and analysis will supply additional entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the contentions herein set forth.

Except for explicit facts admitted herein, no incidental or implied admissions are intended hereby. The fact that respondent has answered any request for admission should not be taken as an admission that respondent accepts or admits the existence of any facts set forth or assumed by such request for admission, or that such response constitutes admissible evidence. The fact that respondent has answered part or all of any request for admission is not intended and shall not be construed to be a waiver by respondent of all or any part of any objection to any request for admission made by respondent.

The following responses are given without prejudice to responding party right to produce evidence of any subsequently discovered fact or facts which this responding party may later recall. Responding party accordingly reserves the right to change any and all responses herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are made. The responses contained herein are made in a good-faith effort to supply as much factual information and as much specification of legal contentions as are presently known, but should in no way be to the prejudice of this responding party in relation to further discovery, research, or analysis.

**REQUEST FOR ADMISSION NO. 1:**

Admit that YOU do not seek a CLAIM against WSR arising under California state law

1  ("YOU" means Respondent and Counter Claimant Marian Latasha Wills on behalf of herself, the
2  Estate of Raeshon Williams ("Decedent"), Decedent's father, Claimant Coole Theophalus
3  Williams, and any and all other heir(s) or persons having an interest in the Estate or standing to
4  pursue a wrongful death action; "CLAIM" means any right, demand, request, cause of action,
5  count, or other basis for monetary compensation).

6  **RESPONSE TO REQUEST FOR ADMISSION NO. 1.**

7  Admit.

8  **REQUEST FOR ADMISSION NO. 2:**

9  Admit YOU only allege a CLAIM against WSR arising under general maritime law.

10 **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

11 Responding party denies this claim in part. Responding party's claims arise under
12 *Moragne v. States Marine Lines, Inc.*, 398 U.S. 375 (1970), *Sea-Land Services v. Gaudet*, 414
13 U.S. 573 (1974), *Norfolk Shipbuilding & Drydock Corp. v. Garris*, 532 U.S. 811 (2001), *Yamaha
14 Motor Corp. v. Calhoun*, 516 U.S. 199 (1996), and the General Maritime Law of the United
15 States.

16 **REQUEST FOR ADMISSION NO. 3:**

17 Admit that California's statute of limitations, Code of Civil Proc. § 335.1, now bars the
18 filing of a CLAIM arising under California law against WSR.

19 **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

20 Responding party objects to this request, because it seeks a legal conclusion, not an
21 admission of fact. It is also vague with respect to time. Subject to the foregoing, responding party
22 replies: deny.

23 **REQUEST FOR ADMISSION NO. 4:**

24 Admit that WSR did not know that prior to his drowning, Decedent was a rider on the
25 Vessel on August 13, 2016 ("Vessel: means the 2004 Yamaha Waverunner FX 140, model FX
26 140, measuring approximately 10.96' in length with a 48.4" beam, VIN # YAMA1276F404, with
27 California Registration # CF 5408 LE
28

The·Veen·Firm,·P.C.
20 Haight Street
San Francisco, CA 94102
Tel: (415) 673-4800
www.veenfirm.com

670088.1                                -3-                    Case No. 2:17-cv-00653-JAM-EFB
                          RESPONSE TO REQUEST FOR ADMISSION

EXHIBIT K to FELDER DEC. (p. 3)

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Responding party has made a reasonable inquiry, and that the information it knows or can readily obtain is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 5:**

Admit Kai Petrich ("Petrich) and Tommy Smith ("Smith") chartered the Vessel.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Responding party admits this request in part. Responding party understands that Messrs. Petrich and Smith chartered the Vessel jointly and on behalf of Zip, Inc. and Berkeley Executives, Inc.

**REQUEST FOR ADMISSION NO. 6:**

Admit that Decedent drowned without WSR's privity or knowledge.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Responding party objects to this request, because it calls for speculation. Subject to the foregoing, responding party replies that she has made a reasonable inquiry, and that the information it knows or can readily obtain is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 7:**

Admit the Vessel was seaworthy.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Responding party objects to this request, because it calls for expert opinion. Subject to the foregoing, Responding party has made a reasonable inquiry, and that the information it knows or can readily obtain is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 8:**

Admit YOU do not alleged the Vessel was unseaworthy.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Responding party objects to this request, because it is vague and ambiguous regarding the undefined term "unseaworthy." Subject to the foregoing, responding party replies: deny.

