1  B. OTIS FELDER (CSB No. 177628)
   ***CSB Certified Admiralty & Maritime Law Specialist***
2  WILSON, ELSER, MOSKOWITZ,
      EDELMAN & DICKER LLP
3  525 Market Street, 17th Floor
   San Francisco, California 94105-2725
4  Telephone:    (415) 433-0990
   Facsimile:    (415) 434-1370
5  Email:  Otis.Felder@wilsonelser.com

6  Attorneys for Petitioner & Counter Defendant
   WILLIAMS SPORTS RENTALS, INC. ("WSR")
7

8                  UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10                           IN ADMIRALTY

| 11 | IN RE: COMPLAINT AND PETITION OF WILLIAMS SPORTS RENTALS, INC. AS OWNER OF A CERTAIN 2004 YAMAHA WAVERUNNER FX 140 FOR EXONERATION FROM OR LIMITATION OF LIABILITY | Case No. 2:17-cv-00653-KJM-JDP |
|---|---|---|
| | | Hon. Kimberly J. Mueller Chief United States District Judge |
| | | [Proposed] **ORDER GRANTING COUNTER DEFENDANT WSR'S MOTION FOR SUMMARY JUDGMENT** |
| | AND RELATED ACTIONS | [FRCP 56, Admiralty Rule F(8), & LR 260] |
| | | Hearing Date:   Friday, Nov. 3, 2023
Hearing Time:   10:00 a.m.
Hearing Place:  Courtroom 3, 15th Floor |

The Court, having considered the motion of Petitioner and Counter Defendant WILLIAMS SPORTS RENTALS, INC. ("SR) and the supporting memorandum and declarations along with the pleadings and files in this matter and the opposition papers, grants Counter Defendant WSR's motion for summary judgment. Based on the evidence represented as well as the stipulation of the parties, it is undisputed that Raeshon Williams (Deceased) (hereinafter "decedent") died by drowning, on or about August 13, 2016, in California territorial waters of Lake Tahoe, approximately 100 yards from the California shore (the "Incident"). **UF No. 1**. At the time of the Incident, WSR owned a Yamaha Waverunner ("the Vessel"). **UF No. 2**. During the early afternoon of August 13, 2016, WSR rented the Vessel to Thomas Smith ("Smith"). **UF No. 3**. Shortly before 6 p.m., Smith departed Timber Cove with Decedent sitting behind him and navigated the Vessel

1  directly into an on-coming wake so as he and Decedent were thrown off into the water where

2  Decedent drowned. **UF No. 4**.  Smith and Decedent were not wearing a personal floatation device

3  ("PFD") at the time of the Incident. **UF No. 5**.

4        The first issue is whether Willis, or any other claimant, can show under these circumstances

5  that WSR had a duty, namely a reason to know at the time of rental that Smith would engage in

6  illegal conduct in riding himself and allow Williams aboard his jet ski hours after Smith rented it

7  from WSR and miles away from its rental facility.  *Hedrick v. Western Outdoor News (In re Owen)*,

8  Case No. 2:11-CV-00196-JAM-GGH, 2013 U.S. Dist. LEXIS 31118 *2-3, at ¶6 (E.D. Cal. March

9  5, 2013) citing *McMahon v. Pier 30 Ltd. Partnership*, 2003 U.S. Dist. LEXIS 22178, 2003 WL

10 22939233 *4 (N.D. Ca. 2003) (noting "The issue of whether a defendant owes a plaintiff a duty of

11 care is a question of law for the court . . . a person is under no duty to protect another from peril

12 which is not of his or her own making."). See also *Houngviengkham v. Schyman*, 2023 U.S. Dist.

13 LEXIS 79123, *16 (C.D. Cal. May 5, 2023) ("The existence and scope of any such duty are legal

14 questions for the court. . . . particularly amenable to resolution by summary judgment.").

15       General maritime law imposes no duty on rental companies, merely as registered vessel

16 owners, as to risks voluntarily undertaken as part of participating in the activity, especially with

17 respect to chartered (rented) vessels being operated by others.  See *In re Fun Time Boat Rental &*

18 *Storage, LLC*, 431 F. Supp. 2d 993, 101 (D. Ariz. 2006) (no duty under maritime law to train

19 watercraft renters) *citing Craine v. United States,* 722 F.2d 1523, 1525 (11th Cir. 1984) ("The law

20 imposes no requirement that one who rents equipment such as a boat or vehicle instruct the renter

21 on every possible danger that could be faced.").  Consequently, it has long been held that a vessel's

22 registered owner cannot be liable for actions of the charterer, as no relationship exists with the

23 third party when the vessel is under a demise charter to another.  See *Vitozi v. Balboa Shipping*

24 *Co., Inc.,* 69 F. Supp. 286 (D. Mass. 1946) citing *The Del Norte,* 119 F. 118, 119 (9th Cir. 1902).

