1 | **COX, WOOTTON, LERNER GRIFFIN & HANSEN LLP**
2 | LYNN L. KRIEGER (SBN 209592)
   |   Email: LKrieger@CWLFirm.com
3 | MATTHEW MIHALY (SBN 302697)
   |   Email: MMihaly@CWLFirm.com
4 | 900 Front Street, Suite 350
   | San Francisco, CA 94111
5 | Telephone No.: (415) 438-4600
   | Facsimile No.: (415) 438-4601

6 |
7 | **LAW OFFICE OF DAMIEN MOROZUMI**
   | DAMIEN MOROZUMI (SBN 148554)
8 | 448 Ignacio Blvd. Suite 181
   | Novato, CA 94949
9 | Telephone No.: (415) 434-1449
   | Facsimile No.: (415) 434-8317
10|   Email: dmorozumi@morozumilaw.com

11| Attorneys for Defendant, Cross-Defendant,
   | And Cross-Complainant
12| KAI PETRICH

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

## IN ADMIRALTY

| | |
|---|---|
| IN RE: COMPLAINT AND PETITION OF WILLIAMS SPORTS RENTALS, INC. AS OWNER OF A CERTAIN 2004 YAMAHA WAVERUNNER FX 140 FOR EXONERATION FROM OR LIMITATION OF LIABILITY | Case No. 2:17-cv-00653-KJM-DAP<br><br>Hon. Kimberly J. Mueller<br><br>**NOTICE OF SERVICE: THIRD-PARTY COMPLAINT BY THIRD-PARTY DEFENDANT KAI PETRICH AGAINST THOMAS SMITH AND BERKELEY EXECUTIVES, INC.** |
| MARIAN LATASHA WILLIS, on behalf of the Estate of RAESHON WILLIAMS,<br>*Respondent/Counter Claimant,*<br>v.<br>WILLIAMS SPORTS RENTALS, INC.,<br>*Petitioner/Counter Defendant.* | |
| WILLIAMS SPORTS RENTALS, INC.,<br>*Petitioner, Counter Defendant, and Third-party Plaintiff,* | |

1

| | |
|---|---|
| v. | ) |
| THOMAS SMITH, KAI PETRICH, BERKELEY EXECUTIVES, INC., ZIP, INC., and DOES 1-10, | ) ) ) ) |
| *Third-party Defendants.* | ) ) |

**NOTICE IS HEREBY GIVEN**, Defendant, Cross-Defendant, and Cross-Complainant KAI PETRICH ("Defendant") served their Third-Party Complaint to Defendant/Cross-Defendant THOMAS SMITH and Defendant/Cross-Defendant BERKELEY EXECUTIVES, INC. on November 9, 2023, see **Exhibit A**.

Dated: November 13, 2023          COX, WOOTON, LERNER,
                                  GRIIFIN & HANSEN, LLP


                                  By: /S/ Lynn L. Krieger
                                       Lynn L. Krieger, Esq.
                                       Matthew Mihaly, Esq.
                                       Attorneys for Defendant, Cross-
                                       Defendant, and Cross-Complainant
                                       KAI PETRICH

Dated: November 13, 2023          LAW OFFICE OF DAMIEN MOROZUMI


                                  By: /S/ Damien Morozumi
                                       Damien Morozumi, Esq.
                                       Attorneys for Defendant, Cross-
                                       Defendant, and Cross-Complainant
                                       KAI PETRICH

# EXHIBIT A

**COX, WOOTTON, LERNER GRIFFIN & HANSEN LLP**
LYNN L. KRIEGER (SBN 209592)
   Email: LKreiger@CWLFirm.com
 MATTHEW MIHALY (SBN 302697)
   Email: MMihaly@CWLFirm.com
900 Front Street, Suite 350
San Francisco, CA  94111
Telephone No.: (415) 438-4600
Facsimile No.: (415) 438-4601

**LAW OFFICE OF DAMIEN MOROZUMI**
DAMIEN MOROZUMI (SBN 148554)
448 Ignacio Blvd. Suite 181
Novato, CA 94949
Telephone No.: (415) 434-1449
Facsimile No.: (415) 434-8317
   Email: dmorozumi@morozumilaw.com

