DIANNA L. ALBINI (No. 152273)
WADE LAW GROUP
A Professional Corporation
262 East Main Street
Los Gatos, CA 95030
Telephone: (408) 842-1688
Facsimile:(408) 852-0614

*Attorneys for Third Party Defendant*
THOMAS SMITH & BERKELEY EXECUTIVES, INC.

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

# <u>IN ADMIRALTY</u>

| | |
|---|---|
| IN RE: COMPLAINT AND PETITION OF WILLIAMS SPORTS RENTALS, INC. AS OWNER OF A CERTAIN 2004 YAMAHA WAVERUNNER FX 140 FOR EXONERATION FROM OR LIMITATION OF LIABILITY | Case No. 2:17-cv-00653-KJM-DAP<br><br>Hon. Kimberly J. Mueller<br><br>**THOMAS SMITH AND BERKELEY EXECUTIVES, INC.'S OPPOSITION TO COUNTER DEFENDANT WSR'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTER-CLAIMS BY SMITH AND BERKELEY EXECUTIVES AND FOR JUDGMENT ON THE PLEADINGS, OR ALTERNATIVELY, SUMMARY JUDGMENT AS TO COUNTER CLAIMANTS' DUTY TO DEFEND**<br><br>**[** FRCP 12(b), 12(c), 56, Admiralty Rule F(8),  LR 260]<br><br>Hearing Date: May 17, 2024<br>Hearing Time: 10:00 a.m.<br>Hearing Place: Courtroom 3, 15th Floor |
| MARIAN LATASHA WILLIS, on behalf of the Estate of RAESHON WILLIAMS,<br>    *Respondent/Counter Claimant,*<br><br>v.<br><br>WILLIAMS SPORTS RENTALS, INC.,<br>    *Petitioner/Counter Defendant.* | |
| WILLIAMS SPORTS RENTALS, INC., Petitioner, Counter Defendant, and<br>    *Third-Party Plaintiff,*<br><br>v.<br><br>THOMAS SMITH, KAI PETRICH, BERKELEY EXECUTIVES, INC., ZIP, INC., and DOES 1-10, | |

1

*Third-party Defendants,*

AND RELATED ACTIONS

---

KAI PETRICH,

    Third-Party Complainant and Third-Party Defendant, and Counter Defendant,

    v.

THOMAS SMITH, BERKELEY EXECUTIVES, INC., and ROES 1-10

    Third-Party Defendant, Counter Defendant and Counter Complainant

---

TWIN CITY FIRE INSURANCE COMPANY and SENTINEL INSURANCE COMPANY, LIMITED,

    Intervenors,

    v.

BERKELEY EXECUTIVES, INC., THOMAS SMITH and JOES 1-100,

    Counter Defendant/Counter Claimant and Third-Party Plaintiff.

Third-Party Defendants THOMAS SMITH & BERKELEY EXECUTIVES, INC. ("Counter-Claimants") hereby submit this opposition to Counter Defendant WSR's Notice of Motion to Dismiss Counter-Claims by and for Judgment on the Pleadings, Or Alternatively, Summary Judgment as to Counter Claimants' Duty to Defend.

## MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO WSR'S MOTION TO DISMISS AND ORDER TO DEFEND

2

THOMAS SMITH AND BERKELEY EXECUTIVES, INC.'S OPPOSITION TO COUNTER DEFENDANT WSR'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTER-CLAIMS BY SMITH AND BERKELEY EXECUTIVES AND FOR JUDGMENT ON THE PLEADINGS, OR ALTERNATIVELY, SUMMARY JUDGMENT AS TO COUNTER CLAIMANTS' DUTY TO DEFEND

## I. **INTRODUCTION**

### A. FACTUAL BACKGROUND

The matter before this Honorable Court stems from March 28, 2017, Plaintiff-in-Limitation WSR filed its Complaint for Exoneration From or Limitation of Liability arising from the underlying wave runner incident on Lake Tahoe on or about August 13, 2016, involving decedent Raeshon Williams. (ECF No. 1.) On February 18, 2020, after extensive motion practice between WSR and Willis, Plaintiff-in-Limitation, WSR filed a Third-Party Complaint against the renters of the Waverunner, SMITH and Petrich, as well as Berkeley Executives, Inc. ("BERKELEY") and Zip, Inc. (ECF No. 92.)

