UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: Complaint and Petition of Williams Sports Rentals, Inc., as Owner of a Certain 2004 Yamaha Wave Runner FX 140 (CF 5408 LE) for Exoneration from or Limitation of Liability, | No. 2:17-cv-00653-KJM-JDP<br><br>ORDER |
| Marian Latasha Willis,<br>    Respondent and Counter-Claimant<br>    v.<br>Williams Sports Rentals, Inc.,<br>    Petitioner and Counter-Defendant. | |
| Williams Sports Rentals, Inc.,<br>    Petitioner, Counter-Defendant and Third-Party Plaintiff<br>    v.<br>Thomas Smith, Kai Petrich, Berkeley Executives, Inc., Zip, Inc.,<br>    Third-Party Defendants. | |
| And Related Actions | |

1

In December 2022, following Williams Sports Rentals' (WSR) motion to lift the stay of admiralty proceedings, *see* Mot. to Lift Stay, ECF No. 116, the court found the parallel state law action had "morphed into a multiple claimant action" after cross-claims against WSR had been filed in state court. *See* Prior Order (Dec. 8, 2022) at 6–7, ECF No. 127. Accordingly, the court lifted the stay of admiralty proceedings and enjoined "[t]he continued prosecution of any legal proceedings of any nature, except in the present proceeding, in respect to any claim arising from the 2016 incident[.]" *Id.* at 7. Willis appealed this order. Fourth Appeal Not., ECF No. 128.

The Ninth Circuit found this "court had the authority to grant an injunction but that the injunction it imposed is overly broad." Fourth USCA Order at 5, ECF No. 194; Fourth USCA Mandate, ECF No. 198. Accordingly, the Ninth Circuit vacated and remanded with "instructions to narrow the injunction so that it bars only claims against [WSR], not claims against other parties." Fourth USCA Order at 5.

Willis then filed a motion to narrow the injunction as ordered by the Ninth Circuit. Mot., ECF No. 199. Willis further requests this court stay proceedings in admiralty until Willis' state court proceedings conclude. Mem. at 4, ECF No. 199-1. The court submitted the motion on the briefs, including the reply brief as provided under Local Rule 230(d). *See* Prior Order (Mar. 8, 2024), ECF No. 205.

None of the parties raise any arguments regarding the Ninth Circuit instructions to this court. *See generally* Mot., Opp'n, Reply, Petrich Joinder, Smith & Berkeley Joinder. Accordingly, the court narrows the previously imposed injunction, *see* Prior Order (Dec. 8, 2022), to restrain only proceedings against WSR with respect to any claim subject to limitation in this action. *See* Rule F(3) of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims. As the Ninth Circuit held, "Willis is allowed to 'pursue [her] common law remedy, hampered to the extent only of the limitation on the liability of the opposing party.'" Fourth USCA Order at 19 (citation omitted).

The court will resolve the request to stay further proceedings in admiralty in a future order.

/////

1      IT IS SO ORDERED.

2  DATED: April 30, 2024.

3

_____
CHIEF UNITED STATES DISTRICT JUDGE