UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: Complaint and Petition of Williams Sports Rentals, Inc., as Owner of a Certain 2004 Yamaha Wave Runner FX 140 (CF 5408 LE) for Exoneration from or Limitation of Liability, | No. 2:17-cv-00653-KJM-JDP<br><br>ORDER |

Marian Latasha Willis,

    Respondent and Counter-Claimant

    v.

Williams Sports Rentals, Inc.,

    Petitioner and Counter-Defendant.

Williams Sports Rentals, Inc.,

    Petitioner, Counter-Defendant and Third-Party Plaintiff

    v.

Thomas Smith, Kai Petrich, Berkeley Executives, Inc., Zip, Inc.,

    Third-Party Defendants.

And Related Actions.

Marian Latasha Willis seeks to lift the anti-suit injunction against Williams Sports Rentals (WSR) and abate[1] further proceedings in admiralty while related litigation proceeds in state court. For the reasons set forth below, the court **grants** the motion.

I. BACKGROUND

The history of this case is long and complicated. The court has detailed that history in multiple prior orders, *see, e.g.*, Prior Order (July 27, 2020), ECF No. 113, but revisiting it is necessary to explain the current dispute and the court's decision.

Raeshon Williams died in 2016 in a jet ski accident on Lake Tahoe. *See* Mem. at 5,[2] ECF No. 236-1. Less than a year later, in anticipation of litigation, Williams Sports Rentals (WSR), the jet ski owner—no relation to the deceased—filed a complaint for exoneration from or limitation of liability under the Limitation of Liability Act (Limitation Act), 46 U.S.C. § 30501 *et seq.*, and Rule F of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims. Compl., ECF No. 1.

After WSR filed this action, the previously assigned district judge enjoined all other proceedings "arising out of, consequent upon, or in connection with" the accident and required all claimants to present their claims in the limitation proceeding. *See* Prior Order (Mar. 29, 2017) at 2, ECF No. 11. Willis, the mother of the deceased, filed a counterclaim against WSR, *see* Countercl., ECF No. 17; First Am. Countercl., ECF No. 21, and requested the court lift the anti-suit injunction and abate the admiralty proceedings so she could try her claims before a state court jury under the "saving-to-suitors" clause in 28 U.S.C. § 1333(1), *see* First Stay Mot., ECF No. 25, "which gives claimants a right to seek common law remedies outside of the federal admiralty forum," *Complaint of McCarthy Bros. Co./Clark Bridge*, 83 F.3d 821, 824 (7th Cir. 1996). Willis also promptly filed a lawsuit in California state court asserting wrongful-death and survival

---

[1] Throughout this case's history, the parties, this court and the Ninth Circuit have used the term "stay" and "abate" interchangeably. Given its recent discussion at hearing with the parties regarding the correct term of art when sitting in admiralty, the court uses the word "abate" in this order, unless it is citing the title of a pleading or quoting from another court's decision using the word "stay."

[2] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.

2

claims against the following: Thomas Smith, the jet ski driver; Berkeley Executives, Inc. (Berkeley), Smith's suspended company; Kai Petrich, a co-renter of the jet ski; Zip, Inc. (Zip), Petrich's suspended company; and several Doe defendants. *Willis v. Zip, Inc. et. al.*, No. RG17866531 (Cal. Super. Ct., Jul. 6, 2017). In this court, WSR moved to dismiss Willis's counterclaim or, in the alternative, for summary judgment. MTD, ECF No. 28.

The previously assigned district judge denied Willis's motion to abate the admiralty proceedings, reasoning it was more efficient to resolve the limitation dispute first. *See* Mins. (Aug. 29, 2017), ECF No. 41; Tr. at 40:6–20, ECF No. 44. Willis appealed this decision. *See* First Appeal Not., ECF No. 43. The prior judge also granted WSR's motion to dismiss with leave to amend and denied its motion for summary judgment as premature. *See* Mins. (Aug. 29, 2017); Tr. at 41:5–7.