**REQUEST FOR ADMISSION NO. 9:**

Admit that WSR's Customer Rental Agreement, designating Smith as operator #1,

The Veen Firm, P.C.
20 Haight Street
San Francisco, CA 94102
Tel: (415) 673-4800
www.veenfirm.com

670088.1 | -4- | Case No. 2:17-cv-00653-JAM-EFB
RESPONSE TO REQUEST FOR ADMISSION

EXHIBIT K to FELDER DEC. (p. 4)

provides that each operator acknowledged that he was aware that rental watercraft, including but not limited to personal watercraft, can be dangerous/hazardous and that they voluntarily agreed to accept on behalf of himself and his legal representatives, any and all risks of injury or death. ("Customer Rental Agreement" means the document filed as Exhibit A, ECF No. 92-1, attached hereto for additional reference).

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Responding party admits that Exhibit A includes the language referenced in this admission, but responding party is unaware of what Smith, Petrich, Zip, Inc., or Berkeley Executives acknowledged or facts of which they were aware.

**REQUEST FOR ADMISSION NO. 10:**

Admit that in WSR's Release and Waiver Form – Boat Rental Facility, Smith and Petrich was advised and agreed to the following among other things that:

(1.)   I will be familiar with and will comply with all California and United States Coast Guard safety/navigational rules and regulations for boating on the waterways on which I intend to use the rented vessel.

(2.)   I agree and will comply with all of Williams Sports Rentals, Inc. requirements, rules and instructions governing the use of your vessels.

(3.)   I have received and reviewed a copy of Williams Sports Rentals, Inc. requirements, rules and instructions governing the issue of Williams Sports Rentals, Inc. vessels.

(4)   I FULLY REALIZE THE POTENTIAL HAZARD IN OPERATING AND RENTING VESSELS.

("Customer Rental Agreement" means the document filed as Exhibit B, ECF No. 92-2, attached hereto for additional reference).

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Responding party admits that Exhibit B includes the language referenced in this admission, but responding party is unaware of what Smith, Petrich, Zip, Inc., or Berkeley Executives were advised or to what they agreed.

**REQUEST FOR ADMISSION NO. 11:**

Admit that the WSR Water Craft Safety Checklist that was provided to Smith and Petrich states that each driver must initial each line (which they did) for various advisements given before operating the wave runner, including but not limited to:

> ALL RIDERS MUST WEAR A PROPERLY FITTED, U.S. COAST GUARD APPROVED LIFE JACKET….AVOID WAKE JUMPING . . . and OBSERVE ALL FEDERAL, STATE AND LOCAL BOATING LAWS.
>
> ("Water Craft Safety Checklist" means the document filed as Exhibit C, ECF No. 93-3, attached hereto for additional reference.").

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Responding party objects to this request, because it is compound, and it is vague and ambiguous regarding the undefined phrase "various advisements." Subject to to the foregoing, admits that Exhibit C includes the language referenced in this admission.

**REQUEST FOR ADMISSION NO. 12:**

Admit the warnings along with WSR's process and protocols provide an adequate inquiry into the competence and qualifications of potential renters to operate a wave runner, which WSR applied in this case in renting the Vessel.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Responding party objects to this request, because it calls for expert opinion and calls for speculation. The request is also compound. Subject to the foregoing, Responding party replies: deny.

**REQUEST FOR ADMISSION NO. 13:**

Admit that WSR exercised reasonable care in maintaining the Vessel.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Responding party objects to this request, because it calls for expert opinion and calls for speculation. Subject to the foregoing, Responding party has made a reasonable inquiry, and that the information it knows or can readily obtain is insufficient to enable her to admit or deny.

THE VEEN FIRM, P.C.
20 HAIGHT STREET
SAN FRANCISCO, CA 94102
Tel: (415) 673-4800
www.veenfirm.com

670088.1                    -6-                    Case No. 2:17-cv-00653-JAM-EFB
RESPONSE TO REQUEST FOR ADMISSION

EXHIBIT K to FELDER DEC. (p. 6)

1 **REQUEST FOR ADMISSION NO. 14:**

2   Admit Smith was instructed only one person could ride the Vessel.

3 **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

4   Responding party objects to this request, because it calls for expert opinion and calls for
5 speculation. Subject to the foregoing, responding party replies that she understands WSR claims it
6 instructed Smith that no passengers were allowed on the Vessel. As responding party has not yet
7 conducted the depositions of WSR personnel, responding party is unable to admit or deny that
8 WSR so instructed Mr. Smith.