25       However, a vessel owner, which charters (rents) a vessel to another, may be liable to a third

26 party only if they can prove negligent entrustment by the registered vessel owner. *See Churchill v.*

27 *The F/V Fjord,* 892 F.2d 763, 771 (9th Cir. 1988) ("Section 390 provides that one who supplies a

28 chattel for another's use whom the supplier 'knows or has reason to know' is likely to use the

1  chattel in a manner 'involving unreasonable risk of physical harm to himself and others' is subject
2  to liability for the physical harm resulting to them) (citing Restatement (Second) of Torts § 390);
3  *In re Fun Time Boat Rental & Storage, LLC*, 431 F. Supp. 2d 993, 1001 (D. Ariz. 2006) ("While
4  maritime law recognizes the tort of negligent entrustment, such a tort requires that the boat owner
5  knew or should have known that the person to whom the boat was entrusted (in this case, Osborne)
6  was likely to use it in a dangerous manner.") (citations omitted); *Joyce v. Joyce*, 975 F.2d 379, 385
7  (7th Cir. 1992) ("[T]he essential thrust of the tort of negligent entrustment is that a ship owner can
8  be held liable for negligent entrustment only if he knows or has reason to know that the person
9  being entrusted is incapable of operating the vessel safety."); *Pritchett v. Kimberling Cove, Inc.*,
10 568 F.2d 570, 575-76 (8th Cir. 1977) ("Four elements of proof are necessary to establish negligent
11 entrustment under Missouri law: (1) entrustment of a chattel (directly or through a third party) to
12 another; (2) likelihood that the person to whom the chattel is entrusted will, due to his youth,
13 inexperience, or otherwise, use the chattel in a manner involving an unreasonable risk of harm to
14 himself and others; (3) knowledge of the entrustor (actual or imputed) of such likelihood; and (4)
15 proximate cause of the harm to the plaintiff by the conduct of the entrustee.").

16  Given the undisputed facts material to the issue of duty, neither Willis nor anyone else
17 making a claim can show that there was a likelihood that that Smith would violate the law in using
18 the jet ski in the manner he did so as to involve an unreasonable risk to Williams by having them
19 both not wear a life jacket (PFD), and more importantly, that WSR had knowledge (actual or
20 imputed) of such likelihood.  As such, there are no genuine issue in dispute that would preclude
21 summary judgment for WSR and on this basis alone, judgment in its favor should be granted. *See*
22 *Loomis v. Cornish*, 836 F.3d 991, 997 (9th Cir. 2016) ("[M]ere allegation and speculation do not
23 create a factual dispute for purposes of summary judgment." (quoting *Nelson v. Pima Community*
24 *College*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) (alternation in original)).

25  As to the second issue raised by WSR, even if there was such a duty as discussed above, the
26 illegal action of Smith, as well as Williams, himself in not wearing a PFD as mandated by law,
27 specifically California HARBOR & NAVIGATION CODE § 658.3(c), act as superseding causes
28 such as to prevent WSR, even if its conduct fell below a standard of reasonable care, from being

1 held liable for any negligence, if such exists. *Exxon Co. v. Sofec*, 517 U.S. 830, 837 (1996). See
2 also *Strick v. United Ret. Plan Consultants,* No. 2:16-cv-08206-AFM, 2018 U.S. Dist. LEXIS
3 238300, at *10-11 (C.D. Cal. July 13, 2018) (finding plaintiff had not provided any evidence
4 permitting a finding that criminal act in that case was not highly unusual, extraordinary, and
5 unreasonably likely to happen). *See also O'Keefe v. Inca Floats*, No. C-97-1225 VRW, 1997 WL
6 703784, 1997 U.S. Dist. LEXIS 17088, at *11, 1998 AMC 645 (N.D. Cal. Oct. 31, 1997)
7 ("independent illegal acts of third parties are deemed unforeseeable and therefore, the sole
8 proximate cause of the injury which excludes negligence of another as a cause of injury."). *See,*
9 *generally, Jesse v. Malcmacher,* No. 5:15-cv-01677-SVW-DTB, 2016 U.S. Dist. LEXIS 191944,
10 at *29 (C.D. Cal. Apr. 5, 2016) ("[T]he illegal acts of third parties are unforeseeable as a matter of
11 law.")(citing *O'Keefe, supra,* 1997 WL 703784, at *4).

12   Based on these facts, the illegal acts by Smith were unforeseeable superseding causes as was
13 those of Williams of Williams' drowning. Accordingly, neither Willis not any other claimant
14 demonstrate any genuine dispute as to causation, and as a matter of law, summary judgment should
15 be granted in favor of WSR.

16   **SO ORDERED.**

17   Dated: _____     _____
18                                  HON. KIMBERLY J. MUELLER
                                    CHIEF U.S. DISTRICT COURT JUDGE

1     Dated: September 29, 2023        Respectfully Submitted,

**WILSON, ELSER, MOSKOWITZ,**
   **EDELMAN & DICKER LLP**

By: _/s/ B. Otis Felder_
   B. Otis Felder
   Attorneys for Petitioner & Counter Defendant,
   ***WILLIAMS SPORTS RENTALS, INC***.

ORDER GRANTING WSR'S MOTION FOR SUMMARY JUDGMENT
BASED ON SMITH'S ILLEGAL CONDUCT – Page 5
287351827v.1