Attorneys for Third-Party Complainant/
Third-Party Defendant, KAI PETRICH

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

### IN ADMIRALTY

| | |
|---|---|
| IN RE: COMPLAINT AND PETITION OF WILLIAMS SPORTS RENTALS, INC. AS OWNER OF A CERTAIN 2004 YAMAHA WAVERUNNER FX 140 FOR EXONERATION FROM OR LIMITATION OF LIABILITY | Case No. 2:17-cv-00653-KJM-DAP<br><br>Hon. Kimberly J. Mueller<br><br>**THIRD-PARTY COMPLAINT BY THIRD-PARTY DEFENDANT KAI PETRICH AGAINST THOMAS SMITH AND BERKELEY EXECUTIVES, INC.** |
| MARIAN LATASHA WILLIS, on behalf of the Estate of RAESHON WILLIAMS,<br>    *Respondent/Counter Claimant,*<br>v.<br>WILLIAMS SPORTS RENTALS, INC.,<br>    *Petitioner/Counter Defendant.* | |
| WILLIAMS SPORTS RENTALS, INC.,<br>*Petitioner, Counter Defendant, and Third-party Plaintiff,* | |

1

| | |
|---|---|
| 1 | v. |
| 2 | THOMAS SMITH, KAI PETRICH, BERKELEY EXECUTIVES, INC., |
| 3 | ZIP, INC., and DOES 1-10, |
| 4 | *Third-Party Defendants.* |
| 5 | KAI PETRICH, |
| 6 | *Third-Party Complainant and Third-Party Defendant,* |
| 7 | |
| 8 | v. |
| 9 | THOMAS SMITH, BERKELEY EXECUTIVES, INC., and ROES 1-10, |
| 10 | *Third-Party Defendants.* |

Third-Party Defendant KAI PETRICH ("PETRICH") brings this Third-Party Complaint against Third-Party Defendants THOMAS SMITH and BERKELEY EXECUTIVES, INC. as follows:

## JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over the original action brought under the Limitation of Liability Act ("LOLA"), 46 U.S.C. § 30501 et seq., and pursuant to 28 U.S.C. § 1333 and 9(h) of the Federal Rules of Civil Procedure, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims (Supplemental Admiralty Rules), as well as supplemental jurisdiction under 28 U.S.C. § 1367 and in seeking declaratory relief under 28 U.S.C. §§ 2201 et seq. and Rule 57 of the Federal Rules of Civil Procedure.

2. Venue is proper pursuant to Supplemental Admiralty Rule F(9) as the subject waverunner is located in El Dorado County, and pursuant to 28 U.S.C. § 1391 as the events giving rise to the claims occurred within the District.

## THE PARTIES

3. Third-Party Complainant KAI PETRICH alleges that, at all times relevant hereto, he was and still is, an adult individual. PETRICH was, on the date of

2

Case No. 2:17-cv-00653-KJM-DAP
PETRICH'S THIRD-PARTY COMPLAINT AGAINST THOMAS SMITH, BERKELEY EXECUTIVES, INC.