WSR'S currently pending motion against SMITH and BEKERELEY to dismiss their counterclaims and an order finding a duty to defend (ECF No. 200), rests on the interpretation of the Rental Agreement ECF Nos. 29-1 and 92-1).

WSR'S reference in its moving papers to "Smith, after years on the run in fleeing the jurisdiction and upon the filing of a default judgment (ECF No. 173-1), finally appeared in the proceedings and answered WSR's Third-Party Complaint (TPC) (ECF No. 92)".

On February 18, 2020, WSR, insured by a subsidiary of Hartford Insurance Company, represented by Mr. Felder of the Wilson, Wilson, Moscowitz, Edelman & Dicker, LLP, filed a TPC against SMITH and BERKELEY (ECF. No. 92).

On June 6, 2020, WSR files a request for Default Judgement against SMITH, BERKELEY, and Petrich (ECF. No. 104).

On June 8, 2020, Sentinel Insurance Company, Limited, on behalf of BERKELEY, filed numerous moving papers including a motion to intervene with points and authorities (ECF No. 104-1), Declaration with a proposed answer to TPC; a motion to set aside the default (ECF No. 104-4); a proposed cross-complaint (ECF, No 104-5).

On July 28, 2020, in Minute Order (ECF No. 114), this Honorable Court, in response to the June 8, 2020 motion to intervene, answer, and file a cross-complaint made the following

3

THOMAS SMITH AND BERKELEY EXECUTIVES, INC.'S OPPOSITION TO COUNTER DEFENDANT WSR'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTER-CLAIMS BY SMITH AND BERKELEY EXECUTIVES AND FOR JUDGMENT ON THE PLEADINGS, OR ALTERNATIVELY, SUMMARY JUDGMENT AS TO COUNTER CLAIMANTS' DUTY TO DEFEND

1  ruling, "the Court has stayed further proceedings in admiralty until the completion of Williss

2  (sic.) proceedings in Alameda County Superior Court, the Court DECLINES TO

3  ADJUDICATE Sentinel's motion until the stay is lifted." (ECF No. 114).

4      On March 28, 2017, WSR filed a stipulation as to the $5,000 value of the 2004 Yamaha

5  Waverunner FX 140 ("Vessel") (ECF No. 4). The Limitation Act is a shield, not a sword. *Lake

6  Tankers Corp. v. Henn*, 354 U.S. 147,150 (1957). It "provides shipowners a generous measure

7  of protection not available to any other enterprise in our society." *Esta Later Charters, Inc. v.

8  Ignacio*, 875 F.2d 234, 239 (9th Cir.1989). WSR, however, has been trying to "transform the

9  Act from a protective instrument to an offensive weapon."

10      Now, WSR's insurer seeks to have SMITH and BEKERKLEY reimburse WSR's

11  attorney fees which are roughly estimated to be in excess of $250,000.00, primarily due to the

12  Plaintiff and WSR filing numerous appeals and extending this litigation for more than seven

13  years. Under these circumstances, it would be unconscionable to hold a renter liable for

14  unforeseeable legal fees related to a $5,000 jet ski.

15      It is alleged that WSR negligently failed to provide SMITH with a properly fitting life

16  vest and negligently instructed SMITH on the hazards of operation.  It is well settled that an

17  indemnitee's active negligence bars another party's indemnity obligations under a general

18  indemnity agreement. *Rossmoor Sanitation v. Pylon, Inc.,* 13 Cal.3d 622, 628-629 (1975). As

19  the indemnity clause at issue constitutes a general indemnity agreement, consequently SMITH

20  and BERKELEY have no duty to indemnify WSR against allegations of WSR's negligent

21  entrustment, which constitutes active negligence. *Rossmoor Sanitation v. Pylon, Inc.,* 13 Cal.3d

22  622, 628-629 (1975). When there is no duty to indemnify, there is no duty to defend. City of

23  Bell v. Superior Court, 220 Cal.App.4th 235, 249-250. Here, no duty to defend exists.

24

25      B.  WSR's Undisputed Material Facts support their motion to dismiss SMITH &
        BERKELEY's Counterclaims and for Order as to their Duty to Defend is flawed.

26      WSR's statement of undisputed material facts is irrelevant to whether or not there is an

27

obligation on the part of SMITH and BEKERELEY to defend and indemnify WSR. WSR's assertion that SMITH and BERKELEY purportedly have a duty to indemnify and to defend are inconsistent with California law.