Willis amended her claim, *see* Second Am. Countercl., ECF No. 46, and moved again to abate the admiralty proceedings, *see* Second Stay Mot., ECF No. 47. In her second motion to abate, she requested the court abate the admiralty proceedings until the Ninth Circuit had an opportunity to hear her interlocutory appeal. Second Stay Mem. at 10, ECF No. 48. The prior judge denied that motion as well, reasoning the appeal did not divest this court of jurisdiction. *See* Prior Order (Oct. 31, 2017) at 5, ECF No. 56. WSR then moved to dismiss once more, *see* Second MTD, ECF No. 57, and the court granted the motion to dismiss with prejudice, finding no support for Willis's negligent entrustment theory, Prior Order (Dec. 15, 2017), ECF No. 61. Willis again appealed. Second Appeal Not., ECF No. 62.

In 2018, the Ninth Circuit determined the appeal of the order denying Willis's first motion to abate the admiralty proceedings was moot given the dismissal. First USCA Order, ECF No. 67; First USCA Mandate, ECF No. 68. Then, in 2019, the Ninth Circuit vacated the court's decision to deny Willis's motion to lift the anti-suit injunction and remanded the matter to this court. Second USCA Order, ECF No. 69; Second USCA Mandate, ECF No. 70. The Ninth Circuit's order relied implicitly on its conclusion that this action fell within an exception for limitation actions involving only a "single claim." *See* Second USCA Order at 3. The Circuit panel explained that because the case fell within that exception, the prior judge had improperly

3

neglected to consider whether WSR had demonstrated its right to limit liability would be prejudiced absent an injunction restraining the state court proceedings. *See id.* The Ninth Circuit remanded the matter specifically "for the district court to conduct the proper prejudice inquiry . . . in the first instance." *Id.*

The Ninth Circuit did not explicitly address the effect of its decision on the prior judge's order dismissing the case. *See generally* Second USCA Order. So, on remand, it was unclear to the parties and to the prior judge what the Ninth Circuit's mandate meant for the dismissal order. *See* District Judge John A. Mendez Response at 4–5, ECF No. 87. WSR moved for exoneration from liability and dismissal, *see* Am. Exoneration Mot., ECF No. 72, and Willis sought an order permitting her to litigate against WSR in state court, *see* Stip. at 2, ECF No. 73. She filed a formal stipulation asserting she would "waive any *res judicata* or collateral estoppel effect that an intervening jury trial might otherwise have" to protect WSR's right to limit liability. *Id.* The prior judge then granted WSR's motion for exoneration, reasoning there were "no remaining legally cognizable claims contesting [WSR's] right to exoneration from liability" and WSR was therefore "entitled to judgment as a matter of law." Prior Order (July 30, 2019) at 2, ECF No. 77. In making this decision, the court concluded the Ninth Circuit had vacated only its anti-suit injunction order, not its order dismissing the case. *See* District Judge John A. Mendez Response at 4:15–17.

Willis appealed the court's grant of the motion for exoneration. Third Appeal Not., ECF No. 82. The Ninth Circuit reversed and remanded. Third USCA Order, ECF No. 88; Third USCA Mandate, ECF No. 89. The Ninth Circuit also instructed the district court to dissolve the anti-suit injunction because the record demonstrated this was "a single claim case; Willis ha[d] entered formal stipulations protecting WSR's right to limit liability; and WSR ha[d] not demonstrated prejudice to its right to limit liability." Third USCA Order at 3 (citation omitted). The Ninth Circuit further invited the district court to "reconsider whether to stay the proceedings until Willis's liability claim against WSR is adjudicated in state court." *Id.* at 3–4 (citing *Newton v. Shipman*, 718 F.2d 959, 963 (9th Cir. 1983)). The Ninth Circuit observed "'it has been found expedient to stay the limitation proceeding and try the liability issue first' because a jury finding

of no liability or awarding less than the limitation fund 'moot[s] the limitation proceeding.'" *Id.* (quoting *Newton*, 718 F.2d at 963). Finally, the Ninth Circuit found Willis had stated a plausible wrongful death claim. *Id.* at 6.