9 **REQUEST FOR ADMISSION NO. 15:**

10   Admit Smith was instructed not to take riders on the Vessel.

11 **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

12   Responding party objects to this request, because it calls for expert opinion and calls for
13 speculation. Subject to the foregoing, responding party replies that she understands WSR claims it
14 instructed Smith that no passengers were allowed on the Vessel. As responding party has not yet
15 conducted the depositions of WSR personnel, responding party is unable to admit or deny that
16 WSR so instructed Mr. Smith.

17 **REQUEST FOR ADMISSION NO. 16:**

18   Admit Smith was not wearing a personal floatation device ("PFD") as required by
19 California law, Cal. Nav. Code § 658.3(c), on August 13, 2016 when he was on the Vessel with
20 Decedent.

21 **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

22   Responding party objects to this request, because it is compound and calls for speculation.
23 Subject to the foregoing, responding party admits that the South Lake Tahoe Police report
24 indicates that Smith was not wearing a personal flotation device at the time of the incident.

25 **REQUEST FOR ADMISSION NO. 17:**

26   Admit Decedent was not wearing a personal flotation device ("PFD") as required by
27 California law, Cal. Nav. Code § 658.3(c), on August 13, 2016 when he was on the Vessel with
28 Smith.

The Veen Firm, P.C.
20 Haight Street
San Francisco, CA 94102
Tel: (415) 673-4800
www.veenfirm.com

670088.1                     -7-                    Case No. 2:17-cv-00653-JAM-EFB
RESPONSE TO REQUEST FOR ADMISSION

EXHIBIT K to FELDER DEC. (p. 7)

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Responding party objects to this request, because it calls for speculation. Subject to the foregoing, responding party admits that Decedent was not wearing a personal flotation device at the time his body was recovered.

**REQUEST FOR ADMISSION NO. 18:**

Admit that Decedent did not know how to swim.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Responding party objects to this request, because it calls for speculation and calls for expert opinion. Subject to the foregoing, responding party has made a reasonable inquiry, and that the information it knows or can readily obtain is insufficient to enable her to admit or deny.

**REQUEST FOR ADMISSION NO. 19:**

Admit that falling into Lake Tahoe present an open, apparent and obvious risk to a person who does not know how to swim.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Responding party objects to this request, because it is compound, calls for speculation, and calls for expert opinion. Accordingly, responding party is unable to admit or deny this request.

**REQUEST FOR ADMISSION NO. 20:**

Admit WSR's conduct did not fall below the standard of care used in renting personal watercraft when renting the Vessel to Smith and Petrich.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Responding party objects to this request, because it is compound, calls for speculation, and calls for expert opinion. Subject to the foregoing, responding party replies: deny.

**REQUEST FOR ADMISSION NO. 21:**

Admit Petrich admitted he knew that he and Smith were not allowed to take passengers on the Vessel.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Responding party objects to this request, because it is compound and calls for speculation. Subject to the foregoing, responding party understands that Petrich stated to the South Lake Tahoe

The Veen Firm, P.C.
20 Haight Street
San Francisco, CA 94102
Tel: (415) 673-4800
www.veenfirm.com

670088.1                                      -8-                        Case No. 2:17-cv-00653-JAM-EFB
RESPONSE TO REQUEST FOR ADMISSION

EXHIBIT K to FELDER DEC. (p. 8)

1  Police Department that he understood no passengers were allowed on the Vessel.

2  **REQUEST FOR ADMISSION NO. 22:**

3  Admit Smith and Petrich breached the charter agreement with WSR by carrying Decedent
4  on the Vessel on August 13, 2016.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

6  Responding party objects to this request, because it calls for a legal conclusion and calls
7  for expert opinion. Accordingly, responding party is unable to admit or deny the request.