1  the incident and the date this action was commenced, a resident of the state of
2  California and an officer and employee of Defendant ZIP, INC. PETRICH currently
3  resides in Canada.
4      4.    Third-Party Defendant THOMAS SMITH ("Smith") (aka "Tommy
5  Smith" and/or "Thomas Gordon Smith") was at all times relevant an individual, adult
6  resident of the County of Alameda, State of California, employed by or was an
7  Officer or Director of BERKELEY EXECUTIVES, INC., when he rented a Wave
8  Runner from Third-Party Plaintiff and Defendant WILLIAMS SPORTS RENTALS,
9  INC. THOMAS SMITH's last known residence was in Austin, Texas. THOMAS
10 SMITH was and still is employed by or is an Officer or Director of BERKELEY
11 EXECUTIVES, INC.
12     5.    Third-Party Complainant is informed and believes, and thereupon
13 alleges, that Third-Party Defendant, BERKELEY EXECUTIVES, INC.
14 ("BERKELEY") at all times relevant was a corporation authorized to do business in
15 California in the area of marketing and advertising.
16     6.    Third-Party Complainant is informed and believes, and thereupon
17 alleges, that at all times relevant hereto, Third-Party Plaintiff and Petitioner
18 WILLIAM SPORTS RENTALS, INC. ("WSR") was, and still is a California
19 corporation, that has an office and place of business at 900 Ski Run Blvd., South
20 Lake Tahoe, California 98150, and which also does business as Tahoe Keys Boat
21 Rental at Tahoe Keys Marina located at 2435 Venice Drive, South Lake Tahoe,
22 California.
23     7.    Third-Party Complainant is unaware of the true names, capacities, or
24 basis for liability of Third-Party Defendants DOES 1 through 10, inclusive, and
25 therefore sues said Third-Party Defendants by their fictitious names. Third-Party
26 Complainant will amend this Third-Party Complaint to allege their true names,
27 capacities, or basis for liability when that information has been ascertained. Third-
28 Party Complainant is informed and believes, and thereon alleges, that Third-Party

3

Case No. 2:17-cv-00653-KJM-DAP
PETRICH'S THIRD-PARTY COMPLAINT AGAINST THOMAS SMITH, BERKELEY EXECUTIVES, INC.

Defendants ROES 1 through 10, inclusive, and each of them, are in some manner liable to Third-Party Complainant.

8. Respondent/Counter Claimant in this Limitation Proceeding is MARIAN LATASHA WILLIS ("WILLIS"), Personal Representative of the Estate of RAESHON WILLIAMS.

## THE RELEVANT PLEADINGS

9. Third-Party Plaintiff and Petitioner WSR filed a Complaint for Exoneration from or Limitation of Liability on March 28, 2017. (ECF No. 1). As part of required Limitation procedure, WSR published notice of the pending Limitation Act in legal publications, instructing potential claimants against WSR's limitation fund, to file their respective claims in this action. Third-Party Complainant PETRICH was unaware of the Limitation Action as he was living in Canada and did not initially appear in this Limitation proceeding.

10. Respondent/Counter-Claimant WILLIS asked this Court to enter defaults against all non-appearing claimants. (ECF No. 23), which the Court did on June 27, 2017 (ECF No. 24). Nine days later, on July 6, 2017, WILLIS filed a complaint in Alameda Superior Court against Third-Party Complainant, PETRICH and his company, ZIP, INC, and Third-Party Defendants SMITH and BERKELEY EXECUTIVES, INC. entitled *Willis vs. Zip, Inc., et al,* Case No. RG17866531.

11. Respondent/Counter-claimant WILLIS filed an Answer and Claim in this Limitation proceeding on June 2, 2017 (ECF No. 16). WILLIS filed a First Amended Claim on June 21, 2017 (ECF No. 21).

12. WSR moved to dismiss WILLIS's First Amended Claim on July 26, 2017 (ECF No. 28), which this Court granted on August 29, 2017, while allowing WILLIS's claims to move forward in state court.

13. WILLIS filed a Second Amended Claim on September 15, 2017 (ECF No. 46), which WSR moved to dismiss on November 3, 2017 (ECF No. 57). The Court granted WSR's motion on December 15, 2017 (ECF No. 61).

4

Case No. 2:17-cv-00653-KJM-DAP
PETRICH'S THIRD-PARTY COMPLAINT AGAINST THOMAS SMITH, BERKELEY EXECUTIVES, INC.

14. WSR filed a motion for exoneration from liability July 2, 2019 (ECF No. 72) based on the Court's prior dismissal. The Court granted WSR's motion, exonerating WSR from liability on July 30, 2019 (ECF No. 77), which WILLIS appealed to the Ninth Circuit.

15. The Ninth Circuit remanded to the district Court to conduct a prejudice inquiry to maintain or dissolve the injunction under the Limitation for Liability Act.

16. On January 7, 2020, WILLIS moved to stay the Limitation proceedings and lift the stay against state court proceedings. (ECF No. 90). This court granted WILLIS's motion and stayed the Limitation proceedings on July 28, 2020 (ECF No. 113).