WSR contends, that the indemnity provision in WSR's rental agreement obligates SMITH and BERKELEY to indemnify WSR as follows:

> (2) LESEE/OPERATOR(S) AGREES TO INDEMNIFY AND HOLD HARMLESS, WILLIAMS SPORTS RENTAL INC. FROM AND AGAINST ALL CLAIMS OF DAMAGES, CAUSES OF ACTION, CLAIMS, JUDGMENTS, COST OF LITIGATION AND ATTORNEY'S FEES WHICH MAY BE IN ANY WAY RESULT FROM THE USE AT ANY TIME OF WILLIAMS SPORTS RENTAL INC.'S RENTAL WATERCRAFT BY LESSEE/OPERATOR(S).
>
> (3) LESEE/OPERATOR(S) FOR HIM/HERSELF AND FOR HIS/HER HEIRS AND LEGAL REPRESENATIVES, FURTHER AGREES TO **RELEASE, DISCHARGE AND HOLD HARMLESS** WILLIAMS SPORTS RENTAL INC. FROM ALL ACTIONS, CLAIMS OR MONETARY DEMANDS FOR PERSONAL INJURY OR DAMAGES, **WHETHER CAUSED IN WHOLE OR IN PART BY THE NEGLIGENCE OF WILLIAMS SPORTS RENTAL, INC.,** ITS EMPLOYEES OR OTHER AND WHICH RESULT FORM THE LESEE/OPERATOR(S) USE OF WILLIAMS SPORTS RENTAL INC. RENTAL WATERCRAFT OR OTHER PERSONAL PROPERTY.

Pursuant to California law, indemnity provisions that purport to indemnify the indemnitee against "any and all claims" or "from any cause whatsoever," without mentioning the indemnitee's own negligence, are considered "general" provisions. *Rossmoor Sanitation, Inc. v. Pylon, Inc.,* 13 Cal. 3d 622, 628-29 (1975). A general indemnity provision, like the one in WSR's agreement, does not indemnify an indemnitee such as WSR from the consequences of its own active negligence. See *MacDonald & Kruse, Inc. v. San Jose Steel Co*., 29 Cal.App.3d 413, 422-23 (1972).

"[I]f a party seeks, in a noninsurance agreement, to be indemnified for protections

5

beyond those afforded by the doctrines of implied or equitable indemnity—for his or her own active negligence, or regardless of the indemnitor's fault—the language on the point must be particularly clear and explicit and will be construed strictly against the indemnitee." *City of Bell v. Superior Court,* 220 Cal.App.4th 236, 250 ("City of Bell").

California courts have long followed "'the simple rule that where the parties fail to refer expressly to negligence in their contract such failure evidences the parties' intention not to provide for indemnity for the indemnitee's negligent acts.'" *Burlingame Motor Co. v. Peninsula Activities, Inc.,* 15 Cal.App. 3d 656, 665 quoting *Vinnell Co. v. Pacific Elec. Ry. Co.,* 52 Cal.2d 411, 415 (1959) (emphasis added); *Price v. Shell Oil Co.*, 2 Cal.3d 245, 257, fn. 12 (1970). An indemnity clause that "does not address itself to the issue of an indemnitee's negligence" – i.e., fails state what effect the indemnitee's negligence will have on the indemnitor's obligation to indemnify - "is referred to as a 'general; indemnity clause." *Gonzales v. R. J. Novick Constr. Co., Inc.,* 20 Cal.3d 798, 809-810 (1978); *Markley v. Beagle*, 66 Cal.2d 951, 962 (1967); *Morgan v. Stubblefield*, 6 Cal.3d 606, 624 (1972); *Rossmoor Sanitation, Inc. v. Pylon, Inc.,* 13 Cal.3d 622, 629 (1975).

C. NEITHER JUDGMENT ON THE PLEADINGS OR SUMMARY JUDGMENT IS WARRANTED

Judgment on the pleadings is proper only if the uncontested and properly considered facts conclusively establish the movant's entitlement to a favorable judgment. Fed. Rule Civ. Proc. 12(c); *Great Lakes Insurance SE v. Anderson*, 66 F.4th 20 (1st Cir. 2023). A motion for judgment on the pleadings is designed to dispose of cases where material facts are not in dispute and judgment on the merits may be rendered by looking to the substance of the pleadings and any judicially noticed facts. Fed. Rule Civ. Proc. 12(c); *Garza v. Escobar*, 972 F.3d 721 (5th Cir. 2020). In determining whether a complaint alleges a plausible claim, a court must accept as true all well-pled facts and draw reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc*., 591 F.3d 250, 253 (4th Cir. 2009). A motion for