On remand, Willis moved to lift the anti-suit injunction and abate further proceedings in admiralty. Third Stay Mot., ECF No. 90. Willis also filed a first amended complaint in the parallel state court proceedings, which added WSR as a defendant. First Am. Compl., *Willis*, No. RG17866531 (Cal. Super. Ct., Feb. 7, 2020). The prior judge granted Willis's motion to lift the anti-suit injunction and abate further proceedings in admiralty. Prior Order (July 27, 2020). That judge was not persuaded by WSR's argument that the matter would get to trial more quickly in federal court. *Id.* at 9. At the time, the Sacramento federal courthouse was closed due to the coronavirus pandemic, and criminal trials would take priority once the courthouse reopened. *Id.* (citing General Order 618 (E.D. Cal. May 13, 2020)). Accordingly, the prior judge rejected WSR's invitation to depart from the practice set out in *Langes v. Green*, 282 U.S. 531, 541–42 (1931), i.e., where district courts "permit[] proceedings in state court to go forward on the question of liability and retain[] jurisdiction over any question that might arise as to the shipowner's right to limit [her] liability." *Complaint of McCarthy Bros. Co./Clark Bridge*, 83 F.3d at 827 (citation omitted).

Approximately two years later, WSR moved to lift the abatement of admiralty proceedings. *See* Mot. to Lift Admiralty Stay, ECF No. 116. The case was then reassigned to the undersigned in September 2022. Clerk's Notice, ECF No. 122. This court granted the motion to lift the abatement in admiralty proceedings after finding the state-court action had "morphed into a multiple claimant action" because cross-claims had been filed in state court against WSR. *See* Prior Order (Dec. 8, 2022) at 5–7, ECF No. 127. The court also enjoined "[t]he continued prosecution of any legal proceedings of any nature, except in the present proceeding, in respect to any claim arising from the 2016 incident[.]" *Id.* at 7. Willis appealed this decision. Fourth Appeal Not., ECF No. 128. Meanwhile, the admiralty proceedings expanded with Petrich, Twin City Fire Insurance Company and Sentinel Insurance Company (Zip's Insurers), Smith and

/////

5

1  Berkeley all filing counterclaims against WSR.  *See* Petrich Answer, ECF No. 142; Zip's Insurers
2  Answer, ECF No. 161; Smith & Berkeley Answer, ECF No. 195.

3  Then, earlier this year, the Ninth Circuit found this "court had the authority to grant an
4  injunction but that the injunction it imposed [was] overly broad."  Fourth USCA Order at 5, ECF
5  No. 194; Fourth USCA Mandate, ECF No. 198.  Accordingly, the Ninth Circuit vacated and
6  remanded with "instructions to narrow the injunction so that it bars only claims against [WSR],
7  not claims against other parties."  Fourth USCA Order at 5.  A few days later, Willis moved to
8  narrow the injunction and abate further proceedings in admiralty, which Petrich, Smith and
9  Berkeley joined and WSR opposed.  Fourth Stay Mot., ECF No. 199; Petrich Joinder, ECF No.
10 201; Smith & Berkeley Joinder, ECF No. 208; Fourth Stay Opp'n, ECF No. 202.
11 Simultaneously, WSR filed a motion to dismiss Smith and Berkeley's counter-claims and for
12 judgment on the pleadings, or alternatively summary judgment as to Smith, Berkeley, Petrich and
13 Zip's duty to defend.  *See* Third MTD, ECF No. 200; MSJ, ECF No. 207.  WSR's motions were
14 set for hearing before this court on May 17, 2024.  *See* Prior Order (Mar. 28, 2024), ECF No. 211;
15 Prior Order (Apr. 5, 2024), ECF No. 214.

16 The court then granted Willis's request to narrow the injunction, as the Ninth Circuit
17 expressly instructed.  Prior Order (Apr. 30, 2024), ECF No. 225.  The court did not resolve the
18 more complex dispute about whether this court should abate further proceedings in admiralty.  As
19 the court was finalizing the order resolving Willis's motion to abate, Willis, Petrich, Zip, Zip's
20 Insurers, Smith and Berkeley filed a stipulation offering to protect WSR's right to limit liability
21 under the Limitation of Liability Act, *see* Stip., ECF No. 231—something the cross-defendants
22 previously had declined to do, *see* Prior Order (Dec. 8, 2022) at 6 (noting cross-defendants had
23 "declined to join Willis's 2019 stipulation").  Given the change in circumstances, the court
24 directed the parties to come prepared to discuss the impact of the stipulation at the upcoming
25 hearing.  *See* Min. Order (May 15, 2024), ECF No. 233.  At hearing, WSR raised an issue with
26 the language in the stipulation, which the other parties agreed to modify.  Willis then argued that
27 with this modified language, the stipulation required the court to dissolve the narrowed injunction
28 barring claims against WSR from proceeding in state court.  However, because there was no