8  **REQUEST FOR ADMISSION NO. 23:**

9  Admit Petrich knew that Decedent did not have access to a PFD when he was aboard the
10 Vessel on August 13, 2016.

11 **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

12 Responding party objects to this request, because it calls for speculation. Subject to the
13 foregoing, responding party understands that the South Lake Tahoe Police Department report
14 regarding the incident stated that Mr. Petrich saw the Decedent before the incident, Petrich did not
15 provide a PFD to the Decedent, and the Decedent was not wearing a PFD while aboard the Vessel.

16 **REQUEST FOR ADMISSION NO. 24:**

17 Admit Exhibit A is a genuine, true and correct copy of Customer Rental Agreement No.
18 86501, (previously filed as ECF No. 29-1).

19 **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

20 Admit.

21 **REQUEST FOR ADMISSION NO. 25:**

22 Admit that Exhibit A provides that Smith and Petrich contractually agreed with WSR that
23 as to the rental and demise chartering of the VESSSEL that:

24 (1) LESSEE/OPERATOR(S) IS/ARE AWARE THAT RENTAL
25 WATERCRAFT, INCLUDING BUT NOT LIMITED TO PERSONAL WATER-
26 CRAFT, KAYAKS, SKI BOATS, WIND SURFERS, WATER TRICYCLES,
27 PADDLE BOATS, BOATS AND ANY OTHER PERSONAL PROPERTY
28 RECEIVED FROM WILLIAMS SPORTS RENTAL INC. CAN BE

The Veen Firm, P.C.
20 Haight Street
San Francisco, CA 94102
Tel: (415) 673-4800
www.veenfirm.com

670088.1                                    -9-                       Case No. 2:17-cv-00653-JAM-EFB
RESPONSE TO REQUEST FOR ADMISSION

EXHIBIT K to FELDER DEC. (p. 9)

DANGEROUS/HAZARDOUS AND THE PERSONAL PROPERTY WITH THE KNOLWEDGE OF THE DANGERS/HAZARD INVOLVED AND HEREBY VOLUNTARILY AGREES TO ACCEPT ON BEHALF OF HIM/HERSELF AND HIS/HERS AND LEGAL REPRESENTATIVES, *ANY AND ALL RISKS OF INJURY OR DEATH.*

(2) LESSEE/OPERATOR(S) ACKNOWLEDGES THAT NO MEDICAL, LIABILITY, COLLISION OR OTHER INSURANCE IS AFFORDED LESSEE/OPERATOR(S) BY WILLIAMS SPORTS RENTAL INC. IN CONNECTION WITH THIS AGREEMENT AND LESEE/OPERATOR(S) AGREES TO INDEMNIFY AND HOLD HARMLESS, WILLIAMS SPORTS RENTAL INC. FROM AND AGAINST ALL CLAIMS OF DAMAGES, CAUSES OF ACTION, CLAIMS, JUDGMENTS, COST OF LITIGATION AND ATTORNEY'S FEES WHICH MAY BE IN ANY WAY RESULT FROM THE USE AT ANY TIME OF WILLIAMS SPORTS RENTAL INC.'S RENTAL WATERCRAFT BY LESSEE/OPERATOR(S).

(3) LESEE/OPERATOR(S) FOR HIM/HERSELF AND FOR HIS/HER HEIRS AND LEGAL REPRESENATIVES, FURTHER AGREES TO RELEASE, DISCHARGE AND HOLD HARMLESS WILLIAMS SPORTS RENTAL INC. FROM ALL ACTIONS, CLAIMS OR MONETARY DEMANDS FOR PERSONAL INJURY OR DAMAGES, WHETHER CAUSED IN WHOLE OR IN PART BY THE NEGLIGENCE OF WILLIAMS SPORTS RENTAL, INC., ITS EMPLOYEES OR OTHER AND WHICH RESULT FORM THE LESEE/OPERATOR(S) USE OF WILLIAMS SPORTS RENTAL INC. RENTAL WATERCRAFT OR OTHER PERSONAL PROPERTY.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Responding party objects to this request, because it calls for a legal conclusion, calls for expert opinion, calls for speculation, and is compound. Subject to the foregoing, responding party admits that Exhibit A includes the specified quoted material.