17. On February 7, 2020, WILLIS filed a First Amended Complaint in Alameda Superior Court, adding WSR as a defendant.

18. On July 27, 2022 (ECF No. 116), following the filing of cross-claims against WSR in the Alameda Superior Court action, WSR filed a motion to lift the stay in the federal Limitation action. This Court granted WSR's motion on December 9, 2022 (ECF 127).

19. On February 2, 2023, PETRICH answered Third-Party Complainant and Petitioner WSR's Third-Party complaint, asserted Counterclaims against WSR (ECF No. 142), and moved to set aside this Court clerk's entry of default (ECF No. 137) which this Court granted on May 10, 2023 (ECF No. 159).

20. PETRICH now asserts these Third-Party Claims against Third-Party Defendants SMITH and BERKELEY EXECUTIVES, INC.

## GENERAL ALLEGATIONS
## THOMAS SMITH'S NEGLIGENCE

21. Third-Party Complainant PETRICH is informed and believes that SMITH rented the Wave Runner at issue in Plaintiff's underlying lawsuit.

22. PETRICH is informed and believes that, at all relevant times, Decedent was a passenger on SMITH's Wave Runner.

23. SMITH owed duties to Decedent as a passenger on SMITH's Wave Runner including, but not limited to, exercising reasonable care in operating the Wave Runner.

24. PETRICH is informed and believes that, at all relevant times, SMITH failed to exercise reasonable care by, among other things, negligently operating the Wave Runner.

25. PETRICH alleges that SMITH's negligence caused Decedent's death.

## BERKELEY EXECUTIVE. INC.'S NEGLIGENCE AND VICARIOUS LIABILITY

26. Third-Party Complainant PETRICH is informed and believes that BERKELEY rented the Wave Runner at issue in WILLIS's underlying lawsuit.

27. BERKELEY's duties included using reasonable care in allowing Decedent to ride as a passenger on the Wave Runner.

28. PETRICH is informed and believes that BERKELEY at all relevant times failed to exercise reasonable care by, among other things, allowing the Wave Runner to be negligently operated in an unsafe manner with Decedent as a passenger.

29. PETRICH thereupon alleges that BERKELEY's negligence caused Decedent's death.

30. PETRICH is informed and believes that, at all relevant times, SMITH was acting within the course and scope of employment of BERKELEY, as an agent, employee, officer, and/or director.

## FIRST CLAIM

### (Equitable Indemnity)

### [Against All Third-Party Defendants]

31. PETRICH re-alleges and incorporates by this reference each of the allegations set forth in paragraphs 1 through 30 above as if fully set forth herein.

32. PETRICH denies that it has any liability to WILLIS or any other party. However, if and to the extent PETRIC is found to have any liability to any other

6

party, PETRICH alleges that all of said liability was a direct and proximate result of the acts, omissions, carelessness, recklessness, and/or negligence of Third-Party Defendants BERKELEY and SMITH.

33. By reason of the matters set forth above, Third-Party Defendants, and each of them, are required to indemnify PETRICH from and against any and all liability to any other party, if any.

## SECOND CLAIM

### (Contribution and Declaratory Relief)

### [Against All Cross-Defendants]

34. Third-Party Complainant PETRICH re-alleges and incorporates by this reference each of the allegations set forth in paragraphs 1 through 33 above as if fully set forth herein.

35. PETRICH is informed and believes, and thereon alleges, that in the event that any party to this action should establish any liability on the part of PETRICH, which liability is expressly denied, PETRICH may be obligated to pay sums representing a proportion or percentage of the judgment for which Third-Party Defendants, and third parties not party to this action, are liable.

36. PETRICH is informed and believes, and thereon alleges, that a determination of the respective proportion or percentage of fault, if any, of PETRICH and Third-Party Defendants, other parties to this action, and third parties not party to this action, is necessary to protect PETRICH's rights.

37. PETRICH requests adjudication, determination, and declaration of the proportion or percentage of fault, if any, on his part and on the part of Third-Party Defendants, other parties to this action, and third parties not party to this action.