6

THOMAS SMITH AND BERKELEY EXECUTIVES, INC.'S OPPOSITION TO COUNTER DEFENDANT WSR'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTER-CLAIMS BY SMITH AND BERKELEY EXECUTIVES AND FOR JUDGMENT ON THE PLEADINGS, OR ALTERNATIVELY, SUMMARY JUDGMENT AS TO COUNTER CLAIMANTS' DUTY TO DEFEND

1  judgment on the pleadings limits the court to matters contained in the pleadings. Fed. Rule Civ.
2  Proc. 12(d). If matters outside the pleadings are presented to and not excluded by the court, the
3  motion must be treated as one for summary judgment under Rule 56. *Id.*.
4        Summary judgment may only be granted if the evidence "[shows] that there is no
5  genuine issue as to any material fact and that the moving party is entitled to judgment as a
6  matter of law." F.R.C.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-50 (1986).
7  The moving party bears the burden of identifying credible evidence that demonstrates the
8  absence of a genuine issue of material fact for trial. Id. at 256. The court must resolve all
9  ambiguities and draw all reasonable inferences against the moving party. *Id*. at 255.
10       WSR has failed to meet its burden to warrant an order of judgment on the pleadings or a
11 motion for summary judgment.

      D.  <u>SMITH &BERKELEY DUTY TO DEFEND</u>

13       This Court should defer ruling on the motion at bar under Federal Rule of Civil
14 Procedure. 56(d). "If a nonmovant shows by affidavit or declaration that, for specified reasons,
15 it cannot present facts essential to justify its opposition," Federal Rule of Civil Procedure 56(d)
16 empowers a court to "(1) defer considering the motion or deny it; (2) allow time to obtain
17 affidavits or declarations or to take discovery; or (3) issue any other appropriate order." This
18 Rule, formerly codified as Federal Rule of Civil Procedure. 56(f), "provides a device for
19 litigants to avoid summary judgment when they have not had time to develop affirmative
20 evidence." *United States v. Kitsap Physicians Servs*., 314 F.3d 995, 1000 (9th Cir. 2002); see
21 also *Haines v. Honolulu Shipyard, Inc*., 125 F. Supp. 2d 1020, 1034 (D.Haw. 2000)
22 ("'Ordinarily, summary judgment should not be granted when there are relevant facts remaining
23 to be discovered'") (quoting *Continental Maritime of San Francisco, Inc. v. Pacific Coast Metal*
24 *Trades etc*., 817 F.2d 1391, 1395 (9th Cir. 1987)).
25       SMITH and BEREKELY only recently appeared in this matter and except for the

7

THOMAS SMITH AND BERKELEY EXECUTIVES, INC.'S OPPOSITION TO COUNTER DEFENDANT WSR'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTER-CLAIMS BY SMITH AND BERKELEY EXECUTIVES AND FOR JUDGMENT ON THE PLEADINGS, OR ALTERNATIVELY, SUMMARY JUDGMENT AS TO COUNTER CLAIMANTS' DUTY TO DEFEND

deposition[1] of SMITH in London on February 26, 2024, has been unable to conduct discovery related to WSR.  While depositions of WSR employees were taken, attorneys for SMITH and BERKELEY were not present and issues related specifically to their interests were not explored. At the very least, SMITH and BEREKELY should be allowed to conduct limited discovery before a determination that SMITH and BERKELEY have a duty to indemnify and defend WSR.

## II. CONCLUSION

For the foregoing reasons, WSR's motion for judgment on the pleadings or, alternatively, motion for summary judgment should be denied. The circumstances of this case and the indemnity clause at issue do not impose a duty to defend WSR.  The Insurers also requires the Court find that SMITH and BERKELEY do not owe WSR any duty to defend.

Dated: April 26, 2024                                              WADE LAW GROUP, APC

By: *Dianna L. Albini*
DIANNA ALBINI
*Attorneys for Third Party Defendants,*
THOMAS SMITH and BERKELEY EXECUTIVES, INC.

---

[1] Due to the uncertainty as to the January 16, 2024, ruling from the United States Court of Appeals for the Ninth Circuit related to the Antisuit Injunction and stay of the Alameda County Superior Court action and the scope of the stay, the Depositions of SMITH and BERKELEY'S PERSON MOST KNOWLEDGEABLE were noticed both in the state and federal cases.