1  motion or amended stipulation before the court, the parties agreed to revisit these issues and the
2  pending motions at a later date.  Hr'g Mins. (May 17, 2024), ECF No. 235.

3  The parties then filed an amended stipulation, *see* Am. Stip, ECF No. 234, as well as the
4  instant motion to lift the anti-suit injunction and abate proceedings in admiralty, *see* Mot., ECF
5  No. 236.  Petrich and Zip's Insurers join the motion, *see* Second Petrich Joinder, ECF No. 241;
6  Second Zip's Insurers' Joinder, ECF No. 242, WSR opposes, *see* Opp'n, ECF No. 243, and Willis
7  filed a reply, *see* Reply, ECF No. 247.  The court heard arguments on July 12, 2024.  Hr'g Mins.
8  (July 12, 2024), ECF No. 254.  B. Otis Felder appeared for WSR, John Hillsman appeared for
9  Willis, Laura Grealish appeared for Zip's Insurers, Matthew Mihaly appeared for Petrich and
10 Dianna Lynne Albini appeared for Smith and Berkeley.  *Id.*  The court **grants** Willis's motion, as
11 explained below.

12 **II.    LEGAL STANDARD**

13 Federal courts have exclusive jurisdiction over "[a]ny civil case of admiralty or maritime
14 jurisdiction[.]"  28 U.S.C. § 1333(1).  This includes actions arising under the Limitation Act,
15 which "allows a vessel owner to limit liability for damage or injury, occasioned without the
16 owner's privity or knowledge, to the value of the vessel or the owner's interest in the vessel."
17 *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 446 (2001); 46 U.S.C. § 30501 *et seq*.  The
18 Limitation Act "was designed to encourage investment and protect vessel owners from unlimited
19 exposure to liability."  *Lewis*, 531 U.S. at 453.  Once a vessel owner seeks protection under the
20 Limitation Act and has complied with its requirements, "all claims and proceedings against the
21 owner related to the matter in questions shall cease."  46 U.S.C. § 30529(c); *see also* Fed. R. Civ.
22 P. Supp. R. F(3).  Typically, district courts will "issue a restraining order or an injunction staying
23 all other proceedings against the shipowner arising out of the same mishap."  *Complaint of*
24 *Dammers & Vanderheide & Scheepvaart Maats Christina B.V.*, 836 F.2d 750, 755 (2d Cir. 1988)
25 (alterations and citations omitted).

26 However, courts have recognized a tension between the Limitation Act and the "saving-
27 to-suitors" clause in the statute granting federal courts exclusive jurisdiction over admiralty or
28 maritime matters.  *See Lewis*, 531 U.S. at 439; *Beiswenger Enterprises Corp. v. Carletta*, 86 F.3d

1032, 1037 (11th Cir. 1996). The saving-to-suitors clause preserves "in all cases all other remedies to which [claimants] are otherwise entitled." 28 U.S.C. § 1333(1). For example, the saving-to-suitors clause protects claimants' right to a jury trial—something the Limitation Act does not permit. *In re Williams Sports Rentals, Inc.*, 90 F.4th 1032, 1036 (9th Cir. 2024).

Confronted with this inherent tension, "courts have developed two exceptions to the district court's exclusive jurisdiction and the absence of a jury right in limitation actions." *Newton*, 718 F.2d at 962. First, the district court cannot issue an injunction when the "limitation fund exceeds the value of all the claims" against the vessel owner. *Id.* Second, under the "single-claimant" exception, a district court cannot issue an injunction when "there is only a single claimant; that claimant enters a stipulation protecting the vessel owner's limitation right; and nothing appears to suggest the possibility of another claim." *In re Williams Sports Rentals, Inc.*, 90 F.4th at 1038 (internal quotations and citations omitted). In either of these two situations, "the injunction must be dissolved unless the owner can demonstrate that h[er] right to limit liability will be prejudiced." *Newton*, 718 F.2d at 961 (internal quotation marks and citation omitted).