670088.1    -10-    Case No. 2:17-cv-00653-JAM-EFB
RESPONSE TO REQUEST FOR ADMISSION

THE VEEN FIRM, P.C.
20 HAIGHT STREET
SAN FRANCISCO, CA 94102
Tel: (415) 673-4800
www.veenfirm.com

EXHIBIT K to FELDER DEC. (p. 10)

**REQUEST FOR ADMISSION NO. 26:**

Admit that as part of their renting the Vessel from WSR, Smith and Petrich Signed a Release and Waiver Form, a genuine copy of which is attached hereto as Exhibit B, and that it provided in part that as the renters of the Vessel that they agreed that:

(1.) I will be familiar with and will comply with all California and United States Coast Guard safety/navigational rules and regulations for boating on the waterways on which I intend to use the rented vessel.

(2.) I agree and will comply with all of Williams Sports Rentals, Inc. requirements, rules and instruction governing the use of your vessels.

(3.) I have received and reviewed a copy of Williams Sports Rentals, Inc. requirements, rules and instructions governing the use of Williams Sports Rentals, Inc. vessels.

(4.) I FULLY REALIZE THE POTENTIAL HAZARD IN OPERATING AND RENTING VESSELS.

(5.) I HEREBY ASSUME FULL RESPONSIBILITY FOR AND RISK OF BODILY INJURY, DEATH OR PROPERTY DAMAGE due to negligence of Williams Sports Rentals, Inc., its officers, club members, employees, agents, or servants, about or upon the premises of COMPANY and/or while using the vessel rented to me by Williams Sports Rentals.

(6.) I HEREBY ASSUME FULL RESONSIBILITY FOR AND RISK OF BODILY INIRY, DEATH OR PROPERTY DAMAGE due to the negligence of Williams Sports Rentals, Inc., its officers, club members, employees, agents, or servants, of an from all claims (first or third party) which may hereinafter develop or accrue to me on account of, or by reason of, any injury, loss or damage, which may be suffered by me or to any property, because of any matter, thing or condition, negligence or default whatsoever, and I hereby assume and accept the full risk and danger of any hurt, injury or damage which may occur through or by

1  reason of any matter, thing or condition, negligence or default, of any person or
2  persons whatsoever.
3      IT IS THE INTENTION OF THIS RELEASE AND WAIVER FORM TO EXEMPT AND
4  RELIEVE COMPANY FROM LIABILITY FOR PERSONAL INJURY, PROPERTY DAMAGE
5  OR WRONGFUL DEATH CAUSED BY Williams Sports Rentals, Inc. NELIGENCE, AND TO
6  BE AS BROAD AND INCLUSIVE A RELEASE OF LIABILITY AS IS PERMITTED UNDER
7  THE LAWS OF CALIFORNIA.
8  **RESPONSE TO REQUEST FOR ADMISSION NO. 26:**
9      Responding party objects to this request, because it calls for a legal conclusion, calls for
10 expert opinion, calls for speculation, and is compound. Subject to the foregoing, responding party
11 admits that Exhibit A includes the specified quoted material.
12 **REQUEST FOR ADMISSION NO. 27:**
13     Admit a genuine, true and correct copy of the signed Release and Waiver Form is attached
14 hereto as Exhibit B (ECF No. 29-2).
15 **RESPONSE TO REQUEST FOR ADMISSION NO. 27:**
16     Responding party understands that Exhibit B is the Release and Waiver for the Vessel at
17 issue in this case. Because responding party has not yet conducted the depositions of WSR
18 personnel, she can neither admit nor deny that Exhibit B is a genuine, true, and correct copy of the
19 signed Release and Waiver.
20 **REQUEST FOR ADMISSION NO. 28:**
21     Admit Smith and Petrich admitted that they understood various requirements of renting
22 any water craft from WSR, including the Vessel, as provided in the safety checklist they signed, a
23 true and correct copy of which is provided in Exhibit C (previously identified as ECF No. 29-3).
24 **RESPONSE TO REQUEST FOR ADMISSION NO. 28:**
25     Responding party objects to this request, because it calls for speculation, calls for a legal
26 conclusion, and calls for expert opinion. It is also compound, vague, and ambiguous regarding the
27 undefined phrase "various requirements." Subject to the foregoing, responding party replies that
28 because responding party has not yet conducted the depositions of WSR personnel, she also can

The Veen Firm, P.C.
20 Haight Street
San Francisco, CA 94102
Tel: (415) 673-4800
www.veenfirm.com

670088.1                                   -12-                        Case No. 2:17-cv-00653-JAM-EFB
                            RESPONSE TO REQUEST FOR ADMISSION

EXHIBIT K to FELDER DEC. (p. 12)

1 neither admit nor deny that Exhibit C is a true and correct copy of the safety checklist.