38. Third-Party Complainant PETRICH further requests adjudication and determination that it is entitled to an award of damages from Third-Party Defendants and other parties to this action for any sum or sums PETRICH becomes bound to pay WILLIS for damages corresponding to the proportionate fault of Third-Party

7

Defendants and other parties to this action.

**WHEREFORE, Third-Party Complainant KAI PETRICH prays for judgment as follows:**

1. That in the event the Court declares Respondent/Counter Claimant in MARIAN LATASHA WILLIS, Personal Representative of the Estate of RAESHON WILLIAMS, shall recover any sum or sums against Third-Party Complainant PETRICH, PETRICH shall recover the full amount of any such sum from Third-Party Defendants, or shall recover from Third-Party Defendants that portion of the WILLIS's recovery for which Third-Party Defendants are proportionately at fault;

2. That Third-Party Defendants pay to PETRICH all attorney fees, costs, expenses, and court costs incurred by PETRICH in this action, regardless of whether WILLIS recovers from PETRICH or not;

3. For such other and further relief that this Court may deem proper and just; and

4. For interest at the maximum rate allowed by law.

Dated: July 11, 2023         COX, WOOTON, LERNER, GRIIFIN & HANSEN, LLP

By: _____/S/Lynn L. Krieger_____
Lynn L. Krieger
Matthew Mihaly
Attorneys for Third-Party Complainant,
Third-Party Defendant KAI PETRICH

Dated: July 11, 2023         LAW OFFICE OF DAMIEN MOROZUMI

By: _____/S/Damien Morozumi_____
Damien Morozumi
Attorneys for Third-Party Complainant,
Third-Party Defendant KAI PETRICH

8

Case No. 2:17-cv-00653-KJM-DAP
PETRICH'S THIRD-PARTY COMPLAINT AGAINST THOMAS SMITH, BERKELEY EXECUTIVES, INC.

# PROOF OF SERVICE
(California Code of Civil Procedure §1013)

**Case:** *In re Complaint and Petition of Williams Sports Rentals, Inc., et al.*

**Case No.:** USDC Eastern District of California, Case No. 2:17-CV-00653-KJM-JDP

I am employed in the City and County of San Francisco by the law firm of Cox, Wootton, Lerner, Griffin & Hansen, LLP, 900 Front Street, Suite 350, San Francisco, California 94111.  I am over the age of 18 years and not a party to the within action.

On November 9, 2023, I served the attached document(s):
**THIRD-PARTY COMPLAINT BY THIRD-PARTY DEFENDANT KAI PETRICH AGAINST THOMAS SMITH AND BERKELEY EXECUTIVES, INC.**

on the parties, through their attorneys of record, by placing copies thereof in sealed envelopes, addressed as shown below, for service as designated below:

***By Email:*** I caused each such document(s) to be sent via email as electronic courtesy copies on the party(ies) indicated below by transmitting a true copy to the following email address(es).

| ADDRESSEE | PARTY |
|---|---|
| Amiel L. Wade<br>Dianna L. Albini<br>WADE LAW GROUP<br>A Professional Corporation<br>262 East Main Street<br>Los Gatos, CA 95030<br>Tel: (408) 842-1688 / Fax: (408) 852-0614<br>amielw@wadelitigation.com ; dalbini@wadelitigation.com | Defendant / Cross-Defendant THOMAS SMITH |
| Amiel L. Wade<br>Dianna L. Albini<br>WADE LAW GROUP<br>A Professional Corporation<br>262 East Main Street<br>Los Gatos, CA 95030<br>Tel: (408) 842-1688 / Fax: (408) 852-0614<br>amielw@wadelitigation.com; dalbini@wadelitigation.com | Defendant / Cross-Defendant BERKELEY EXECUTIVES, INC. |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this November 9, 2023 at San Francisco, California.

_____
Catherine Jemera

COX, WOOTTON, LERNER, GRIFFIN & HANSEN LLP
900 FRONT STREET, SUITE 350
SAN FRANCISCO, CA  94111
TEL (415) 438-4600
FAX (415) 438-4601

Case No.: RG17866531