### III. DISCUSSION

Willis's motion raises two questions. First, does this case fall within the single claimant exception? Second, should this court abate all further proceedings in admiralty until the state court action concludes? The court answers each question in turn.

#### A. Single Claimant Exception

Willis argues the single claimant exception now applies to this action, even though she is not the only claimant. Mem. at 6. According to Willis, the stipulation she and the other claimants signed "converted this case into the functional equivalent of a single-claim case." *Id.* (quoting *Beiswenger Enterprises Corp.*, 86 F.3d at 1039). Willis contends that absent a showing of prejudice by WSR, the court must entirely dissolve the anti-suit injunction. *Id.* Petrich and Zip's Insurers concur. *See* Second Petrich Joinder; Second Zip's Insurers' Joinder.

While the Ninth Circuit has not explicitly weighed in on whether a multiple claimant case can be effectively converted into a single claimant case, it has acknowledged "several courts of appeals have held that a state-court action should proceed, even if there are multiple claimants, as

8

long as they all enter equivalent stipulations." *In re Williams Sports Rentals, Inc.*, 90 F.4th at 1038 (collecting cases). This court finds the weight of this authority persuasive and accepts the premise that an adequate stipulation can transform a multi-claimant case into the functional equivalent of a single claim case. *See Beiswenger Enterprises Corp.*, 86 F.3d at 1040 ("Every circuit court of appeals that has expressly addressed this argument has accepted it.").

Having accepted this principle, the court next determines whether the stipulation on file adequately protects WSR's right to limit its liability. Such a stipulation must: (1) concede the value of the limitation fund equals the value of the vessel and its freight (2) accept the district court's exclusive jurisdiction to decide the limitation of the owner's liability and (3) waive the right to claim res judicata based on any judgment rendered outside the limitation action. *In re Williams Sports Rentals*, 90 F.4th at 1038 (citing *Newton*, 718 F.2d at 962).

Here, the claimants' stipulation meets the first two requirements. *See* Am. Stip. at 2. Additionally, as to the third requirement, the claimants not only waive the right to claim res judicata based on any judgment rendered, but also more broadly stipulate to waive any res judicata or collateral estoppel effect from "an intervening jury verdict, decision, ruling, or judgment[.]" *Id.* Finally, this court finds the multiple claimants effectively distill their claims to the equivalent of a single claim. *See, e.g.*, *Texaco, Inc. v. Williams*, 47 F.3d 765, 768 (5th Cir. 1995) ("Multiple claimants may reduce their claims to the equivalent of a single claim by stipulating to the priority in which their claims will be paid from the limitation fund."). The claimants stipulate that in the event WSR is entitled to limitation, they will not seek to enforce any judgment that would require WSR to pay damages exceeding the amount of the limitation fund and also stipulate regarding the priority of claims against the limitation fund. Am. Stip. at 2; *see also Matter of Cantor Enterprises Inc.*, No. 20-00326, 2021 WL 698201, at *3 (S.D. Cal. Feb. 22, 2021) (finding a similar stipulation adequately protected vessel owner's right to limitation in a multiple claimant situation). The court finds this stipulation sufficiently protects WSR's right to limit its liability and WSR conceded as much during oral argument. *See generally* Am. Stip.; Hr'g Mins. (July 12, 2024).

/////

Accordingly, because this case is effectively governed by the single claimant exception and WSR will suffer no prejudice to its right to limit its liability, the court dissolves the anti-suit injunction it entered most recently. *See* Prior Order (Apr. 30, 2024); *Cf. Newton*, 718 F.2d at 961.