2 **REQUEST FOR ADMISSION NO. 29:**

3 Admit that on August 13, 2016, between approximately 2:00 to 2:30 p.m., Kenzie Usher,

4 who was working at WSR at the time, informed Smith and Petrich that the Vessel was for single

5 person use only.

6 **RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

7 Responding party objects to this request, because it calls for speculation, calls for a legal

8 conclusion, calls for expert opinion, and is compound. Subject to the foregoing, because

9 responding party has not yet conducted the depositions of WSR personnel, she can neither admit

10 nor deny this request.

11 **REQUEST FOR ADMISSION NO. 30:**

12 Admit Kenzie Usher went through the paperwork with Smith and Petrich, including

13 watching them sign and/or initial the documents where indicated (Exhibits A-C attached hereto),

14 and having them take a written test, she processed the charges for the rental on their credit cards.

15 **RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

16 Responding party objects to this request, because it calls for speculation, calls for a legal

17 conclusion, calls for expert opinion, and is compound. Subject to the foregoing, because

18 responding party has not yet conducted the depositions of WSR personnel, she can neither admit

19 nor deny this request.

20 **REQUEST FOR ADMISSION NO. 31:**

21 Admit Kenzie Usher personally gave Smith and Petrich a Coast Guard approved life vest

22 (or "PFD") and explained to them how to adjust it.

23 **RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

24 Responding party objects to this request, because it calls for speculation, calls for a legal

25 conclusion, calls for expert opinion, and is compound. Subject to the foregoing, because

26 responding party has not yet conducted the depositions of WSR personnel, she can neither admit

27 nor deny this request.

28

1 **REQUEST FOR ADMISSION NO. 32:**

2   Admit Smith and Petrich were provided additional instruction by WSR employee Cameron
3 Montanari, including staying 200 ft. from shore and other watercraft, staying away from the beach
4 by 1,000 ft., and wearing their life jackets.

5 **RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

6   Responding party objects to this request, because it calls for speculation, calls for a legal
7 conclusion, calls for expert opinion, and is compound. Subject to the foregoing, because
8 responding party has not yet conducted the depositions of WSR personnel, she can neither admit
9 nor deny this request.

10 **REQUEST FOR ADMISSION NO. 33:**

11   Admit both Smith and Petrich represented to WSR that they had operated jet skis before
12 renting the Vessel with WSR.

13 **RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

14   Responding party objects to this request, because it calls for speculation, calls for a legal
15 conclusion, calls for expert opinion, and is compound. Subject to the foregoing, because
16 responding party has not yet conducted the depositions of WSR personnel, she can neither admit
17 nor deny this request.

18 **REQUEST FOR ADMISSION NO. 34:**

19   Admit the attached documents identified as WILLIS000268-00017 are genuine, true and
20 correct copies of public documents.

21 **RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

22   Responding party admits that WILLIS000268-305 provides the South Lake Tahoe Police
23 Report that was produced pursuant to responding party's request, and that it is a true and correct
24 copy of such documents based on the testimony of that department's officers. Responding party is
25 unable to admit or deny whether these are "public" documents.

26 **REQUEST FOR ADMISSION NO. 35:**

27   Admit WSR did not cause Decedent to drown.

28

1 **RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

2     Responding party objects to this request, because it calls for expert opinion and calls for a

3 legal conclusion. Subject to the foregoing, responding party replies: deny.

4 DATED: May 21, 2020                  THE VEEN FIRM, P.C.

By:    /s/ Steven A. Kronenberg
       Anthony L. Label
       Steven A. Kronenberg
       Attorneys for MARIAN LATASHA WILLIS,
       PERSONAL REPRESENTATIVE OF THE
       ESTATE OF RAESHON WILLIAMS,
       PLAINTIFF

The Veen Firm, P.C.
20 Haight Street
San Francisco, CA 94102
Tel: (415) 673-4800
www.veenfirm.com

670088.1                  -15-               Case No. 2:17-cv-00653-JAM-EFB
RESPONSE TO REQUEST FOR ADMISSION

EXHIBIT K to FELDER DEC. (p. 15)