**B.    Abatement**

Next, the court must decide whether to abate all further proceedings in admiralty until the state court action concludes. The litigation sequence—"whether the limitation question must await trial of the liability issue"—"is largely a matter for the district court's discretion under the circumstances of each case" and the court "should select the most efficient manner of proceeding." *Newton*, 718 F.2d at 963; *see also In re Complaint of Epic Cruises, Inc.*, No. 21-08134, 2021 WL 9181840, at *3 (C.D. Cal. Dec. 13, 2021) (noting court is not required to stay limitation proceedings after lifting an injunction). In making its determination, the court should balance the benefits of abatement against the drawbacks, including the prejudice to the party who opposes it. *Cf., e.g.*, *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066–67 (9th Cir. 2007) (discussing analogous test for stays under *Landis v. North American Co.*, 299 U.S. 248 (1936)).

WSR argues this court should refrain from abating any further proceedings. *See generally* Opp'n. To support this position, WSR argues Willis has no right under the common law to pursue her claim in state court and only this court can resolve questions related to limitation. *Id.* at 7–11. Further, WSR argues it is more efficient to resolve the limitation question now. *Id.* at 11. The court addresses each of these arguments in turn.

First, according to WSR, "there is no common law remedy for wrongful death or survival claims." Opp'n at 9. This argument lacks merit. Only a few months ago, the Ninth Circuit weighed in on this precise issue and noted Willis's state-court lawsuit involves "maritime claims over which California state courts have concurrent jurisdiction." *In re Williams Sports Rentals*, 90 F.4th at 1036; *see also Panama R. Co. v. Vasquez*, 271 U.S. 557, 561 (1926) (rejecting the argument that "saving clause refers only to rights recognized by the maritime law as existing in 1789").

/////

10

Second, the court disagrees with WSR's contention that the state court cannot hear overlapping issues related to the limitation proceeding. *See* Opp'n at 3–6. WSR relies on a Second Circuit case, *In re Wood's Petition*, which concluded "the issue of the owners' privity or knowledge must be litigated in the admiralty court, which has exclusive jurisdiction over that issue." 230 F.2d 197, 199 (2d Cir. 1956). However, the underlying action did not involve a single claim situation where, as here, the claimants had stipulated to waive any res judicata or collateral estoppel effect from "an intervening jury verdict, decision, ruling or judgment[.]" *See* Am. Stip. at 2; *Petition of Wood*, 124 F. Supp. 540, 542 (S.D.N.Y. 1954) (finding case not governed by single claimant exception). WSR also cites *Ex Parte Green*, a Supreme Court decision, which determined a petitioner's right to limited liability was brought into question in state court when a claimant raised the question of the vessel owner's privity or knowledge. 286 U.S. 437, 339–440 (1932). However, again, in *Ex Parte Green*, there was no indication the claimant had stipulated to waive any res judicata or collateral estoppel effects. *Id.* at 438 (noting only "[t]he parties stipulated that the vessel was of no greater value than the sum of $5,000"). The court finds these cases distinguishable and unpersuasive.

Further, as Willis admits in reply, even if the state court "were to somehow shed light on the 'privity-and-knowledge' issue," which is implicated in the limitation question, claimants have waived any res judicata and collateral estoppel effects from alternative proceedings. Reply at 11; Am. Stip. at 2. Therefore, allowing claimants to proceed in state court does not undermine WSR's right to have these issues independently evaluated, ultimately, in these admiralty proceedings. *See, e.g.*, *In re Illinois Marine Towing, Inc.*, 498 F.3d 645, 654 (7th Cir. 2007) (rejecting petitioner's argument that state court proceedings could interfere with limitation issues, because claimants had stipulated to waive res judicata); *see also Anderson v. Nadon*, 360 F.2d 53, 59 (9th Cir. 1966) (noting stipulations "appear to afford complete protection to the owner's right to obtain an untrammeled adjudication of the limitation issue in the district court, notwithstanding a prior state suit on the claims").

Finally, the court considers efficiency. According to WSR, there will be "no efficiency gained" by abating the limitation proceedings before this court and abatement would "prejudice

11

1  WSR['s] rights." *See* Opp'n at 2, 11. Such prejudice, it contends, would arise from the further
2  delay in reaching the limitation question and the inconvenience and expense of litigating in
3  Alameda County, where the state court case is proceeding. *Id.* at 11.
4      It is an understatement to say this case has not been a model of efficient litigation.
5  Nonetheless, despite the many years this action has been pending, it is most appropriate at this
6  juncture to abate the admiralty proceedings now and defer ruling on the pending motions before
7  this court. *See Lewis*, 531 U.S. at 455; *see also In re Illinois Marine Towing, Inc.*, 498 F.3d at
8  652 ("[T]he interest of judicial efficiency should not trump the right of claimants to choose their
9  respective fora and the corresponding right to a jury trial that a state proceeding may provide.");
10 *In re Sea Legend LLC*, No. 18-05879, 2019 WL 8889958, at *2 (C.D. Cal. July 1, 2019) (abating
11 admiralty proceedings two weeks before trial in order to protect claimant's rights under the
12 saving-to-suitors clause).
13     While "admiralty practice incorporates the Federal Rules of Civil Procedure[,] which were
14 drafted 'to secure the just, speedy and inexpensive determination of every action,'" *see Newton*,
15 718 F.2d at 963 (quoting Fed. R. Civ. P. 1 and citing Fed. R. Civ. P. Supp. R.A. advisory
16 committee note), the Limitation Act was not created to allow a vessel owner to deprive a tort
17 victim of a jury trial, *see Matter of Energetic Tank, Inc.*, No. 18-1359, 2023 WL 2263035, at *2
18 (S.D.N.Y. Feb. 28, 2023). Here, resolving the limitation question first would permit WSR to turn
19 the Limitation Act into a sword rather than a shield. *See In re Complaint of Cameron Boat*
20 *Rentals, Inc.*, 683 F. Supp. 577, 582 n.6 (W.D. La. 1988) ("The Limitation Act was fashioned by
21 Congress as a shield rather than a sword and courts have repeatedly disapproved its offensive
22 use."). As Petrich notes, the claimants have waived their ability to raise res judicata or collateral
23 estoppel arising from any state court judgment, but nothing appears to prevent WSR from
24 attempting to use this court's decisions offensively in state court. *See* Second Petrich Joinder at
25 3–4; *see e.g.*, *Royal Caribbean Cruises, Ltd. v. Whitefield ex rel. Martinez*, 664 F. Supp. 2d 1270,
26 1277 (S.D. Fla. 2009) (noting findings in admiralty court could be "res judicata to the state court
27 case"); *In re Complaint of Cameron Boat Rentals, Inc.*, 683 F. Supp. at 582 n.6 ("[G]enerally
28 /////

results should not obtain in either forum which would tempt an owner to invoke the Limitation Act solely for preclusive effect in a plaintiff's forum of choice").

Additionally, while the court would prefer not to occasion further delay, this concern is mitigated by the fact that a jury trial is now set to begin this fall in the parallel state court action.[3] Accordingly, for the reasons set forth above, the court abates this action and defers ruling on the pending motions.

## IV. CONCLUSION

The court **dissolves** the narrowed anti-suit injunction at ECF No. 225, **defers** ruling on WSR's pending motions at ECF Nos. 174, 200 and 207 and **abates** all further proceedings in admiralty. Willis's prior motion to lift the anti-suit injunction and abate further proceedings in admiralty at ECF No. 199 is **moot**. The parties are instructed to file a joint status report within **thirty days** of the completion of the state court proceedings informing this court of the outcome and what issues, if any, remain to be resolved in this court.

This order resolves ECF Nos. 199 and 236.

IT IS SO ORDERED.

DATED: July 31, 2024.

CHIEF UNITED STATES DISTRICT JUDGE

[3] Willis requests this court take judicial notice of the fact that in the parallel state court case, *Willis v. Zip, Inc. et al.*, Civ. No. RG17866531, Judge Somnath Raj Chatterjee issued a Case Management Order scheduling a jury trial to begin on November 4, 2024, in Alameda Superior Court. Req., ECF No. 252. Under Federal Rule of Evidence 201, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court may take judicial notice "of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue." *United States v. Black,* 482 F.3d 1035, 1041 (9th Cir. 2007) (internal quotations and citations omitted). Accordingly, the court **grants** Willis's request.